QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Harold A. Barza (Bar No. 80888)
  halbarza@quinnemanuel.com
  Amar L. Thakur (Bar No. 194025)
  amarthakur@quinnemanuel.com
  Vincent Pollmeier (Bar No. 210684)
  vincentpollmeier@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Plaintiff,
Aylus Networks, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Aylus Networks, Inc., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>Apple, Inc., a California corporation<br><br>Defendant. | CASE NO. 3:13-cv-4700<br><br>**COMPLAINT FOR PATENT INFRINGEMENT OF U.S. PATENT NO. RE44,412 E**<br><br>**AND**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Aylus Networks, Inc. ("Aylus"), by and through its undersigned counsel, hereby brings this action for patent infringement against Defendant Apple, Inc. ("Apple" or "Defendant") and, for its complaint herein, alleges as follows:

**THE PARTIES**

1.  Aylus is a privately held corporation based in Westford, Massachusetts. Employing a team of world class scientists, Aylus has pioneered the development of media switch and processing technology, and infrastructure that enables mobile video communication across networks and devices. Aylus' homegrown technology – and the patent-in-suit – are the result of Aylus' own research and development. Aylus' efforts have resulted in numerous inventions protected by United States patents, including the patent at issue in this case.

2.  Upon information and belief, Apple is a corporation organized under the laws of the state of California with its principal place of business at 1 Infinite Loop, Cupertino, California 95014. Upon information and belief, Apple imports into the United States, offers for sale, sells and/or uses in the United States electronic devices, including AppleTVs and Apple Macintosh computers, iPod Touches, iPhones, and iPads that infringe the patent at issue in this case.

**JURISDICTION AND VENUE**

3.  This is an action for patent infringement that seeks damages and injunctive relief. It arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*. This Court has original and exclusive jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4.  This Court has personal jurisdiction over Apple. Among other things, personal jurisdiction is present for the following reasons, each of which is stated upon information and belief: (i) Apple maintains its principal place of business in this District; (ii) Apple has designated an agent for service of process in the state of California; (iii) Apple regularly does and solicits business in this State, and it regularly commences

litigation in and before the courts of this State; and (iv) the claims asserted herein arose, in part, in this State.

5. Venue is proper within this District pursuant to 28 U.S.C. §§ 1391 (b)-(c) and 1400(b), in that Apple is a resident of this State and this District for purposes of the venue provisions of the United States Code, and because acts of infringement of the Asserted Patent have occurred in this District, and Apple has a regular place of business in this District.

6. Because this action is an Intellectual Property Action as specified in Civil L.R. 3-2(c), it is to be assigned on a district-wide basis.

## FACTUAL BACKGROUND

### *Aylus' Intellectual Property*

7. Aylus is a privately-held company based in Westford, Massachusetts.

8. Aylus was founded in 2005 by a world-renowned telecommunications expert, Shamim Naqvi. At the time he founded Aylus, Naqvi was already recognized as a pioneer in computing and communications systems: his earlier work on VoIP, Softswitch technology and cellular Push-to-Talk solutions helped created the mobile communications market we have today.

9. When Aylus was founded, developments in the area of wireless communications, and internet delivery of video content, were just beginning to revolutionize modern telecommunications and media delivery, including the delivery of movies and other video content.

10. Among other things, Aylus has invented a system whereby a user of a computer or mobile device can direct and control video signals from servers located on the internet to be rendered on a display device (e.g., a television).

11. Aylus has obtained a patent for this invention: on March 25, 2010, the United States Patent and Trademark Office issues to Aylus United States Patent No. 7,724,753 ("the '753 patent") entitled "Digital Home Networks Having a Control Point

Located on a Wide Area Network." The '753 patent was reissued on August 6, 2013 as U.S. Patent No. RE44,412 E (hereinafter, "the '753/412 patent"). Aylus is the owner of all right, title and interest in the '753/412 patent, a copy of which is attached hereto as Exhibit A. This patent covers, *inter alia*, a system computer or mobile device that can direct and control video signals from a media server located on the internet to be rendered on a display device, such as a television, that is separate from the computer or mobile device.

### *Apple's Infringement of Aylus' Patents*

12. Apple makes, has made, imports, offers for sale, and/or sells an AppleTV product. The AppleTV product, when connected to a display device, such as a television, enables the rendering of audiovisual media that comes from a media server on a wide area network, such as the internet, on the television or other display device. This includes the display of audiovisual media from Internet services, including, but not limited to, Apple's iTunes Store. According to Apple, "Apple TV with 1080p HD gives you access to the best content — blockbuster movies, TV shows, sports, your music and photos, and more — right on your widescreen TV. You can even play content from your iOS devices on your TV using AirPlay." http://www.apple.com/appletv/

13. Apple makes, has made, imports, offers for sale, and/or sells Apple Macintosh computers, iPod Touches, iPhones, and iPads.

14. AppleTVs and Apple Macintosh computers, iPod Touches, iPhones, and iPads include a version of Apple software AirPlay.

15. Apple's AppleTVs with AirPlay allow Apple Macintosh computers, iPod Touches, iPhones, and iPads to direct audiovisual media from servers located on the Internet, including, but not limited to, the iTunes Store, to an AppleTV to be rendered on a display device. According to Apple, "Apple TV gives you anytime access to endless entertainment. Thousands of HD movies and TV shows from iTunes — many in stunning 1080p — play through Apple TV on your HDTV, and music and photos stream from your computer. You just click and watch. With AirPlay, it's simple to play content from your

iPad, iPhone, or iPod touch on your TV. And finding whatever you're in the mood for — from any AppleTV content provider — is quick and easy thanks to a beautiful and consistent interface." http://www.apple.com/appletv/what-is/. In addition, these devices have the ability to control the media being displayed on the display device.

16. On information and belief, Apple monitors the issuance of patents in the field of the '753/412 patent, and consequently, Apple has had knowledge of the '753/412 patent since at least the time of the patent's issue date. In the alternative, Apple has knowledge of the '753/412 patent since the date of the filing of this Complaint. Despite the issuance of the '753/412 patent, however, Apple has incorporated Aylus' patented technology into its products. Apple has not obtained permission from Aylus to use its patents in the identified products.

## FIRST CLAIM FOR RELIEF

### (Infringement of U.S. Patent No. RE44,412 E)

17. The allegations of paragraphs 1-16 above are hereby re-alleged and incorporated herein by reference.

18. Apple is now and/or has been infringing one or more claims of the '753/412 Patent, literally and/or under the doctrine of equivalents, as proscribed by 35 U.S.C. § 271, *et seq.*, by, without permission or authority from Aylus, importing into the United States, and/or selling, offering to sell, making, and/or using within the United States devices and/or software, and/or components of devices and/or software, embodying the patented invention(s), including AppleTVs, Macintosh computers, iPod Touches, iPhones, and iPads.

19. Upon information and belief, Apple's infringement of the '753/412 patent has been and continues to be intentional, willful, and without regard to Aylus' rights. Upon information and belief, Apple's infringement of the '753/412 patent is and has been intentional, deliberate, and willful at least because it had knowledge of the '753/412 patent

through direct or indirect communications with Aylus, and/or as a result of its monitoring of the issuance of patents in the field of the '753/412 patent.

20. Upon information and belief, Apple has gained profits by virtue of its infringement of the '753/412 patent.

21. Aylus has sustained damages as a direct and proximate result of Apple's infringement of the '753/412 patent.

22. Aylus will suffer and is suffering irreparable harm from Apple's infringement of the '753/412 patent. Aylus has no adequate remedy at law and is entitled to an injunction against Apple's continued infringement of the '753/412 patent. Unless enjoined, Apple will continue its infringing conduct.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Aylus prays for relief as follows:

1. Judgment that Apple has infringed U.S. Patent No. RE44,412 E;

2. A permanent injunction prohibiting Apple and its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them, from further infringement of U.S. Patent No. RE44,412 E;

3. An award of damages for infringement of U.S. Patent No. RE44,412 E in an amount to be determined at trial, including but not limited to compensations for lost profits, loss of sales, price erosion, loss of market share, costs, and prejudgment interest, but in no event less than a reasonable royalty;

4. Additional damages for willful infringement of U.S. Patent No. RE44,412 E in an amount to be determined at trial;

5. Judgment that this is an exceptional case under 35 U.S.C. § 285 and awarding Aylus its reasonable attorneys' fees; and

6. Such other and further relief as the Court deems just and proper.

DATED: October 9, 2013       QUINN EMANUEL URQUHART &
                             SULLIVAN, LLP


                             By */s/ Harold A. Barza*
                                Harold A. Barza
                                Attorneys for Aylus Networks, Inc.

## **DEMAND FOR JURY TRIAL**

In accordance with Federal Rule of Civil Procedure 38(b), Plaintiff Aylus Networks, Inc. hereby demands a jury trial on all issues triable of right by a jury.

DATED: October 9, 2013          QUINN EMANUEL URQUHART & SULLIVAN, LLP


By */s/ Harold A. Barza*
   Harold A. Barza
   Attorneys for Plaintiff,
   Aylus Networks, Inc.