| | |
|---|---|
| QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>  Harold A. Barza (Bar No. 80888)<br>  halbarza@quinnemanuel.com<br>  Amar L. Thakur (Bar No. 194025)<br>  amarthakur@quinnemanuel.com<br>  Vincent Pollmeier (Bar No. 210684)<br>  vincentpollmeier@quinnemanuel.com<br>865 South Figueroa Street, 10th Floor<br>Los Angeles, California 90017-2543<br>Telephone:     (213) 443-3000<br>Facsimile:      (213) 443-3100<br><br>QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>  William O. Cooper (Bar No. 279385)<br>  willcooper@quinnemanuel.com<br>50 California Street, 22nd Floor<br>San Francisco, California 94111<br>Telephone:     (415) 875-6600<br>Facsimile:      (415) 875-6700<br><br>Attorneys for Plaintiff,<br>Aylus Networks, Inc. | MARK D. FOWLER, Bar No. 124235<br>mark.fowler@dlapiper.com<br>CHRISTINE K. CORBETT, Bar No. 209128<br>christine.corbett@dlapiper.com<br>ROBERT BUERGI, Bar No. 242910<br>robert.buergi@dlapiper.com<br>ERIK R. FUEHRER, Bar No. 252578<br>erik.fuehrer@dlapiper.com<br>JONATHAN HICKS, Bar No. 274634<br>jonathan.hicks@dlapiper.com<br>**DLA PIPER LLP (US)**<br>2000 University Avenue<br>East Palo Alto, CA 94303-2214<br>Telephone: 650.833.2000<br>Facsimile: 650.833.2001<br><br>ROBERT WILLIAMS, Bar No. 246990<br>robert.williams@dlapiper.com<br>**DLA PIPER LLP (US)**<br>401 B Street, Suite 1700<br>San Diego, CA 92101-4297<br>Telephone: (619) 699-2700<br>Facsimile: (619) 699-2701<br><br>Attorneys for Defendant<br>APPLE INC. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Aylus Networks, Inc., a Delaware corporation,<br><br>        Plaintiff,<br><br>    vs.<br><br>Apple Inc., a California corporation<br><br>        Defendant. | CASE NO. 3:13-cv-4700-EMC<br><br>**JOINT CASE MANAGEMENT STATEMENT [LOCAL RULE 16-9] AND FED. R. CIV. P. 26(f) REPORT [PROPOSED] ORDER**<br><br>**Date: February 13, 2014**<br>**Time: 9:00 a.m.**<br>**Judge: Edward M. Chen**<br>**Courtroom: 5, 17th floor** |

Pursuant to the Civil Local Rules, the Patent Local Rules, and the Order Setting Initial Case Management Conference in Civil Cases Before Judge Edward Chen (Dkt No. 15), plaintiff Aylus Networks, Inc., ("Aylus") and defendant Apple Inc. ("Apple") submit

this Joint Case Management Statement and Fed. R. Civ. P. 26(f) Report in anticipation of the Case Management Conference scheduled for February 13, 2014 at 9:00 a.m., Courtroom 5, 17th Floor, 450 Golden Gate Ave., San Francisco, California, before the Honorable Edward Chen. Each party certifies that its lead trial counsel have met and conferred for the preparation of this Statement as required by Civil Local Rule 16-3. The parties make the following representations and proposals:

**1.** **<u>JURISDICTION AND SERVICE</u>:** This is an action for patent infringement arising under Title 35 of the United States Code. Accordingly, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a). No party contests personal jurisdiction, and there is no dispute regarding the service of process.

**2.** **<u>STATEMENT OF FACTS</u>:** Aylus is a privately held corporation based in Westford, Massachusetts. On March 25, 2010, the United States Patent and Trademark Office issued to Aylus U.S. Patent No. 7,724,753 ("the '753 patent") entitled "Digital Home Networks Having a Control Point Located on a Wide Area Network." The '753 patent was reissued on August 6, 2013 as U.S. Patent No. RE 44,412 (hereinafter the '753/412 patent"). Aylus asserts that the patent covers, *inter alia*, a mobile device that can direct and control video signals from a media server located on the internet to be rendered on a display device, that is separate from the mobile device. Aylus alleges that it is the owner of all right, title, and interest the '753/412 patent, with full and exclusive right to bring suit to enforce the '753/412 patent.

On October 9, 2013, Aylus filed a complaint (the "Complaint") against Apple alleging infringement of the '753/412 patent in the Northern District of California (Case No. 3:13-cv-04700 EMC, the "Litigation"). On January 27, 2014 Aylus filed a First Amended Complaint (the "First Amended Complaint").

Aylus specifically alleges in its First Amended Complaint, without limitation, that Apple directly and indirectly infringes claims of the '753/412 patent literally and/or under

the Doctrine of Equivalents by making, selling, distributing, and causing its customers to use iPod Touches, iPhones, and iPads to direct audiovisual media from servers located on the Internet, including, but not limited to, the iTunes stores, to be rendered by an AppleTV. The First Amended Complaint also alleges that Apple's infringement has been, and continues to be, willful. Aylus alleges that Apple had knowledge of the '753/412 patent since at least the issuance date of the patent.

On January 6, 2014, Apple filed an answer denying the material allegations of the Complaint and asserting a number of affirmative defenses. Apple denies infringing the claims of the '753/412 patent and alleges that the claims of the '753/412 patent are invalid. (Dkt No. 20).

### 3. FACTUAL AND LEGAL ISSUES:

The parties dispute the following factual issues:

a) Whether Apple infringes any claim of the '753/412 patent and whether such infringement was or is willful;

b) Whether the asserted claims of the '753/412 patent are invalid;

c) Whether Aylus's claims are barred, in whole or part, by one or more of the defenses advanced by Apple; and

d) If one or more of the claims of the '753/412 patent is held to be valid and infringed, the amount of damages or reasonable royalty, if any, to be awarded to Aylus.

The parties dispute the following legal issues:

a) Whether any disputed claim term of the '753/412 patent should be construed;

b) Whether Apple has directly or indirectly infringed any claims of the '753/412 patent in violation of 35 U.S.C. § 271, literally or under the doctrine of equivalents;

c) Whether or not Aylus's damages are limited under 35 U.S.C. § 287;

d) Whether the case is "exceptional" within the meaning of 35 U.S.C. § 285, entitling either side to reasonable attorneys' fees;

e) To the extent Apple is found to be infringing, whether the infringement is willful; and

f) In the event that the '753/412 patent is found not infringed and/or invalid, the relief, if any, to be awarded to Apple.

**4. MOTIONS:** There are no pending motions. The parties do not anticipate filing any motions in the early stages of the proceeding, but the parties anticipate that once the Court issues a claim construction ruling, the parties may file dispositive motions.

**5. AMENDMENT OF PLEADINGS:** Aylus served its First Amended Complaint on January 27, 2014, which was the deadline for amending the Complaint without leave of Court. Apple will serve its response to the Amended Complaint on February 13, 2014. The parties' investigation into facts underlying or impacting their claims and defenses are ongoing, and they may seek to amend their pleadings based on the information that they discover.

**6. EVIDENCE PRESERVATION:** The parties certify that they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps that should be taken to preserve evidence relevant to the issues reasonably evident in this case. Further, each party asserts that it has taken reasonable steps to preserve evidence relevant to the issues reasonably evident in this action.

**7. DISCLOSURES:** The parties agreed to exchange initial disclosures as required under Fed. R. Civ. P. 26(a)(1) on or before March 12, 2014. Each party reserves its right to amend and supplement such disclosures as discovery progresses.

**8. DISCOVERY:** The schedule proposed in Exhibit A addresses discovery deadlines:

    **a. Disclosures already completed:**

No discovery has been taken or served to date. Pursuant to the Federal Rules of Civil Procedure and the Patent Rules for the Northern District of California, Aylus will produce the documents required to be produced with its Disclosure of Asserted Claims and Infringement Contentions pursuant to P.R. 3-2 on March 20, 2014. Apple will produce to Aylus the documents required to be produced with their Invalidity Contentions pursuant to P.R. 3-4 on May 8, 2014.

    **b. Subjects on which discovery may be needed:**

The parties believe that discovery is needed on the following topics .
a) The accused products and the alleged infringement of the '753/412 patent;
b) The validity and/or enforceability of the claims of the '753/412 patent, including the secondary indicia of obviousness;
c) Claim construction;
d) Prior art to the '753/412 patent;
e) Apple's affirmative defenses; and
g) Damages.

### c. Any issues about disclosure or discovery of electronically stored information:

The parties agree that they: (i) need not preserve voice or text messages, instant messages, or voicemail; and (ii) will use client identifiers and/or Bates stamping to designate their respective clients' documents produced in the course of discovery.

Aylus proposes that: (i) each party shall promptly provide complete responses to the other party's interrogatories and complete production of documents and materials in response to the other party's requests for production; and (ii) each party agrees to provide complete responses to the other party's interrogatories and complete production of documents and materials in response to the other party's requests for production at least thirty (30) days prior to fact discovery cut-off for any interrogatories and/or requests for production that were served sixty (60) days or more before the fact discovery cut-off unless the failure to provide a complete response to an interrogatory or complete production of documents and materials is based on a permissible objection (e.g., vague, overbroad, unduly burdensome, privilege, etc.).

### d. Modifications to limitations on discovery:

The parties agree to serve interrogatories, document requests, deposition notices, request for admissions, and the responses thereto, on each other via email (hardcopies to follow by mail, if requested). The Parties further agree that service of a complete copy of

these documents via email on or before midnight shall count as same day service. Additionally, the parties propose the following limitations:

    a)      25 interrogatories per party;

    b)      50 requests for admissions per party plus unlimited requests for admissions for document authentication, the depositions of the parties, depositions on written questions of custodians of business records for third parties;

    c)      The parties agree to a limit of 7 fact witness depositions per side without leave of Court and a limit of 7 hours per individual deposition. Any request for a deposition that would result in more than 7 depositions being taken shall be by Court Order pursuant to Fed. R. Civ. P. 30(a)(2). The parties further agree that expert depositions will <u>not</u> count toward these limits.

    d)      The parties agree to a limit of 28 hours of Fed. R. Civ. P. 30(b)(6) deposition per side without leave of Court. If a witness is designated as a Rule 30(b)(6) witness and also has been previously noticed for deposition in this case as a Rule 30(b)(1) witness, the parties agree that they will make good faith efforts to ensure that any Rule 30(b)(1) deposition of that witness will occur at a date that is consecutive with the Rule 30(b)(6) deposition date. The parties further agree that regardless of the timing of a Rule 30(b)(1) deposition notice, the total deposition time for a witness who is deposed as both a Rule 30(b)(1) and a Rule 30(b)(6) witness will be limited to 12 hours (7 hours of Rule 30(b)(6) deposition and 5 hours of individual deposition); and

    e)      The parties agree that each side may take up to seven (7) hours of deposition testimony of each expert identified by an adverse party for each report provided. Notwithstanding the foregoing, if any party identifies a single expert to provide a report related to both infringement and validity, the seven (7) hour limit shall be expanded to fourteen (14) hours.

    **e.     Protective Order:**

The parties will meet and confer in an attempt to reach an agreed upon proposed Stipulated Protective Order to be submitted to the Court on or before February 12, 2014. If

an agreed order cannot be submitted because the parties have disputes as to one or more provisions, then the parties will seek the Court's guidance as to how to proceed with resolving this dispute at the February 13, 2014, Case Management Conference.

### f. Claims of Privilege and Work Product:

The parties agree that the inadvertent production or disclosure of privileged or otherwise protected materials shall not be deemed per se a waiver or impairment of any claim of privilege or protection. Fed. R. Civ. P. 26(b)(5)(B) shall govern the procedures for assertion of privilege on inadvertently produced privileged documents, with the modification that inadvertently produced documents must be returned or destroyed (rather than sequestered) upon notification by the other party.

The parties have agreed to exchange privilege logs within 30 days after the time of production of documents responsive to document requests to the extent the producing party is withholding information otherwise discoverable by claiming privilege pursuant to Fed. R. Civ. P. 26(b)(5)(A), subject to later supplementation as necessary. If the date for the production of documents responsive to document requests is within the last 30 days of fact discovery, then the privilege log will be served at the same time as the production of documents.

The parties have agreed that no party shall be obligated to log privileged and/or work product documents created after October 9, 2013 when the Complaint in this matter was filed.

### g. Phasing of Discovery:

The parties do not believe that discovery should be phased except to the extent that fact discovery should be completed before expert reports are due and expert discovery commences.

### h. Expert Reports:

The parties agree to exclude the following three categories of documents and things from expert discovery: (a) drafts of expert reports and expert declarations; (b) written or

oral communications between a retained expert and the attorneys of the party retaining the expert relating to the subject of the expert's retention in this case, including the preparation of expert reports, expert declarations and trial testimony; and (c) all notes, memoranda and other writings prepared by an expert in connection with the expert witness' engagement for this case, except to the extent that the expert consults them while testifying at a deposition or at trial. Notwithstanding the above, the following shall not be excluded from discovery: (a) testimony pertaining to a testifying expert's compensation; (b) facts or data that the attorney or any other individual provided and that the testifying expert relied upon in forming opinions; (c) assumptions that the attorney provided and that the testifying expert relied on.

### i. ESI and Form of Production:

The parties are discussing the production of ESI materials and will submit a separate ESI stipulation and proposed order to the Court on or before February 12, 2014 if an agreement can be reached by then. If an agreed order cannot be submitted because the parties have disputes as to one or more provisions, then the parties will seek the Court's guidance as to how to proceed with resolving this dispute at the February 13 2014, Case Management Conference.

### j. Email Service Agreement:

The parties have agreed to accept service of discovery requests, discovery responses, expert reports and other documents that are not served through the Court's ECF system (for example, sealed pleadings) by e-mail. Hard copies will be provided by overnight mail upon request by the receiving party. Service by e-mail will be treated as service by hand delivery. Where voluminous documents are not amenable to e-mail transmission, the parties further agree to accept service by other reasonable electronic means, such as by an e-mail providing access to the documents on an ftp site or through other online services, so long as the sender provides instructions on how to access the documents.

The parties further agree that a document is deemed served on a particular day if it (or an email providing access to it) is received by midnight PST on that calendar day (provided that the sender does not receive any indication that the e-mail transmission was unsuccessful); otherwise it is deemed served on the next business day.

The parties will meet and confer regarding service lists, but in the absence of any additional agreement, the parties will serve counsel of record who are deemed to have consented to electronic service.

### k. Other orders:

Other than the aforementioned, at the present time, the parties do not request any other orders under Rule 26(c) or under Rule 16(b) and (c).

### l. Status of discovery:

To date, neither party has served any discovery on the other party. The parties agree that they will not serve initial sets of discovery requests earlier than February 11, 2014.

**9. CLASS ACTION:** This is not a class action.

**10. RELATED CASES:** Three are no related cases.

**11. RELIEF:** Aylus requests entry of judgment against Apple granting relief as follows: (a) Determining Apple to be liable to Aylus for patent infringement of the '753/412 patent; (b) Awarding Aylus damages adequate to compensate for the infringement; (c) Determining that Apple was willful in the infringement of the '753/412 patent; (d) Increasing the damages up to three times, under authority of 35 U.S.C. §284, second paragraph; (e) Permanently enjoining Apple, its officers, agents, servants, employees, and attorneys, and those persons acting in concert or participation with Apple, from further infringement of the '753/412 patent; (f) Determining that this is an exceptional case under 35 U.S.C. § 285 and awarding Aylus its reasonable attorney fees, costs, and expenses; and (g) Granting prejudgment and post judgment interest and such other and further relief as the Court may find just and equitable.

Apple denies that any accused product infringes any valid claim of the '412 patent and seeks judgment in its favor. Apple denies Aylus's allegation that Apple willfully infringed or infringes the '753/412 patent. Apple denies that Aylus is entitled to injunctive or monetary relief. Apple seeks a determination that this case is exceptional under 35 U.S.C. § 285 and an award to Apple of its attorneys' fees, costs, and expenses in connection with this action.

**12. SETTLEMENT AND ADR:** The parties have not participated in any formal ADR procedure. The parties agree that Court-assisted mediation is appropriate. The parties have selected private mediation to occur within 45 days after the Court issues its *Markman* order with a mediator to be agreed upon by the parties.

**13. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES:** All parties do not consent to having a magistrate judge conduct all further proceedings, including trial and entry of judgment.

**14. OTHER REFERENCES:** The parties do not believe that this case is suitable for reference to arbitration or a special master.

**15. NARROWING OF ISSUES:** The parties hereby agree as follows:

Attorney-client privileged materials communicated between counsel and client after the filing of this lawsuit and/or work product materials generated after the filing of this lawsuit need not be included on a privilege log. Oral and written communications between an expert witness for any party or parties and the party or parties, their attorneys or representatives employing such expert that are made in connection with the expert witness's engagement for this case will not be discoverable, except to the extent that the expert considers them for his opinions or they constitute such expert's fee agreement or terms of retention in this matter. Drafts of a report of an expert witness for a party or parties that are prepared in connection with the expert witness's engagement for this case will not be discoverable. The parties are not currently aware of any further issues that can be narrowed by agreement or by motion.

**16. EXPEDITED TRIAL PROCEDURE:** This case is not suitable for handling on an expedited basis with streamlined procedures.

**17. SCHEDULING:** The parties have attached a proposed schedule identifying dates upon which the parties agree and dates upon which the parties disagree as Exhibit A. Apple proposes that the remaining case schedule be set at a further case management conference following the issuance of the Court's *Markman* order.

**18. TRIAL:** This matter is to be tried by a jury, and the parties expect the trial to last nine days.

**19. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS:**

Pursuant to Civil L.R. 3-16, the parties, by their undersigned counsel, identify the following Interested Entities or Persons as follows:

There is no parent corporation of Aylus or publicly held corporation that is the beneficial owner of more than ten percent (10%) of Aylus's common stock. Pursuant to Civil L.R. 3-16, Aylus and Aylus's undersigned counsel of record certify that as of this date, other than the named parties, there is no such interest to report.

There are no persons, firms, partnerships, corporations (including parent corporations) or other entities known by Apple to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

**20. OTHER:** Except as noted above, the parties are unaware of other matters that may facilitate the just, speedy and inexpensive disposition of this matter.

**21. PATENT LOCAL RULES ISSUES:**

**(1) Proposed Modification of the Obligations or Deadlines Set Forth in the Patent Local Rules:** The parties have attached a proposed schedule as Exhibit A identifying dates upon which the parties agree, including patent related deadlines.

1     **(2)     Scope and Timing of Claim Construction Discovery:** The parties will meet and confer regarding any necessary claim construction discovery as the case progresses.

    **(3)     Technology Tutorial and Claim Construction Hearing:** The parties believe that it is premature to address whether live testimony should be heard at the claim construction hearing, the order of presentation, or the scheduling of a claim construction and pre-hearing conference at this time. The parties will discuss these issues with each other as discovery proceeds and will make a joint proposal to the Court concerning the logistics for the Markman hearing.

Dated: February 6, 2014            QUINN EMANUEL URQUHART & SULLIVAN, LLP


By: /s/ Harold A. Barza
    HAROLD A. BARZA
    Attorneys for Plaintiff,
    Aylus Networks, Inc


Dated: February 6, 2014            DLA PIPER LLP (US)


By: /s/ Mark D. Fowler
    MARK D. FOWLER
    CHRISTINE K. CORBETT
    ROBERT BUERGI
    ROBERT WILLIAMS
    ERIK R. FUEHRER
    JONATHAN HICKS
    Attorneys for Defendant
    Apple Inc.

## [PROPOSED] CASE MANAGEMENT ORDER

The above JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] PRE-TRIAL SCHEDULING ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

DATED: _____

Hon. Edward M. Chen
United States District Judge

# **EXHIBIT A**

| Action | Plaintiff's Proposal | Defendant's Proposal | Joint-Proposal |
|---|---|---|---|
| Initial Disclosures | | | March 12, 2014 |
| P.R. 3-1: Infringement Contentions | | | March 20, 2014 |
| P.R. 3-2: Document Production Accompanying Infringement Contentions | | | March 20, 2014 |
| P.R. 3-3: Invalidity Contentions | | | May 8, 2014 |
| P.R. 3-4: Document Production Accompanying Invalidity Contentions | | | May 8, 2014 |
| P.R. 4-1: Exchange Proposed Terms and Claim Elements for Construction | | | June 12, 2014 |
| P.R. 4-2: Exchange Preliminary Claim Constructions and Extrinsic Evidence | | | July 3, 2014 |
| P.R. 4-3: File Joint Claim Construction and Pre-hearing Statement | | | July 28, 2014 |
| P.R. 4-4: Completion of Claim Construction Discovery | | | August 28, 2014 |
| P.R. 4-5(a): Opening Claim Construction Brief | | | September 11, 2014 |
| P.R. 4-5(b): Responsive Claim Construction Brief | | | September 25, 2014 |
| P.R. 4-5(c): Reply Claim Construction Brief | | | October 2, 2014 |
| Technology Tutorial | | | October 13, 2014 or a date to be determined based on the Court's availability |
| P.R. 4.6: Claim Construction Hearing | | | October 27, 2014 or a date to be determined based on the Court's availability |
| If needed, Advice of Counsel disclosures under Patent L.R. 3-7 | | | 50 days after claim construction order |

| Action | Plaintiff's Proposal | Defendant's Proposal | Joint-Proposal |
|---|---|---|---|
| Mediation[1] | | | 45 days after the Court issues its claim construction order |
| Last day to identify expert witnesses | | | 60 days after claim construction order |
| Fact Discovery Close | | | December 19, 2014 or 60 days after claim construction ruling, whichever is later |
| Opening Expert Reports | | | 45 days after the close of fact discovery |
| Rebuttal Expert Reports | | | 30 days after opening expert reports |
| Deadline For Expert Discovery | | | 14 days after rebuttal expert reports |
| Deadline For Filing Dispositive Motions and Daubert Motions | | | 14 days after deadline for expert discovery |
| Deadline For Responding To Dispositive Motions and Daubert Motions | | | 14 days after opening dispositive/Daubert motions |
| Deadline for Replies To Dispositive Motions and Daubert Motions | | | 7 days after Response to Dispositive Motions and Daubert Motions |
| Hearing on dispositive motions | | | 35 days after filing of |

---

[1] Apple proposes that the remaining case schedule be set at a further case management conference following the issuance of the Court's *Markman* order. Nevertheless, if the Court concludes that the remaining case schedule should be set at this time, Apple proposes the following dates.

| Action | Plaintiff's Proposal | Defendant's Proposal | Joint-Proposal |
|---|---|---|---|
| | | | dispositive motions or a date to |
| Due date to submit notice of request for daily transcript or real time reporting of court proceedings | | | 45 days before trial |
| Deadline for parties to Exchange Information for Joint Pre-Trial Order, Including Exhibit Lists and Jury Instructions | | | 45 days before trial |
| Deadline to Identify Trial Witnesses | | | 30 days before trial |
| Deadline for Joint Pre-Trial Order and Joint Proposed Jury Instructions and Verdict Form | | | 30 days before trial |
| Deadline to Object To Trial Witnesses | | | 21 days before trial |
| Deadline for Motions in Limine | | | 21 days before trial |
| Pretrial Conference | | | Based on Court's availability |
| Deadline for Parties to Submit Joint Jury Questionnaire, if Desired | | | 3 days before trial |
| Jury Selection | August 2015, or as determined by Court | Based on Court's availability | |
| Trial | August 2015, or as determined by Court | Based on Court's availability | |

## **ATTESTATION CLAUSE**

I, William O. Cooper, am the ECF User whose identification and password are being used to file this Joint Case Management Statement and Rule 26(f) Report and [Proposed] Order. In compliance with Civil Rule 5-1(i)(3), I hereby attest that Mark D. Fowler has concurred in this filing.

Dated: February 6, 2014
                                          QUINN EMANUEL URQUHART & SULLIVAN, LLP

                                          By: /s/ William O. Cooper
                                               WILLIAM O. COOPER
                                               Attorneys for Plaintiff,
                                               Aylus Networks, Inc

05010.00001/5750686.1

-17-

JOINT CASE MANAGEMENT STATEMENT