1  MARK D. FOWLER, Bar No. 124235
   mark.fowler@dlapiper.com
2  CHRISTINE K. CORBETT, Bar No. 209128
   christine.corbett@dlapiper.com
3  ROBERT BUERGI, Bar No. 242910
   robert.buergi@dlapiper.com
4  ERIK R. FUEHRER, Bar No. 252578
   erik.fuehrer@dlapiper.com
5  **DLA PIPER LLP (US)**
   2000 University Avenue
6  East Palo Alto, CA  94303-2214
   Telephone:  650.833.2000
7  Facsimile:  650.833.2001

8  ROBERT WILLIAMS, Bar No. 246990
   robert.williams@dlapiper.com
9  **DLA PIPER LLP (US)**
   401 B Street, Suite 1700
10 San Diego, CA  92101-4297
   Telephone:  (619) 699-2700
11 Facsimile:   (619) 699-2701

12 Attorneys for Defendant
   APPLE INC.

13

14                  UNITED STATES DISTRICT COURT

15                NORTHERN DISTRICT OF CALIFORNIA

16                   SAN FRANCISCO DIVISION

17

18 AYLUS NETWORKS, INC.,                CASE NO.  3:13-cv-04700-EMC

19              Plaintiff,              **APPLE INC.'S NOTICE OF MOTION AND
                                        MOTION TO DISMISS AYLUS'S FIRST**
20 v.                                   **AMENDED COMPLAINT FOR FAILURE
                                        TO STATE A CLAIM, OR, IN THE**
21 APPLE INC.,                          **ALTERNATIVE, MOTION FOR A MORE
                                        DEFINITE STATEMENT;**
22              Defendant.              **MEMORANDUM OF POINTS AND
                                        AUTHORITIES IN SUPPORT THEREOF**
23
                                        Hearing Date:  March 20, 2014
24                                      Time: 1:30 p.m.
                                        Dept: Courtroom 5 – 17th Floor
25

26

27

28

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ................................................................................................ 2

II.    STATEMENT OF FACTS .................................................................................. 3

III.    ARGUMENT ....................................................................................................... 3

    A.    Aylus Fails To State A Plausible Claim Of Willful Infringement ......................... 3

    B.    In The Alternative, Aylus Should Be Required To Provide A More Definite Statement Of These Claims ...................................................................................... 6

IV.    CONCLUSION .................................................................................................... 7

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Am. Original Corp. v. Jenkins Food Corp.*,
774 F.2d 459 (Fed. Cir. 1985)...............................................................................6

*Ashcroft v. Iqbal*,
129 S.Ct. 1937 (2009)................................................................................2, 4, 5

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007).......................................................................................2, 4

*Conopco, Inc. v. May Department Stores Co.*,
46 F.3d 1556 (Fed. Cir. 1994).............................................................................6

*EON Corp. IP Holdings, LLC, v. Sensus USA, Inc.*,
2012 WL 4514138 (N.D. Cal. Oct. 1, 2012)......................................................4, 5

*In re Seagate Tech., LLC*,
497 F.3d 1360 (Fed. Cir. 2007) (en banc)..............................................................4

*LML Holdings, Inc. v. Pac. Coast Distributing, Inc. et al.*,
Case No. 11–CV–06173 YGR, 2012 WL 1965878 (N.D. Cal. May 30, 2012) ..................4, 6

*MONEC Holding AG v. Motorola Mobility, Inc.*,
897 F. Supp. 2d 225 (D. Del. 2012) ....................................................................5

*Patent Category Corp. v. Worldwide Creations*,
2007 WL 2667428 ..........................................................................................7

*State Indus., Inc. v. A.O. Smith Corp.*,
751 F.2d 1226 (Fed. Cir. 1985)............................................................................6

*Swierkiewicz v. Sorema NA.*,
534 U.S. 506 (2002) .........................................................................................6

*Tech. Licensing Corp. v. Technicolor USA, Inc.*,
2010 WL 4070208 (E.D. Cal. Oct. 18, 2010) ........................................................4

**OTHER AUTHORITIES**

Fed. R. Civ. P. 8(a)(2) ......................................................................................3

Fed. R. Civ. Proc. 12(b)(6) .........................................................................1, 2, 7

Fed. R. Civ. Proc. 12(e) ...........................................................................1, 2, 3, 6

## NOTICE OF MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD: PLEASE TAKE NOTICE that on March 20, 2014 at 1:30 p.m., or as soon thereafter as this matter may be heard, in Courtroom 5, of this Court, located at 450 Golden Gate Avenue, 17th floor, San Francisco, CA 94102, Defendant Apple Inc. ("Apple"), will move for an order dismissing Plaintiff's willfulness allegations in its First Amended Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, or in the alternative, for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e).

This motion is made pursuant to Rules 8, 12(b)(6) and 12(e) of the Federal Rules of Civil Procedure and is based on the grounds that the First Amended Complaint fails to state a claim for willful infringement upon which relief can be granted and fails to state facts sufficient to provide a statement showing Plaintiff is entitled to relief. Specifically, Plaintiff fails to plausibly plead a claim of willful infringement.

This motion is based on this Notice of Motion, the attached memorandum of points and authorities in support thereof, the pleadings and documents on file in this case, and such other evidence and argument as may be presented at the hearing on this motion.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF APPLE INC.'S MOTION TO
DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant Apple moves this Court, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss the willful infringement allegations filed against it by Plaintiff Aylus Networks, Inc. ("Aylus") for failure to state a claim upon which relief can be granted. Alternatively, if the Court declines to dismiss Aylus's willful infringement claims, Apple seeks a more definite statement of these claims, pursuant to Federal Rule of Civil Procedure 12(e).

## STATEMENT OF ISSUES TO BE DECIDED

Should Plaintiff Aylus's claim of willful infringement be dismissed under Rule 12(b)(6) because it fails to properly plead the required elements of willful infringement or, in the alternative, should Aylus be required to provide a more definite statement as to its willful infringement allegations pursuant to Rule 12(e)?

## I. INTRODUCTION

Aylus's First Amended Complaint fails to meet the pleading standards articulated by the Supreme Court in *Bell Atlantic v. Twombly* and *Ashcroft v. Iqbal* with respect to Aylus's willful infringement allegations. Indeed, Aylus fails to satisfy any of the pleading requirements regarding its allegations of willful infringement because Aylus's First Amended Complaint does not allege the necessary facts of the required elements of a willfulness claim.

Aylus's pleading deficiency also masks a greater, fundamental problem— Aylus had no good-faith basis to plead willful infringement prior to the filing of its original complaint. Claims of willful infringement require, at a minimum, that the defendant has knowledge of the patent-in-suit and infringement prior to filing the lawsuit. Aylus did not plead any facts sufficient to establish pre-filing knowledge by Apple.

As such, Aylus's willful infringement claim is ripe for dismissal. Apple respectfully requests that the Court dismiss Aylus's willful infringement claim pursuant to Federal Rule of Civil Procedure 12(b)(6). In the alternative, Apple requests that Aylus be ordered to provide a more definite statement of these claims under Federal Rule of Civil Procedure 12(e). The willful infringement allegations are so vague and conclusory as to prevent Apple from preparing a

meaningful defense.

## II.   STATEMENT OF FACTS

On October 9, 2013, Aylus filed a complaint (the "Complaint") against Apple alleging infringement of U.S. Patent No. RE 44,412 (the "'412 patent"). Dkt. No. 1. On January 6, 2014, Apple filed an answer denying the material allegations of the Complaint and asserting a number of affirmative defenses. Dkt. No. 20.

On January 27, 2014, Aylus filed a First Amended Complaint ("First Amended Complaint") that is the subject of this motion. Dkt. No. 26. That First Amended Complaint consists of the following allegations regarding Apple's alleged willful infringement:

- "On information and belief, Apple monitors the issuance of patents in the field of the '753/412 patent, and consequently, Apple has had knowledge of the '753/412 patent since at least the time of the patent's issue date." Dkt. No. 26, ¶18.

- "On information and belief, Apple employee Rob Orgel has knowledge of the '753/412 patent and/or patent application since at least June 2007. Mr. Orgel is an attorney who received his JD from Harvard Law school. From June 2007 through mid-2008, he was Aylus' Chief Operating Officer. Mr. Orgel has worked at Apple since January 2010." Dkt. No. 26, ¶19.

- "Apple has knowledge of the '753/412 patent since the date of the filing of this Complaint." Dkt. No. 26, ¶20.

- Reference to a letter allegedly sent to Apple's Senior Vice President and General Counsel on October 9, 2013, the same day that Aylus filed its original Complaint, claiming that Apple infringes the '412 patent. Dkt. No. 26, ¶21.

In the fourth paragraph of Aylus's Prayer for Relief, Aylus claims that it is entitled to additional damages. Dkt. No. 26, Prayer for Relief, ¶4.

## III.   ARGUMENT

### A.   Aylus Fails To State A Plausible Claim Of Willful Infringement

Aylus's conclusory allegations of willful infringement fail to state a claim. To satisfy minimal pleading requirements, Aylus must plead "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to

dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its Complaint.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1940, (2009) (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)); *see Tech. Licensing Corp. v. Technicolor USA, Inc.,* 2010 WL 4070208, at *1 (E.D. Cal. Oct. 18, 2010) (quoting *Iqbal,* 129 S.Ct. at 1940). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal,* 129 S.Ct. at 1950. These *Iqbal/Twombly* pleading requirements apply to claims of willful infringement.

In order to establish willful infringement, Aylus must prove by clear and convincing evidence that Apple acted with "objective recklessness." Not only must there be proof of an objectively high likelihood of infringement of a valid patent, but there must also be proof that this risk was either known, or so obvious that it should have been known, to the infringer. *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007) (en banc). This "objective recklessness" must occur ***before*** the complaint is filed and an allegation of post-filing patent awareness is not sufficient to even state a claim for willfulness, let alone survive a motion to dismiss. *See EON Corp. IP Holdings, LLC, v. Sensus USA, Inc.*, 2012 WL 4514138, *1 (N.D. Cal. Oct. 1, 2012) (citing *Seagate*, 497 F.3d at 1374).

A preliminary injunction generally provides an adequate remedy to combat an accused infringer's post-filing willful infringement. *Seagate*, 497 F.3d at 1372. "A patentee who does not attempt to stop an accused infringer's activities [by moving for a preliminary injunction] should not be allowed to accrue enhanced damages based solely on the infringer's post-filing conduct." *LML Holdings, Inc. v. Pac. Coast Distributing, Inc. et al.*, Case No. 11–CV–06173 YGR, 2012 WL 1965878, *5 (N.D. Cal. May 30, 2012).

To the extent that Aylus's First Amended Complaint purports to assert a claim against Apple for willful infringement, that claim fails to state facts sufficient to show Plaintiff is entitled to relief. Here, Aylus fails to meet the pleading threshold because it only sets forth conclusory or legally insufficient allegations relating to its willful infringement claim, none of which state a plausible claim that Apple acted with objective recklessness.

First, Aylus's allegation that Apple has had "knowledge of the '753/412 patent since the

date of the filing of this Complaint" is legally insufficient on its face since mere allegations of post-filing knowledge are insufficient to plead willful infringement. Dkt. No. 26, ¶20; *EON Corp. IP Holdings, LLC*, 2012 WL 4514138, at *1.

Second, Aylus alleges that it sent a letter to Apple's Senior Vice President and General Counsel on October 9, 2013, claiming that Apple infringes the '412 patent. Dkt. No. 26, ¶21. This too constitutes post-filing conduct that is insufficient to establish a claim for willful infringement because Aylus sent the letter to Apple the ***same day*** that it filed its original complaint in this case. Dkt. No. 26, ¶20; *see EON Corp. IP Holdings, LLC*, 2012 WL 4514138, at *1.

Third, Aylus's allegations that "[o]n information and belief, Apple monitors the issuance of patents in the field of the '753/412 patent, and consequently, Apple has had knowledge of the '753/412 patent since at least the time of the patent's issue date" are far too conclusory to constitute a fact sufficient to show Aylus is entitled to relief under a claim for willful infringement. Dkt. No. 26, ¶18; *Iqbal*, 129 S.Ct. at 1950 (holding that unsupported legal conclusions are insufficient to defeat a motion to dismiss). Moreover, other district courts have held that such general accusations of knowledge of a patent are insufficient to "plausibly support the conclusion that [a defendant] 'acted despite an objectively high likelihood that its actions constituted infringement of a valid patent,' and that [defendant] knew or should have known that [its] actions constituted infringement of a valid patent." *See MONEC Holding AG v. Motorola Mobility, Inc.*, 897 F. Supp. 2d 225, 236 (D. Del. 2012).

Fourth, Aylus alleges that Rob Orgel, a former Aylus employee and current Apple employee, had "knowledge of the '753/412 patent and/or patent application since at least June 2007." Dkt. No. 26, ¶19. Aylus's allegation that Mr. Orgel had knowledge of the '412 patent or its reissuance predecessor patent, United States Patent No. 7,724,753 (the "'753 patent"), is demonstrably false because the '753 patent issued on March 25, 2010 and the '412 patent issued on August 6, 2013, both of which occurred ***over two years*** after Aylus Mr. Orgel had left Aylus. Dkt. No. 26, ¶11, 19. There is no supportable fact in Aylus's First Amended Complaint that Mr. Orgel should have had knowledge of the issuance of the '753 or '412 patents long after he left

DLA PIPER LLP (US)
EAST PALO ALTO

WEST\246447511.2

Aylus. Further, Aylus's allegation that Mr. Orgel was aware of the application that eventually became the '753/'412 patent fails because even if Mr. Orgel was aware of the patent application, the Federal Circuit has held that this knowledge alone is not enough to demonstrate willfulness. *State Indus., Inc. v. A.O. Smith Corp.*, 751 F.2d 1226, 1236 (Fed. Cir. 1985); *Conopco, Inc. v. May Department Stores Co.*, 46 F.3d 1556, 1562 (Fed. Cir. 1994); *Am. Original Corp. v. Jenkins Food Corp.*, 774 F.2d 459, 465 (Fed.Cir.1985); *LML Holdings, Inc.*, 2012 WL 1965878, at *4 (holding that "mere knowledge of patent applications, without more, does not allege an objectively high likelihood that Defendants' actions constitute infringement of a valid patent."). Therefore, Aylus's allegations regarding Mr. Orgel, even if true, cannot satisfy the pleading requirements for alleging willful infringement.

Moreover, Aylus's willful infringement claim also fails because Aylus's First Amended Complaint seeks only a permanent injunction for Apple's alleged infringement and Aylus has not moved for a temporary restraining order or preliminary injunction against that alleged conduct, further demonstrating that Aylus's allegations are legally insufficient to establish a claim of willful infringement against Apple. *LML Holdings, Inc.*, 2012 WL 1965878, at *5.

In sum, none of Aylus's alleged factual allegations that Apple engaged in willful infringement of the '412 patent are legally sufficient to state a claim for which relief can be granted and the Court should dismiss Aylus's willful infringement claims against Apple.

**B.     In The Alternative, Aylus Should Be Required To Provide A More Definite Statement Of These Claims**

In the event the Court determines that Aylus's willful infringement allegations should not be dismissed, Apple requests, pursuant to Federal Rule of Civil Procedure 12(e), a more definite statement of Aylus's willful infringement allegations. "If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding." *Swierkiewicz v. Sorema NA.*, 534 U.S. 506, 514 (2002).

Here, the willful infringement allegations fail to plead the requisite elements of willful infringement. The willfulness infringement allegations are so vague and conclusory as to prevent

DLA PIPER LLP (US)
EAST PALO ALTO

WEST\246447511.2

1    Apple from preparing a responsive pleading and a meaningful defense. *See Patent Category*

2    *Corp. v. Worldwide Creations*, 2007 WL 2667428, **3-4 (C.D. Cal. May 7, 2007) (granting a

3    motion for a more definite statement where the allegations lacked the necessary detail).

4    Accordingly, Aylus should, at a minimum, be ordered to provide a more definite statement of its

5    willful infringement claims.

6    **IV.    CONCLUSION**

7          For all the reasons set forth above, Apple respectfully submits that the allegations of

8    willful infringement in Aylus's First Amended Complaint be dismissed under Rule 12(b)(6) for

9    failure to state a claim.  Alternatively, the Court should require Aylus to provide a sufficiently

10   definite statement of the willful infringement claims so that Apple can prepare a response and

11   meaningful defense.

12
13   Dated:  February 13, 2014                    DLA PIPER LLP (US)

14
15                                               By: */s/ Mark D. Fowler*
                                                   _____
16                                                 MARK D. FOWLER
                                                   CHRISTINE K. CORBETT
                                                   ROBERT BUERGI
17                                                 ROBERT WILLIAMS
                                                   ERIK R. FUEHRER
18                                                 Attorneys for Defendant
                                                   Apple Inc.
19
20
21
22
23
24
25
26
27
28