QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Harold A. Barza (Bar No. 80888)
  halbarza@quinnemanuel.com
  Amar L. Thakur (Bar No. 194025)
  amarthakur@quinnemanuel.com
  Vincent Pollmeier (Bar No. 210684)
  vincentpollmeier@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

QUINN EMANUEL URQUHART & SULLIVAN, LLP
  William O. Cooper (Bar No. 279385)
  willcooper@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Attorneys for Plaintiff,
Aylus Networks, Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Aylus Networks, Inc., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>Apple, Inc., a California corporation<br><br>Defendant. | CASE NO. 3:13-cv-4700 [Check]<br><br>**SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT OF U.S. PATENT NO. RE44,412**<br><br>**AND**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Aylus Networks, Inc. ("Aylus"), by and through its undersigned counsel, hereby brings this action for patent infringement against Defendant Apple, Inc. ("Apple" or "Defendant") and, for its complaint herein, alleges as follows:

## THE PARTIES

1. Aylus is a privately held corporation based in Westford, Massachusetts. Employing a team of world class scientists, Aylus has pioneered the development of media switch and processing technology, and infrastructure that enables mobile video communication across networks and devices. Aylus' homegrown technology – and the patent-in-suit – are the result of Aylus' own research and development. Aylus' efforts have resulted in numerous inventions protected by United States patents, including the patent at issue in this case.

2. Upon information and belief, Apple is a corporation organized under the laws of the state of California with its principal place of business at 1 Infinite Loop, Cupertino, California 95014. Upon information and belief, Apple imports into the United States, offers for sale, sells and/or uses in the United States electronic devices, including AppleTVs and iPod Touches, iPhones, and iPads that infringe the patent at issue in this case.

## JURISDICTION AND VENUE

3. This is an action for patent infringement that seeks damages and injunctive relief. It arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*. This Court has original and exclusive jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Apple. Among other things, personal jurisdiction is present for the following reasons, each of which is stated upon information and belief: (i) Apple maintains its principal place of business in this District; (ii) Apple has designated an agent for service of process in the state of California; (iii) Apple regularly does and solicits business in this State, and it regularly commences

litigation in and before the courts of this State; and (iv) the claims asserted herein arose, in part, in this State.

5. Venue is proper within this District pursuant to 28 U.S.C. §§ 1391 (b)-(c) and 1400(b), in that Apple is a resident of this State and this District for purposes of the venue provisions of the United States Code, and because acts of infringement of the Asserted Patent have occurred in this District, and Apple has a regular place of business in this District.

6. Because this action is an Intellectual Property Action as specified in Civil L.R. 3-2(c), it is to be assigned on a district-wide basis.

## FACTUAL BACKGROUND

*Aylus' Intellectual Property*

7. Aylus is a privately-held company based in Westford, Massachusetts.

8. Aylus was founded in 2005 by a world-renowned telecommunications expert, Shamim Naqvi. At the time he founded Aylus, Naqvi was already recognized as a pioneer in computing and communications systems: his earlier work on VoIP, Softswitch technology and cellular Push-to-Talk solutions helped created the mobile communications market we have today.

9. When Aylus was founded, developments in the area of wireless communications, and internet delivery of video content, were just beginning to revolutionize modern telecommunications and media delivery, including the delivery of movies and other video content.

10. Among other things, Aylus has invented a system whereby a user of a computer or mobile device can direct and control video signals from servers located on the internet to be rendered for display on a display device (e.g., a television).

11. Aylus has obtained a patent for this invention: on March 25, 2010, the United States Patent and Trademark Office issues to Aylus United States Patent No. 7,724,753 ("the '753 patent") entitled "Digital Home Networks Having a Control Point

Located on a Wide Area Network." The '753 patent was reissued on August 6, 2013 as U.S. Patent No. RE44,412 (hereinafter, "the '753/412 patent"). Aylus is the owner of all right, title and interest in the '753/412 patent, a copy of which is attached hereto as Exhibit A. This patent covers, *inter alia*, a system computer or mobile device that can direct and control video signals from a media server located on the internet to be rendered for display on a display device, such as a television, that is separate from the computer or mobile device.

*Apple's Infringement of Aylus' Patents*

12. Apple makes, has made, imports, offers for sale, and/or sells an AppleTV product. The AppleTV product, when connected to a display device, such as a television, enables the rendering and displaying of audiovisual media that comes from a media server on a wide area network, such as the internet, on the television or other display device. This includes the rendering and display of audiovisual media from Internet services, including, but not limited to, Apple's iTunes Store. According to Apple, "Apple TV with 1080p HD gives you access to the best content — blockbuster movies, TV shows, sports, your music and photos, and more — right on your widescreen TV. You can even play content from your iOS devices on your TV using AirPlay." http://www.apple.com/appletv/

13. Apple makes, has made, imports, offers for sale, and/or sells Apple iPod Touches, iPhones, and iPads.

14. AppleTVs and Apple iPod Touches, iPhones, and iPads include a version of Apple software AirPlay.

15. Apple's AppleTVs with AirPlay allow Apple iPod Touches, iPhones, and iPads to direct audiovisual media from servers located on the Internet, including, but not limited to, the iTunes Store, to be rendered on an AppleTV for display on a display device. According to Apple, "Apple TV gives you anytime access to endless entertainment. Thousands of HD movies and TV shows from iTunes — many in stunning 1080p — play through Apple TV on your HDTV, and music and photos stream from your computer. You

just click and watch. With AirPlay, it's simple to play content from your iPad, iPhone, or iPod Touch on your TV. And finding whatever you're in the mood for — from any compatible content provider — is quick and easy thanks to a beautiful and consistent interface." http://www.apple.com/appletv/what-is/. In addition, these devices have the ability to control the media being displayed on the display device.

16. In addition, Apple's AppleTVs with AirPlay allow Apple iPod Touches, iPhones, and iPads containing certain applications or "apps" to direct and control audiovisual media content from servers located on the Internet, owned and/or operated by third parties, including NetFlix and Amazon, to be rendered on an AppleTV. Apple provides the software development environment for producing the apps and the marketing, sales, and distribution systems for the apps. In addition, Apple provides the software code incorporated into the apps operating on the iPod Touches, iPhones, and iPads that enables the iPod Touches, iPhones, and iPads to use the AirPlay feature to render a video signal received from the third party provided media servers at the AppleTV. Apple also provides the software code incorporated into the AppleTV which allows the AppleTV to interact with the Apple iPod Touches, iPhones, and iPads to receive and render the video signals from the third party provided media servers. The software incorporated into the app and incorporated into the AppleTV has no substantial non-infringing use and is especially intended to render media content on the AppleTV from media servers at the direction and control of the Apple iPod Touches, iPhones, and iPads.

17. Apple engages in marketing and provides resources and documentation to encourage users of AppleTVs to use Apple iPod Touches, iPhones, and iPads to direct and control audiovisual content from servers located on the Internet, including servers operated by Apple, and those operated by third parties, including NetFlix, Hulu, and Amazon, to be rendered on an AppleTV. Indeed, on its public website, Apple advertises and instructs customers on how to use its products in a manner that infringes the '753/412 patent claims.

On information and belief, Defendant Apple knew its actions would induce infringement of the '753/412 patent.

18. On information and belief, Apple monitors the issuance of patents in the field of the '753/412 patent, and consequently, Apple has had knowledge of the '753/412 patent since at least the time of the patent's issue date.

19. On information and belief, Apple employee Rob Orgel has knowledge of the '753/412 patent and/or patent application since at least June 2007. Mr. Orgel is an attorney who received his JD from Harvard Law school. From June 2007 through mid-2008, he was Aylus' Chief Operating Officer. Mr. Orgel has worked at Apple since January 2010.

20. Apple has knowledge of the '753/412 patent since the date of the filing of this Complaint.

21. On October, 9, 2013, concurrently with the filing of the Complaint, Aylus' counsel wrote the following letter to Apple's Senior Vice President and General Counsel, Bruce Sewell: "We are writing on behalf of our client, Aylus Networks, Inc., to notify Apple of the fact that Aylus is the owner of reissued United States patent number RE44,412 E and to advise you that we believe that the use of AppleTVs and Apple Macintosh computers, iPod Touches, iPhones, and iPads infringe various claims of this patent. Among other things, we believe that when a user of an Apple device such as an iPad uses the device to control media from a media server on a wide area network, such as the internet, for rendering onto a display device, there is infringement of one or more of the method claims contained in the patent, and Apple is causing such infringement by its acts, and by inducing its consumers to use the features in question. Demand is hereby made that Apple immediately cease this infringing conduct. If Apple is unwilling to confirm to us, within 14 days hereof, that it will cease this infringement, we will have no choice but to assert claims of indirect infringement by inducement against Apple on behalf of Aylus with respect to this patent. If you wish to discuss this matter, please feel free to contact me,

or have your outside counsel do so." Apple has incorporated Aylus' patented technology into its products. Apple has not obtained permission from Aylus to use its patents in the identified products and it has not ceased infringement. In the alternative, Apple has knowledge of the '753/412 patent and infringement of the patent as a result of its actions since the date of its receipt of the October 9, 2013 letter from Aylus' counsel.

## FIRST CLAIM FOR RELIEF
### (Infringement of U.S. Patent No. RE44,412)

22. The allegations of paragraphs 1-16 above are hereby re-alleged and incorporated herein by reference.

23. Apple is now and/or has been directly infringing one or more claims of the '753/412 Patent, literally and/or under the doctrine of equivalents, as proscribed by 35 U.S.C. § 271, *et seq.*, by, without permission or authority from Aylus, importing into the United States, and/or selling, offering to sell, making, and/or using within the United States, devices and/or software, and/or components of devices and/or software, embodying the patented invention(s), including AppleTVs, iPod Touches, iPhones, and iPads.

24. Apple is now and/or has been indirectly infringing one or more claims of the '753/412 Patent, literally and/or under the doctrine of equivalents, as proscribed by 35 U.S.C. § 271, *et seq.*, by, without permission or authority from Aylus, contributing to the use and/or sale by others, within the United States, of devices and/or software, and/or components of devices and/or software, embodying the patented invention(s), including AppleTVs, iPod Touches, iPhones, and iPads. Apple has engaged in the manufacture and sale of hardware and/or software components to others which are not staple items and which have no substantial non-infringing use. Upon information and belief, Apple has had knowledge of the '753/412 patent and the infringement of the '753/412 patent resulting from its actions through direct or indirect communications with Aylus and/or Aylus'

1 former employees, and/or as a result of its monitoring of the issuance of patents in the field of the '753/412 patent.

25. Apple is now and/or has been indirectly infringing one or more claims of the '753/412 Patent, literally and/or under the doctrine of equivalents, as proscribed by 35 U.S.C. § 271, *et seq.,* by, without permission or authority from Aylus, inducing others to use and/or sell within the United States devices and/or software, and/or components of devices and/or software, embodying the patented invention(s), including AppleTVs, iPod Touches, iPhones, and iPads. Upon information and belief, Apple has had knowledge of the '753/412 patent and the infringement of the '753/412 patent resulting from its actions through direct or indirect communications with Aylus and/or Aylus' former employees, and/or as a result of its monitoring of the issuance of patents in the field of the '753/412 patent.

26. Upon information and belief, Apple has gained profits by virtue of its infringement of the '753/412 patent.

27. Aylus has sustained damages as a direct and proximate result of Apple's infringement of the '753/412 patent.

28. Aylus will suffer and is suffering irreparable harm from Apple's infringement of the '753/412 patent. Aylus has no adequate remedy at law and is entitled to an injunction against Apple's continued infringement of the '753/412 patent. Unless enjoined, Apple will continue its infringing conduct.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Aylus prays for relief as follows:

1. Judgment that Apple has infringed the '753/412 patent;

2. A permanent injunction prohibiting Apple and its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them, from further infringement of the '753/412 patent;

3. An award of damages for infringement of the '753/412 patent in an amount to be determined at trial, including but not limited to compensations for lost profits, loss of sales, price erosion, loss of market share, costs, and prejudgment interest, but in no event less than a reasonable royalty;

4. Judgment that this is an exceptional case under 35 U.S.C. § 285 and awarding Aylus its reasonable attorneys' fees; and

5. Such other and further relief as the Court deems just and proper.

DATED: March 10, 2014          QUINN EMANUEL URQUHART & SULLIVAN, LLP

By */s/ Harold A. Barza*
   Harold A. Barza
   Attorneys for Aylus Networks, Inc.

## **DEMAND FOR JURY TRIAL**

In accordance with Federal Rule of Civil Procedure 38(b), Plaintiff Aylus Networks, Inc. hereby demands a jury trial on all issues triable of right by a jury.

DATED: March 10, 2014          QUINN EMANUEL URQUHART & SULLIVAN, LLP

By */s/ Harold A. Barza*
    Harold A. Barza
    Attorneys for Plaintiff,
    Aylus Networks, Inc.