| | |
|---|---|
| QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>  Harold A. Barza (Bar No. 80888)<br>  halbarza@quinnemanuel.com<br>  Amar L. Thakur (Bar No. 194025)<br>  amarthakur@quinnemanuel.com<br>  Vincent Pollmeier (Bar No. 210684)<br>  vincentpollmeier@quinnemanuel.com<br>865 South Figueroa Street, 10th Floor<br>Los Angeles, California 90017-2543<br>Telephone:    (213) 443-3000<br>Facsimile:    (213) 443-3100<br><br>QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>  William O. Cooper (Bar No. 279385)<br>  willcooper@quinnemanuel.com<br>50 California Street, 22nd Floor<br>San Francisco, California 94111<br>Telephone:    (415) 875-6600<br>Facsimile:    (415) 875-6700<br><br>Attorneys for Plaintiff,<br>Aylus Networks, Inc. | MARK D. FOWLER, Bar No. 124235<br>mark.fowler@dlapiper.com<br>CHRISTINE K. CORBETT, Bar No. 209128<br>christine.corbett@dlapiper.com<br>ROBERT BUERGI, Bar No. 242910<br>robert.buergi@dlapiper.com<br>ERIK R. FUEHRER, Bar No. 252578<br>erik.fuehrer@dlapiper.com<br>JONATHAN HICKS, Bar No. 274634<br>jonathan.hicks@dlapiper.com<br>**DLA PIPER LLP (US)**<br>2000 University Avenue<br>East Palo Alto, CA 94303-2214<br>Telephone: 650.833.2000<br>Facsimile: 650.833.2001<br><br>ROBERT WILLIAMS, Bar No. 246990<br>robert.williams@dlapiper.com<br>**DLA PIPER LLP (US)**<br>401 B Street, Suite 1700<br>San Diego, CA 92101-4297<br>Telephone: (619) 699-2700<br>Facsimile: (619) 699-2701<br><br>Attorneys for Defendant<br>APPLE INC. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Aylus Networks, Inc., a Delaware corporation,<br><br>        Plaintiff,<br><br>    vs.<br><br>Apple Inc., a California corporation<br><br>        Defendant. | CASE NO. 3:13-cv-4700-EMC<br><br>ESI STIPULATION AND [PROPOSED] ORDER |

Plaintiff Aylus Networks, Inc. ("Aylus") and Defendant Apple Inc. ("Apple"), hereby agree that the following procedures shall govern discovery of Electronically-Stored Information ("ESI") in this case.

This agreement is a voluntary agreement entered into by the parties. No delay in the finalization of this agreement shall serve as a basis for any party to delay discovery, including but not limited to delaying the production of documents.

1. **Custodian names and search terms to be exchanged for Electronic Mail.** The parties have agreed to produce responsive documents to the other party's discovery requests in accordance with applicable federal rules, including, but not limited to search of corporate databases and/or network resources, and search for responsive materials that are resident on third party servers if such party has reasonable access to such materials (e.g., through a web portal).

However, General ESI production requests under Federal Rules of Civil Procedure 34 and 45 shall not include email or other forms of electronic correspondence (collectively "email"). To obtain email, parties must propound specific email production requests. Email production requests shall only be propounded for specific issues, rather than general discovery of a product or business. Email production requests shall identify the custodian, search terms, and time frame, if applicable. The parties shall cooperate to identify the proper custodians, proper search terms and proper timeframe. Each requesting party shall limit its email production requests to a total of five (5) custodians plus all individuals identified in a producing party's Rule 26 disclosures. Rule 26 disclosure custodians will include all current and former employees listed on a party's initial disclosures, but a party's obligation to produce email for a former employee will be limited to what is in such Party's custody. The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for additional custodians per producing party, upon showing a distinct need based on the size, complexity, and issues of this specific case. Should a party serve email production requests for additional custodians beyond the limits agreed to by the parties or granted by the Court pursuant to this paragraph, the requesting party shall bear all reasonable costs caused by such additional discovery. Each requesting party shall limit its email production requests to a total of seven (7) search terms per custodian per party. The parties

may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for additional search terms per custodian, upon showing a distinct need based on the size, complexity, and issues of this specific case. The search terms shall be narrowly tailored to particular issues. Indiscriminate terms, such as the producing company's name or its product name are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive combination of multiple words or phrases (e.g., "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (e.g., "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word. Use of narrowing search criteria (e.g., "and," "but not," "w/x") is encouraged to limit the production and shall be considered when determining whether to shift costs for disproportionate discovery. Should a party serve email production requests with search terms beyond the limits agreed to by the parties or granted by the Court pursuant to this paragraph, the requesting party shall bear all reasonable costs caused by such additional discovery.

2. **Procedure Where Search Terms Would be Ineffectual.** For any document that, based on a parties' reasonable belief, could be potentially discoverable but is not keyword searchable, and cannot be made keyword searchable using OCR tools, the producing party will conduct a reasonable "eyes-on" review to determine whether the document should be produced or recorded on a privilege log as withheld.

3. **Format for production of documents – documents existing in electronic format.** Except as otherwise provided for in this Stipulation, all documents existing in electronic format shall be produced in accordance with the following:

    A. Multiple page, searchable PDF format at a resolution of at least 300 dpi or in single page TIFF format.

    B. Documents (whether produced in TIFF or PDF) shall be produced along with Concordance/Opticon image load files that indicate the beginning and ending of each document.

C. Documents in Excel, MPEG, AVI, MOV, WMA and WAV format shall be produced in their native format. Excel files may be produced in accordance with paragraph 3(A) instead of native format if the document requires redaction and production in PDF or TIFF is required to support the redaction.

D. **Metadata.** Load files should include the following fields:

| Name | Description |
| --- | --- |
| Begin Bates | Bates number on the first page of the produced document. |
| End Bates | Bates number on the last page of the produced document. |
| Begin Attach | First page of the first electronic file in a family (e.g., e-mail and attachments). |
| End Attach | Last page of the last electronic file in a family (e.g., e-mail and attachments). |
| Confidentiality-Designation | Confidentiality designation(s) of the produced document |
| To | Persons to whom an electronic message is addressed. |
| From | Sender of an electronic message |
| CC | Persons who received a copy of an electronic message |
| BCC | Persons who received a blind copy of an electronic message |
| Subject | Subject line from an electronic message. |
| Sent On Date-Time | Date and time the electronic message was sent. This field will only be populated for |

| Name | Description |
|---|---|
| | electronic files that were sent. Format MM/DD/YYYY HH:MM:SS |
| Received on Date-Time | Date and time the electronic message was received. This field will only be populated for electronic files that were sent. Format MM/DD/YYYY HH:MM:SS |
| Custodian | Name of the person who had custody or control over the file at the time of collection. |
| Author | Author of an electronic file. |
| Created Date-Time | Date and time the electronic file was created as it appears in the original media. Format MM/DD/YYYY HH:MM:SS |
| Modified Date-Time | Date and time the electronic file was last modified as it appears in the original media. Format MM/DD/YYYY HH:MM:SS |
| File Name | Name of the electronic file, as it existed on its original media. |
| File Path | Full file path of the electronic file as it existed on its original media. |

The parties are not obligated to include metadata for any document that does not contain such metadata in the original, if it is not possible to automate the creation of metadata when the document is collected. The parties reserve their rights to object to any request for the creation of metadata for documents that do not contain metadata in the original.

        E.    **Production media and encryption of productions.** Unless otherwise agreed, the parties shall provide document productions in the following manner: The producing

party shall provide the production data on FTP[1] (permissible for productions of 5 GB of data or less), CDs, DVDs, or external hard drives, as appropriate. The producing party may encrypt the production data using TrueCrypt encryption, and if encrypted, the producing party shall forward the password to decrypt the production data separately from the CD, DVD, or external drive on which the production data is saved.

F. **Address for productions:** Plaintiff Aylus designates the following address for purposes of receiving documents produced in this case: William Cooper, Quinn Emanuel Urquhart & Sullivan, LLP, 50 California Street, 22nd Floor San Francisco, California 94111. Apple designates the following address for purposes of receiving documents produced in this case: Erik R. Fuehrer, DLA Piper LLP (US), 2000 University Avenue, East Palo Alto, CA 94303. Parties may update their requested address for service by providing written notice to all other parties.

4. **Format for production of documents – hardcopy or paper documents.** All documents that are hardcopy or paper files shall be produced as multiple page, searchable PDF format at a resolution of at least 300 dpi or in single page TIFF format.

5. **Source code.** This Stipulation does not govern the format for production of source code, which shall be produced pursuant to the relevant provision of the Protective Order..

6. **Parent and child emails.** The parties shall produce email attachments sequentially after the parent email.

7. **Requests for Native files.** The parties will meet and confer to discuss requests for the production of files in native format, on a case-by-case basis. If the parties are unable to reach agreement with regard to requests for additional documents in native-file format, the parties reserve the right to seek relief from the Court. Documents produced natively shall be represented in the set of imaged documents by a slip sheet indicating the production identification number and confidentiality designation for the native file that is being produced.

---

[1] A party that produces or serves any documents via FTP shall also produce and/or serve those same documents, along with an appropriate production letter, on DVD, CD, or external drive as appropriate, the next business day.

8. **Databases.** Certain types of databases are dynamic in nature and will often contain information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Thus, a party may opt to produce relevant and responsive information from databases in an alternate form, such as a report or data table. These reports or data tables will be produced in a static format. The parties agree to identify the specific databases, by name, that contain the relevant and responsive information that parties produce. Each party reserves the right to request the database, or other type of dynamic file, in its native format. The parties shall meet and confer regarding such requests.

9. **Requests for hi-resolution or color documents.** The parties agree to respond to reasonable and specific requests for the production of higher resolution or color images. Nothing in this Stipulation shall preclude a producing party from objecting to such requests as unreasonable in number, timing or scope, provided that a producing party shall not object if the document as originally produced is illegible or difficult to read. The producing party shall have the option of responding by producing a native-file version of the document. If a dispute arises with regard to requests for higher resolution or color images, the parties will meet and confer in good faith to try to resolve it.

10. **Foreign language documents.** All documents shall be produced in their original language. Where a requested document exists in a foreign language and the producing party also has an English-language version[s] of that document that it prepared prior to the filing of the lawsuit, the producing party shall produce both the original document and all English-language versions. In addition, if the producing party has a certified translation of a foreign-language document that is being produced, (whether or not the translation is prepared for purposes of litigation) the producing party shall produce both the original document and the certified translation. Nothing in this agreement shall require a producing party to prepare a translation, certified or otherwise, for foreign language documents that are produced in discovery, except that any party seeking to rely upon a non-English document shall produce a certified English translation of the portion(s) relied upon at the time it is relied upon or within thirty (30) days of close of fact discovery, whichever is earlier.

11. **Service.** In addition, Plaintiff Aylus Networks, Inc. and Defendant Apple Inc. hereby stipulate and agree as follows:

The parties agree that all documents to be served by and between them shall be served by electronic means, and for purposes of computation of time, such service shall be considered the same as if it were hand delivered. This service shall be made by electronic mail, with the documents to be served attached in PDF or single page TIFF format, except when the size of the file containing any such document exceeds 15 MB, in which case service will be made by FTP file transfer[2] or some form of electronic media (*i.e.* CD, DVD or Hard Drive). Discovery requests should be served by electronic mail, with the requests served in both PDF and native word format. Electronic signatures are deemed the same as hand-written signatures.

13. **Privilege Logs.** Pursuant to Rule 26 of the Federal Rules of Civil Procedure, the parties agree to provide a privilege log for each document withheld or redacted, whether or not that document constitutes ESI. The parties are not required to log Privileged Materials dated after October 9, 2013 (the "cut-off date"). Information concerning documents or things otherwise protected by the attorney-client privilege, work product immunity or other privilege or protection ("Privileged Materials") that were created after the cut-off date do not need to be included on any privilege log. In addition, Privileged Materials created by or on behalf of litigation counsel or exchanged with litigation counsel, do not need to be included on any privilege log. This does not include materials prepared by or on behalf of the law firms representing the parties in their capacity as prosecution counsel.

The parties agree that privileged email chains/strings (*i.e.*, forwarded and replied to emails containing an earlier email or emails) can be logged as one entry provided that information sufficient to challenge the claim of privilege will be provided in the privilege log and non-privileged portions of email chains will be produced. Privileged documents between prosecution counsel and patent applicants that forward patent office filings, or provide notice of events in the

---

[2] A party that produces or serves any documents via FTP shall also produce and/or serve those same documents, along with an appropriate production letter, on DVD, CD, or external drive as appropriate, the next business day.

patent office, can be categorically logged provided that information sufficient to challenge the claim of privilege is provided in the privilege log.

The parties agree that they will provide at least the following fields in their respective privilege logs:

- Date of the document or date (and time if available of an email being sent);
- Subject matter of the document or email;
- Sender or author of the document or email;
- All recipients of the document or email (*e.g.*, "to," "carbon copied (cc)," and "blind carbon copied ("bc" or "bcc");
- The asserted privilege or protection (e.g. attorney-client communication, attorney work product, common interest privilege, or other appropriate privilege); and
- The basis or applicability of such privilege or protection (*e.g.*, communication to attorney seeking legal advice regarding litigation).

The parties will produce initial privilege logs not later than sixty days after production of responsive documents from which the Privileged Materials were redacted or withheld from production. The parties will produce an updated privilege log periodically as additional documents are produced. The parties must have completed their review and produced all applicable privilege logs by no later than two weeks after the close of fact discovery.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

| QUINN EMANUEL URQUHART & SULLIVAN, LLP | DLA PIPER LLP (US) |
|---|---|
| /s/ *Amar L. Thakur* | /s/ *Erik R. Fuehrer* |
| Harold A. Barza | MARK D. FOWLER |
| Amar L. Thakur | CHRISTINE K. CORBETT |
| Vincent Pollmeier | ROBERT BUERGI |
| | ROBERT WILLIAMS |
| Attorneys for Plaintiff, | ERIK R. FUEHRER |
| Aylus Networks, Inc. | JONATHAN HICKS |
| | Attorneys for Defendant, Apple Inc. |

| | |
|---|---|
| 1 | |
| 2 | **PURSUANT TO STIPULATION, IT IS SO ORDERED.** |
| 3 | |
| 4 | Dated: _____   By: _____ |
| 5 | Edward M. Chen<br>United States District Judge |

## **ATTESTATION CLAUSE**

I, William O. Cooper, am the ECF User whose identification and password are being used to file this ESI Stipulation and [Proposed] Order. In compliance with Civil Rule 5-1(i)(3), I hereby attest that Erik R. Fuehrer has concurred in this filing.

Dated: April 6, 2014

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: /s/ William O. Cooper
WILLIAM O. COOPER
Attorneys for Plaintiff,
Aylus Networks, Inc