| | |
|---|---|
| QUINN EMANUEL URQUHART & SULLIVAN, LLP | MARK D. FOWLER, Bar No. 124235 |
| Harold A. Barza (Bar No. 80888) | mark.fowler@dlapiper.com |
| halbarza@quinnemanuel.com | CHRISTINE K. CORBETT, Bar No. 209128 |
| Amar L. Thakur (Bar No. 194025) | christine.corbett@dlapiper.com |
| amarthakur@quinnemanuel.com | ROBERT BUERGI, Bar No. 242910 |
| Vincent Pollmeier (Bar No. 210684) | robert.buergi@dlapiper.com |
| vincentpollmeier@quinnemanuel.com | ERIK R. FUEHRER, Bar No. 252578 |
| 865 South Figueroa Street, 10th Floor | erik.fuehrer@dlapiper.com |
| Los Angeles, California 90017-2543 | JONATHAN HICKS, Bar No. 274634 |
| Telephone: (213) 443-3000 | jonathan.hicks@dlapiper.com |
| Facsimile: (213) 443-3100 | **DLA PIPER LLP (US)** |
| | 2000 University Avenue |
| QUINN EMANUEL URQUHART & SULLIVAN, LLP | East Palo Alto, CA 94303-2214 |
| William O. Cooper (Bar No. 279385) | Telephone: 650.833.2000 |
| willcooper@quinnemanuel.com | Facsimile: 650.833.2001 |
| 50 California Street, 22nd Floor | |
| San Francisco, California 94111 | ROBERT WILLIAMS, Bar No. 246990 |
| Telephone: (415) 875-6600 | robert.williams@dlapiper.com |
| Facsimile: (415) 875-6700 | **DLA PIPER LLP (US)** |
| | 401 B Street, Suite 1700 |
| Attorneys for Plaintiff, | San Diego, CA 92101-4297 |
| Aylus Networks, Inc. | Telephone: (619) 699-2700 |
| | Facsimile: (619) 699-2701 |
| | Attorneys for Defendant APPLE INC. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Aylus Networks, Inc., a Delaware corporation,<br><br>            Plaintiff,<br><br>    vs.<br><br>Apple Inc., a California corporation<br><br>            Defendant. | CASE NO. 3:13-cv-4700-EMC<br><br>**FURTHER JOINT CASE MANAGEMENT STATEMENT [PROPOSED] ORDER**<br><br>**Date: August 27, 2014**<br>**Time: 1:00 p.m.**<br>**Judge: Edward M. Chen**<br>**Courtroom: 5, 17th floor** |

Pursuant to the Civil Local Rules, the Patent Local Rules, and the Court's February 13, 2014 Minute Entry (Dkt. No. 30), plaintiff Aylus Networks, Inc., ("Aylus") and defendant Apple Inc. ("Apple") submit this Further Joint Case Management Statement in

anticipation of the Further Case Management Conference scheduled for August 27, 2014 at 1:00 p.m., Courtroom 5, 17th Floor, 450 Golden Gate Ave., San Francisco, California, before the Honorable Edward Chen.  The parties make the following representations and proposals.

  **1.**  <u>**JURISDICTION AND SERVICE**</u>**:**  This is an action for patent infringement arising under Title 35 of the United States Code.  Accordingly, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).  No party contests personal jurisdiction, and there is no dispute regarding the service of process.

  **2.**  <u>**STATEMENT OF FACTS**</u>**:**  Aylus is a privately held corporation based in Westford, Massachusetts.  On March 25, 2010, the United States Patent and Trademark Office issued to Aylus U.S. Patent No. 7,724,753 ("the '753 patent") entitled "Digital Home Networks Having a Control Point Located on a Wide Area Network."  The '753 patent was reissued on August 6, 2013 as U.S. Patent No. RE 44,412 (hereinafter the "'753/412 patent").  Aylus asserts that the patent covers, *inter alia*, a mobile device that can direct and control video signals from a media server located on the internet to be rendered on a display device, that is separate from the mobile device.  Aylus alleges that it is the owner of all right, title, and interest the '753/412 patent, with full and exclusive right to bring suit to enforce the '753/412 patent.

  On October 9, 2013, Aylus filed a complaint (the "Complaint") against Apple alleging infringement of the '753/412 patent in the Northern District of California (Case No. 3:13-cv-04700 EMC, the "Litigation").  On January 27, 2014 Aylus filed a First Amended Complaint (the "First Amended Complaint").

  Aylus specifically alleges in its First Amended Complaint, without limitation, that Apple directly and indirectly infringes claims of the '753/412 patent literally and/or under the Doctrine of Equivalents by making, selling, distributing, and causing its customers to use iPod Touches, iPhones, and iPads to direct audiovisual media from servers located on

the Internet, including, but not limited to, the iTunes stores, to be rendered by an AppleTV. Aylus alleges that Apple had knowledge of the '753/412 patent since at least the issuance date of the patent.

On January 6, 2014, Apple filed an answer denying the material allegations of the Complaint and asserting a number of affirmative defenses. Apple denies infringing the claims of the '753/412 patent and alleges that the claims of the '753/412 patent are invalid. (Dkt No. 20).

Aylus filed its Second Amended Complaint on March 10, 2014. (Dkt. No. 37.) Apple filed its Answer to the Second Amended Complaint on March 24, 2014. (Dkt. No. 42).

**3.    FACTUAL AND LEGAL ISSUES:**

The parties dispute the following factual issues:

a) Whether Apple infringes any claim of the '753/412 patent;

b) Whether the asserted claims of the '753/412 patent are invalid;

c) Whether Aylus's claims are barred, in whole or part, by one or more of the defenses advanced by Apple; and

d) If one or more of the claims of the '753/412 patent is held to be valid and infringed, the amount of damages or reasonable royalty, if any, to be awarded to Aylus.

The parties dispute the following legal issues:

a) Whether any disputed claim term of the '753/412 patent should be construed;

b) Whether Apple has directly or indirectly infringed any claims of the '753/412 patent in violation of 35 U.S.C. § 271, literally or under the doctrine of equivalents;

c) Whether or not Aylus's damages are limited under 35 U.S.C. § 287;

d) Whether the case is "exceptional" within the meaning of 35 U.S.C. § 285, entitling either side to reasonable attorneys' fees;

e) In the event that the '753/412 patent is found not infringed and/or invalid, the relief, if any, to be awarded to Apple.

**4.    MOTIONS:** There are no pending motions.

1  Apple is preparing and intends to file shortly two petitions seeking *Inter Partes*
2  Review ("IPR") of the '412 patent.  Shortly thereafter, Apple intends to bring a motion to
3  stay this action pending all appeals on Apple's IPR petitions.
4  Aylus opposes Apple's attempt to stay this case almost 11 months into this
5  litigation—after the service of infringement contentions, after the service of invalidity
6  contentions, after significant discovery has been taken, and the claim construction process
7  is well underway.  Even if Apple were to file its IPR petitions today, a PTO decision on
8  whether to grant the petition will likely not issue until several months after the claim
9  construction hearing.
10  **5.** **AMENDMENT OF PLEADINGS:** The parties' investigation into facts
11  underlying or impacting their claims and defenses are ongoing, and they may seek to
12  amend their pleadings based on the information that they discover.
13  **6.** **EVIDENCE PRESERVATION:** The parties certify that they have
14  reviewed the Guidelines Relating to the Discovery of Electronically Stored Information
15  and have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and
16  proportionate steps that should be taken to preserve evidence relevant to the issues
17  reasonably evident in this case.  Further, each party asserts that it has taken reasonable
18  steps to preserve evidence relevant to the issues reasonably evident in this action.
19  **7.** **DISCLOSURES:** The parties exchanged initial disclosures as required
20  under Fed. R. Civ. P. 26(a)(1) on March 12, 2014.  Apple served its First Supplemental
21  Initial Disclosures on May 22, 2014.  Each party reserves its right to amend and
22  supplement such disclosures as discovery progresses.
23  **8.** **DISCOVERY:**
24  a. **Disclosures already completed:**
25  Pursuant to the Federal Rules of Civil Procedure and the Patent Rules for the
26  Northern District of California, Aylus has produced the documents required to be produced
27  with its Disclosure of Asserted Claims and Infringement Contentions under P.R. 3-2 on
28

1  March 20, 2014, with its Exchange of Preliminary Claim Constructions and Extrinsic
2  Evidence under P.R. 4-2, and additional documents. Apple has produced the documents
3  required to be produced with its Invalidity Contentions pursuant to P.R. 3-4 on May 8,
4  2014 and its Exchange of Preliminary Claim Constructions and Extrinsic Evidence under
5  P.R. 4-2, and additional documents.

      **b.**     **Subjects on which discovery may be needed:**

The parties believe that discovery is needed on the following topics:

    a)     The accused products and the alleged infringement of the '753/412 patent;

    b)     The validity and/or enforceability of the claims of the '753/412 patent, including the secondary indicia of obviousness;

    c)     Claim construction;

    d)     Prior art to the '753/412 patent;

    e)     Apple's affirmative defenses; and

    g)     Damages.

      **c.**     **Any issues about disclosure or discovery of electronically stored information:**

The parties agree that they: (i) need not preserve voice or text messages, instant messages, or voicemail; and (ii) will use client identifiers and/or Bates stamping to designate their respective clients' documents produced in the course of discovery.

      **d.**     **Modifications to limitations on discovery:**

The parties agree to serve interrogatories, document requests, deposition notices, request for admissions, and the responses thereto, on each other via email (hardcopies to follow by mail, if requested). The Parties further agree that service of a complete copy of these documents via email on or before midnight shall count as same day service. Additionally, the parties propose the following limitations:

    a)     25 interrogatories per party;

    b)     50 requests for admissions per party plus unlimited requests for admissions for document authentication, the depositions of the parties, depositions on written questions of custodians of business records for third parties;

1         c)      The parties agree to a limit of 7 fact witness depositions per side without
2  leave of Court and a limit of 7 hours per individual deposition.  Any request for a
3  deposition that would result in more than 7 depositions being taken shall be by Court
4  Order pursuant to Fed. R. Civ. P. 30(a)(2).  The parties further agree that expert
5  depositions will not count toward these limits.

6         d)      The parties agree to a limit of 28 hours of Fed. R. Civ. P. 30(b)(6) deposition
7  per side without leave of Court.  If a witness is designated as a Rule 30(b)(6) witness and
8  also has been previously noticed for deposition in this case as a Rule 30(b)(1) witness, the
9  parties agree that they will make good faith efforts to ensure that any Rule 30(b)(1)
10 deposition of that witness will occur at a date that is consecutive with the Rule 30(b)(6)
11 deposition date.  The parties further agree that regardless of the timing of a Rule 30(b)(1)
12 deposition notice, the total deposition time for a witness who is deposed as both a Rule
13 30(b)(1) and a Rule 30(b)(6) witness will be limited to 12 hours (7 hours of Rule 30(b)(6)
14 deposition and 5 hours of individual deposition); and

15        e)      The parties agree that each side may take up to seven (7) hours of deposition
16 testimony of each expert identified by an adverse party for each report provided.
17 Notwithstanding the foregoing, if any party identifies a single expert to provide a report
18 related to both infringement and validity, the seven (7) hour limit shall be expanded to
19 fourteen (14) hours.

   **e.     Protective Order:**

21     The Stipulated Protective Order was entered by the Court on May 8, 2014 at Dkt.
22 No. 46.

   **f.     Claims of Privilege and Work Product:**

24     The parties agree that the inadvertent production or disclosure of privileged or
25 otherwise protected materials shall not be deemed per se a waiver or impairment of any
26 claim of privilege or protection.  Fed. R. Civ. P. 26(b)(5)(B) shall govern the procedures
27 for assertion of privilege on inadvertently produced privileged documents, with the
28

modification that inadvertently produced documents must be returned or destroyed (rather than sequestered) upon notification by the other party.

The parties have agreed to exchange privilege logs within 30 days after the time of production of documents responsive to document requests to the extent the producing party is withholding information otherwise discoverable by claiming privilege pursuant to Fed. R. Civ. P. 26(b)(5)(A), subject to later supplementation as necessary. If the date for the production of documents responsive to document requests is within the last 30 days of fact discovery, then the privilege log will be served at the same time as the production of documents.

The parties have agreed that no party shall be obligated to log privileged and/or work product documents created after October 9, 2013 when the Complaint in this matter was filed.

**g.     Phasing of Discovery:**

The parties do not believe that discovery should be phased except to the extent that fact discovery should be completed before expert reports are due and expert discovery commences.

**h.     Expert Reports:**

The parties agree to exclude the following three categories of documents and things from expert discovery: (a) drafts of expert reports and expert declarations; (b) written or oral communications between a retained expert and the attorneys of the party retaining the expert relating to the subject of the expert's retention in this case, including the preparation of expert reports, expert declarations and trial testimony; and (c) all notes, memoranda and other writings prepared by an expert in connection with the expert witness' engagement for this case, except to the extent that the expert consults them while testifying at a deposition or at trial. Notwithstanding the above, the following shall not be excluded from discovery: (a) testimony pertaining to a testifying expert's compensation; (b) facts or data that the attorney or any other individual provided and that the testifying expert relied upon in

1 forming opinions; (c) assumptions that the attorney provided and that the testifying expert
2 relied on.

### i. ESI and Form of Production:

The ESI Stipulation and Order was entered by the Court on April 7, 2014 at Dkt. No. 44.

### j. Email Service Agreement:

The parties have agreed to accept service of discovery requests, discovery responses, expert reports and other documents that are not served through the Court's ECF system (for example, sealed pleadings) by e-mail. Hard copies will be provided by overnight mail upon request by the receiving party. Service by e-mail will be treated as service by hand delivery. Where voluminous documents are not amenable to e-mail transmission, the parties further agree to accept service by other reasonable electronic means, such as by an e-mail providing access to the documents on an ftp site or through other online services, so long as the sender provides instructions on how to access the documents.

The parties further agree that a document is deemed served on a particular day if it (or an email providing access to it) is received by midnight PST on that calendar day (provided that the sender does not receive any indication that the e-mail transmission was unsuccessful); otherwise it is deemed served on the next business day.

The parties will meet and confer regarding service lists, but in the absence of any additional agreement, the parties will serve counsel of record who are deemed to have consented to electronic service.

### k. Other orders:

Other than the aforementioned, at the present time, the parties do not request any other orders under Rule 26(c) or under Rule 16(b) and (c).  As discussed above, Apple intends to file a motion seeking an order staying this case pending IPR review of the '412 patent.

**l.     Status of discovery:**

Both parties have served and responded to interrogatories. Both parties have served, responded to, and produced documents responsive to requests for production.

**9.     CLASS ACTION:** This is not a class action.

**10.    RELATED CASES:** There are no related cases.

**11.    RELIEF:** Aylus requests entry of judgment against Apple granting relief as follows: (a) Determining Apple to be liable to Aylus for patent infringement of the '753/412 patent; (b) Awarding Aylus damages adequate to compensate for the infringement; (c) Increasing the damages up to three times, under authority of 35 U.S.C. §284, second paragraph; (d) Permanently enjoining Apple, its officers, agents, servants, employees, and attorneys, and those persons acting in concert or participation with Apple, from further infringement of the '753/412 patent; (e) Determining that this is an exceptional case under 35 U.S.C. § 285 and awarding Aylus its reasonable attorney fees, costs, and expenses; and (f) Granting prejudgment and post judgment interest and such other and further relief as the Court may find just and equitable.

Apple denies that any accused product infringes any valid claim of the '412 patent and seeks judgment in its favor. Apple denies Aylus's allegation that Apple infringed or infringes the '753/412 patent. Apple denies that Aylus is entitled to injunctive or monetary relief. Apple seeks a determination that this case is exceptional under 35 U.S.C. § 285 and an award to Apple of its attorneys' fees, costs, and expenses in connection with this action.

**12.    SETTLEMENT AND ADR:** The parties have not participated in any formal ADR procedure. The parties agree that Court-assisted mediation is appropriate. The parties have selected private mediation to occur within 45 days after the Court issues its *Markman* order with a mediator to be agreed upon by the parties.

**13.    CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES:** All parties do not consent to having a magistrate judge conduct all further proceedings, including trial and entry of judgment.

1     **14.    OTHER REFERENCES:**  The parties do not believe that this case is
2 suitable for reference to arbitration or a special master.
3     **15.    NARROWING OF ISSUES:**
4     The parties hereby agree as follows:  Attorney-client privileged materials
5 communicated between counsel and client after the filing of this lawsuit and/or work
6 product materials generated after the filing of this lawsuit need not be included on a
7 privilege log. Oral and written communications between an expert witness for any party or
8 parties and the party or parties, their attorneys or representatives employing such expert
9 that are made in connection with the expert witness's engagement for this case will not be
10 discoverable, except to the extent that the expert considers them for his opinions or they
11 constitute such expert's fee agreement or terms of retention in this matter. Drafts of a
12 report of an expert witness for a party or parties that are prepared in connection with the
13 expert witness's engagement for this case will not be discoverable.
14     It is Apple's position that a short stay of this case pending the IPRs that Apple will
15 file shortly will narrow the issues regarding invalidity in this case and promote judicial
16 economy.
17     It is Aylus' position that a stay prior to an IPR even being granted in the case will
18 unduly prejudice Aylus and will not promote judicial economy.
19     **16.    EXPEDITED TRIAL PROCEDURE:**  This case is not suitable for
20 handling on an expedited basis with streamlined procedures.
21     **17.    SCHEDULING:**  On February 13, 2014, the Court held an initial Case
22 Management Conference in this case and ordered a case schedule through *Markman*
23 hearing.  (Dkt. No. 30.)   The parties agree to enter into mediation within 45 days of the
24 Court's issuance of the claim construction order.
25     **18.    TRIAL:**  This matter is to be tried by a jury, and the parties expect the trial
26 to last nine days.

**19. <u>DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS:</u>** The parties' disclosures of Interested Entities or Persons identified in the February 6, 2014, Joint Case Management Statement remain current.

**20. <u>OTHER:</u>** Except as noted above, the parties are unaware of other matters that may facilitate the just, speedy and inexpensive disposition of this matter.

**21. <u>PATENT LOCAL RULES ISSUES:</u>**

**(1) Claim Construction**

Under P.R. 4-3, the parties were required to identify ten claim terms as the most significant to resolution of the case. The parties identified the following:

1. "wide area network"
2. "remote from the UE"
3. "VCR controls"
4. "video play controls"
5. "handset"
6. "negotiate media content delivery between the MS and the MR"
7. "resides in the signaling domain"
8. "cooperate with [network control point/the serving node] CP logic"
9. "the CP logic … serves as a [first/second] proxy"
10. "serving node"

Aylus designated term nos. 1-5 as being most significant, and Apple designated term nos. 6-10 as being most significant. Apple believes that the construction of terms nos. 6-10 above will be case dispositive, that construction of term no. 3 ("VCR controls") will be claim dispositive, and that construction of term no. 5 ("handset") will be claim dispositive with respect to certain accused products.

Apple also requests that the Court construe two additional terms, "control point (CP) logic" and "media renderer (MR)," as both terms would be case dispositive if construed by the Court.

As this is a single patent case, Aylus requests that the Court construe only those of the ten terms identified as most significant that the Court concludes should be construed.

**(2)** **Proposed Modification of the Obligations or Deadlines Set Forth in the Patent Local Rules:** The parties do not currently propose any modification to the deadlines in the Patent Local Rules already ordered by the Court.

**(3)** **Scope and Timing of Claim Construction Discovery:** The parties may meet and confer regarding any necessary claim construction discovery.

**(4)** **Technology Tutorial and Claim Construction Hearing:**

The parties request one and a half hours (45 minutes per side) for the technology tutorial. Aylus will present its technology tutorial first but may reserve time to respond to Apple's technology tutorial presentation. Apple will present its technology tutorial second.

Aylus has requested that the Court allocate two hours for the claim construction hearing and Apple has requested that the Court allocate two and a half hours for the claim construction hearing. The parties request that the Court hear the terms the Court chooses to construe in the following order:

1. "wide area network"
2. "negotiate media content delivery between the MS and the MR"
3. "remote from the UE"
4. "resides in the signaling domain"
5. "VCR controls"
6. "cooperate with [network control point/the serving node] CP logic"
7. "video play controls"
8. "the CP logic … serves as a [first/second] proxy"
9. "handset"
10. "serving node"

1
2  Dated:  August 21, 2014                    QUINN EMANUEL URQUHART & SULLIVAN, LLP
3
4                                             By: /s/ Harold A. Barza
5                                                 HAROLD A. BARZA
                                                  Attorneys for Plaintiff,
6                                                 Aylus Networks, Inc
7
8  Dated:  August 21, 2014                    DLA PIPER LLP (US)
9
10                                            By: /s/ Mark D. Fowler
11                                                MARK D. FOWLER
                                                  CHRISTINE K. CORBETT
12                                                ROBERT BUERGI
                                                  ROBERT WILLIAMS
13                                                ERIK R. FUEHRER
                                                  JONATHAN HICKS
14                                                Attorneys for Defendant
                                                  Apple Inc.
15
16
17
18
19
20
21
22
23
24
25
26
27
28

05010.00001/6192331.2

-13-
FURTHER JOINT CASE MANAGEMENT STATEMENT

1 **[PROPOSED] CASE MANAGEMENT ORDER**

2 The above FURTHER JOINT CASE MANAGEMENT STATEMENT &
3 [PROPOSED] PRE-TRIAL SCHEDULING ORDER is approved as the Case Management
4 Order for this case and all parties shall comply with its provisions. [In addition, the Court
5 makes the further orders stated below:]

6 IT IS SO ORDERED.

7
8 DATED: _____

9
10                                     Hon. Edward M. Chen
                                        United States District Judge
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **ATTESTATION CLAUSE**

I, William O. Cooper, am the ECF User whose identification and password are being used to file this Joint Case Management Statement and Rule 26(f) Report and [Proposed] Order. In compliance with Civil Rule 5-1(i)(3), I hereby attest that Mark D. Fowler has concurred in this filing.

Dated:  August 21, 2014                                   QUINN EMANUEL URQUHART & SULLIVAN, LLP


By: /s/ William O. Cooper
　　WILLIAM O. COOPER
　　Attorneys for Plaintiff,
　　Aylus Networks, Inc

05010.00001/6192331.2

-15-
FURTHER JOINT CASE MANAGEMENT STATEMENT