MARK D. FOWLER, Bar No. 124235
mark.fowler@dlapiper.com
CHRISTINE K. CORBETT, Bar No. 209128
christine.corbett@dlapiper.com
ROBERT BUERGI, Bar No. 242910
robert.buergi@dlapiper.com
ERIK R. FUEHRER, Bar No. 252578
erik.fuehrer@dlapiper.com
JONATHAN HICKS, Bar No. 274634
jonathan.hicks@dlapiper.com
**DLA PIPER LLP (US)**
2000 University Avenue
East Palo Alto, CA 94303-2214
Telephone: 650.833.2000
Facsimile: 650.833.2001

ROBERT WILLIAMS, Bar No. 246990
robert.williams@dlapiper.com
**DLA PIPER LLP (US)**
401 B Street, Suite 1700
San Diego, CA 92101-4297
Telephone: 619.699.2700
Facsimile: 619.699.2701

Attorneys for Defendant
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

AYLUS NETWORKS, INC.,

Plaintiff,

v.

APPLE INC.,

Defendant.

CASE NO. 3:13-cv-04700-EMC

**DEFENDANT APPLE INC.'S NOTICE OF MOTION AND MOTION FOR STAY OF THE CASE PENDING *INTER PARTES* REVIEW OF UNITED STATES PATENT NO. RE44,412**

DATE: November 4, 2014
TIME: 2:30 p.m.
PLACE: Courtroom 5, 17th Floor
JUDGE: Honorable Edward M. Chen

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION .......... 1

II. PROCEDURAL HISTORY .......... 3

A. The Case Is In Its Early Stages .......... 3

B. The *Inter Partes* Review Petitions .......... 3

C. Good Faith Meet And Confer Efforts .......... 3

III. INTER PARTES REVIEW .......... 4

IV. A PRE-INSTITUTION STAY OF THIS CASE IS APPROPRIATE .......... 5

A. Factor One: Discovery Is At An Early Stage And The Court Has Not Set A Trial Date. .......... 6

B. Factor Two: Granting A Stay Will Simplify The Issues In Dispute. .......... 8

C. Factor Three: Aylus Will Not Suffer Undue Prejudice Or Disadvantage. .......... 9

V. CONCLUSION .......... 10

# TABLE OF AUTHORITIES

**Page**

## CASES

*Andersons, Inc. v. Enviro Granulation, LLC*,
2014 WL 4059886 (M.D. Fla. Aug. 14, 2014) ........ 5

*ASCII Corp. v. STD Entm't USA, Inc.*,
844 F. Supp. 1378 (N.D. Cal. 1994) ........ 5

*Asetek Holdings, Inc. v. Cooler Master Co., Ltd.*,
2014 WL 1350813 (N.D. Cal. Apr. 3, 2014) ........ 4, 9

*Black & Decker Inc. v. Positec USA, Inc.*,
2013 WL 5718460, (N.D. Ill. Oct. 1, 2013) ........ 10

*Brixham Solutions, Ltd. v. Juniper Networks, Inc.*,
2014 WL 1677991 (N.D. Cal. Apr. 28, 2014) ........ 5, 7, 9

*Coho Licensing LLC v. Glam Media, et al.*,
2014 WL 4681699 (N.D. Cal. Sept. 17, 2014) ........ 5, 6

*Dorman Prods., Inc. v. Paccar, Inc.*,
2014 WL 2725964 (E.D. Pa. June 16, 2014) ........ 5

*Ethicon, Inc. v. Quigg*,
849 F.2d 1422 (Fed. Cir. 1988) ........ 5

*Evolutionary Intelligence, LLC v. Apple Inc.*,
2014 WL 93954 (N.D. Cal. Jan. 9, 2014) ........ 5, 10

*Evolutionary Intelligence, LLC v. Facebook, Inc.*,
2014 WL 261837 (N.D. Cal. Jan. 23, 2014) ........ 5, 8

*Evolutionary Intelligence, LLC v. Sprint Nextel Corp.*,
2014 WL 819277 (N.D. Cal. Feb. 28, 2014) ........ 5, 7, 9

*Evolutionary Intelligence, LLC v. Yelp Inc.*,
2013 WL 6672451 (N.D. Cal. Dec. 18, 2013) ........ 4, 5

*E-Watch, Inc. v. Lorex Canada, Inc.*,
2013 WL 5425298 (S.D. Tex. Sept. 26, 2013) ........ 6

*Ho Keung Tse v. Apple, Inc.*,
2007 WL 2904279 (N.D. Cal. Oct. 4, 2007) ........ 9

*Ignite USA, LLC v. Pacific Market Int'l, LLC*,
2014 WL 2505166 (N.D. Ill. May 29, 2014) ........ 5

**TABLE OF AUTHORITIES**
**(cont'd)**

**Page**

*In re Cygnus Telecomms. Tech., LLC Patent Litig.*,
385 F. Supp. 2d 1022 (N.D. Cal. 2005) .......... 6, 9

*Intellectual Ventures II LLC v. Commerce Bancshares, Inc.*,
2014 WL 2511308 (W.D. Mo. June 4, 2014) .......... passim

*Intellectual Ventures II LLC v. Huntington Bancshares Inc.*,
2014 WL 2589420 (S.D. Ohio June 10, 2014) .......... 5

*Laitram Corp. v. NEC Corp.*,
163 F.3d 1342 (Fed. Cir. 1998) .......... 10

*Landis v. N. Am. Co.*,
299 U.S. 248 (1936) .......... 5

*Nanometrics, Inc. v. Nova Measuring Instruments, Ltd.*,
2007 WL 627920 (N.D. Cal. Feb. 26, 2007) .......... 6

*Network Appliance, Inc. v. Sun Microsystems, Inc.*,
2010 WL 545855 (N.D. Cal. Feb. 11, 2010) .......... 7

*Orinda Intellectual Prop. USA Holding Grp., Inc. v. Sony Elecs. Corp.*,
2010 WL 3184375 (N.D. Cal. Aug. 11, 2010) .......... 9

*PersonalWeb Tech. v. Facebook*,
2014 WL 116340 (N.D. Cal. Jan. 13, 2014) .......... 7, 8, 9

*Procter & Gamble Co. v. CAO Group, Inc.*,
2014 WL 3573597 (S.D. Ohio July 21, 2014) .......... 5

*Software Rights Archive, LLC v. Facebook, Inc.*,
2013 WL 5225522 (N.D. Cal. Sept. 17, 2013) .......... 5

*Speedtrack, Inc. v. Wal-Mart.Com USA, LLC*,
2009 WL 281932 (N.D. Cal. Feb. 5, 2009) .......... 6

*Target Therapeutics, Inc. v. SciMed Life Sys., Inc.*,
1995 WL 20470 (N.D. Cal. Jan. 13, 1995) .......... 8

*Telemac Corp. v. Teledigital, Inc.*,
450 F. Supp. 2d 1107 (N.D. Cal. 2006) .......... 6

*Universal Elecs., Inc. v. Universal Remote Control, Inc.*,
943 F. Supp. 2d 1028 (C.D. Cal. 2013) .......... 5

## TABLE OF AUTHORITIES
## (cont'd)

**Page**

### STATUTES

35 U.S.C. § 251 .......... 1

35 U.S.C. § 311(a) .......... 4

35 U.S.C. § 311(b) .......... 4

35 U.S.C. § 314(a) .......... 4

35 U.S.C. § 315(e) .......... 9

35 U.S.C. § 316(a)(11) .......... 4

### OTHER AUTHORITIES

157 Cong. Rec. S952 (daily ed. Feb. 28, 2011) .......... 4

Patent Local Rule 3 .......... 7

**NOTICE OF MOTION AND MOTION**

TO THE COURT AND ALL COUNSEL OF RECORD:

NOTICE IS HEREBY GIVEN that on November 4, 2014 at 2:30 p.m., or as soon thereafter as counsel may be heard in Courtroom 5 of the above-titled court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant Apple Inc. ("Apple") will and hereby does move the Court for an order staying the case pending resolution by the United States Patent Trial and Appeal Board ("PTAB") of Apple's requested *inter partes* review of United States Patent No. RE44,412 or, in the alternative, a brief stay pending the PTAB's decision regarding institution.

This motion is based upon this notice, the accompanying memorandum of points and authorities, the accompanying declaration of Christine Corbett, all pleadings, papers and records on file in this action, and such oral argument as may be presented at the hearing on this matter.

**STATEMENT OF RELIEF**

Apple seeks an Order from the Court staying this case pending the final outcome of the *inter partes* review ("IPR") proceedings of United States Patent No. RE44,412 ("the '412 patent"). Alternatively, Apple seeks an Order briefly staying this case pending a decision by the PTAB regarding institution, which Apple expects on or before March, 2015.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Aylus Networks, Inc. ("Aylus") asserts that Apple infringes one patent that was subject to a reissuance by the United States Patent and Trademark Office ("PTO").[1] Apple has filed two requests for *inter partes* review of that one patent and now seeks a stay of this litigation pending the final outcome of the IPR proceedings or, at the very least, a brief stay pending the decisions regarding institution of the IPRs. A stay, prior to the institution of Apple's *inter partes* review petitions, is particularly appropriate here for the following reasons:

[1] A reissue patent application is filed by a patent holder after a patent has been issued to correct an error in the issued patent where the error renders the patent wholly or partially inoperable or invalid. The procedure is codified in 35 U.S.C. § 251.

First, the time and resources both the Court and the parties will expend at the upcoming *Markman* hearing will be of limited value given that the Court may construe terms that are no longer at issue as a result of the IPR proceedings. And, even if claims are not cancelled, the IPR proceeding may certainly assist the Court in understanding the scope of the claims and aid the Court in its claim construction analysis.

Second, this case is in its early stages. There is no date for the close of fact discovery and there is no set trial date. While the parties have exchanged limited written discovery, the parties have not scheduled or taken any depositions. There are no deadlines for the parties to file dispositive motions.

Third, the IPRs, if successful, will result in all of the asserted claims being cancelled and, therefore, in addition to assisting with claim construction as discussed above, also would simplify, if not eliminate, discovery and trial. During PTO fiscal year 2013, the PTO instituted IPR proceedings on 87% of the petitions and, as of September 25, 2014, the PTO has instituted IPR proceedings on 75% of the petitions filed during PTO fiscal year 2014. As of June 16, 2014, the percent of claims that have been cancelled in final written decisions in IPRs is 68.7% -- an over two-thirds cancellation rate. Furthermore, as of May 15, 2014, approximately 84% of final decisions in IPR proceedings have found at least one claim invalid. And, here, Apple has filed two IPR petitions that present the PTAB with *eight* different grounds, each of which invalidate some or all of the asserted claims of the ’412 patent. Additionally, in this action, Apple will be estopped from asserting invalidity on any ground it raised or reasonably could have raised during the IPRs, thereby simplifying that aspect of the case.

Fourth, a stay will not prejudice Aylus. Aylus has not sought a preliminary injunction and can be compensated monetarily for any claims that survive the IPR proceedings and are found to be infringed and valid. Moreover, Apple timely filed its IPR petitions and promptly filed this motion to stay. And, a pre-institution stay of this case will potentially add only a small delay to this case (approximately six months) that will not prejudice Aylus in any substantive way. Indeed, courts have held that “the potential benefits of IPR outweigh the relatively modest delay resulting from the stay if the petition for IPR is denied.” *Intellectual Ventures II LLC v.*

*Commerce Bancshares, Inc.*, 2014 WL 2511308, *4 (W.D. Mo. June 4, 2014). Such is the case here given the significant benefit of the IPR proceedings to the upcoming claim construction hearing. In the unlikely event that both IPR proceedings are denied, the stay can be quickly lifted and the parties can resume claim construction.

## II. PROCEDURAL HISTORY

### A. The Case Is In Its Early Stages

Aylus filed its original complaint on October 9, 2013, asserting infringement of the '412 patent. (Dkt. No. 1.) On January 27, 2014, Aylus filed a first amended complaint adding indirect infringement allegations. (Dkt. No. 26.) On March 10, 2014, Aylus filed its second amended complaint, continuing to allege infringement of just the '412 patent, but removing its willfulness allegations. (Dkt. No. 37.) On March 24, 2014, Apple filed its answer to the second amended complaint. (Dkt. No. 42.) The Court held an initial case management conference on February 13, 2014, and scheduled a *Markman* hearing for November 10, 2014. (Dkt. Nos. 30, 48.) No date for the close of fact discovery or trial has been set. While the parties have exchanged limited written discovery, no depositions have been scheduled or taken. Also, while the parties have exchanged infringement and invalidity contentions, and proposed constructions, the claim construction hearing and tutorial have not yet occurred.

### B. The *Inter Partes* Review Petitions

On September 29, 2014, Apple filed two petitions for *inter partes* review of the '412 patent with the PTAB. Declaration of Christine Corbett In Supp. of Mot. to Stay ("Corbett Decl."), Exs. A-B. Apple's two IPR petitions seek review of all claims of the '412 patent. *Id.* Aylus' initial responses to the IPR petitions, if it chooses to file them, will be completed by December, 2014. Apple expects a decision granting the IPR on or before March, 2015. Each IPR petition attacks the patentability of the asserted claims of the '412 patent based upon unique obviousness combinations. Between the two petitions, there are eight different grounds on which the PTAB could cancel some or all of the asserted claims of the '412 patent.

### C. Good Faith Meet And Confer Efforts

On August 21, 2014, the parties filed a further Joint Case Management Statement in

anticipation of the Court's August 27, 2014, Further Case Management Conference. (Dkt. No. 50.) In that further Joint Case Management Statement, Apple informed the Court and Aylus of its intent to bring the instant motion and Aylus indicated that it would oppose the proposed stay.

## III. *INTER PARTES* REVIEW

Pursuant to the Leahy-Smith America Invents Act ("AIA"), "any 'person who is not the owner of a patent may file with the [PTO] a petition to institute an *inter partes* review of the patent.'" *Asetek Holdings, Inc. v. Cooler Master Co., Ltd.*, 2014 WL 1350813, *2 (N.D. Cal. Apr. 3, 2014) (quoting 35 U.S.C. § 311(a)). Pursuant to 35 U.S.C. § 311(b), petitioners "may request to cancel as unpatentable 1 or more claims of a patent only on a ground that could be raised under section 102 or 103 and only on the basis of prior art consisting of patents or printed publications." 35 U.S.C. § 311(b).

By enacting the AIA, Congress replaced the pre-existing *inter partes* reexamination procedure with the IPR procedure with the intent to provide a "faster, less costly alternative to civil litigation to challenge patents." 157 Cong. Rec. S952 (daily ed. Feb. 28, 2011) (statement by Senator Grassley). The PTAB is required, by statute, to issue its final written determination on validity within just twelve months of deciding to initiate an IPR, with just one possible six-month extension. *See* 35 U.S.C. § 316(a)(11). Thus, the new IPR procedure is much faster than the pre-existing *inter partes* reexamination it replaced because the average pendency for *inter partes* reexamination is 39.5 months. *See Asetek*, 2014 WL 1350813, at *2; U.S. Patent and Trademark Office, "*Inter Partes* Reexamination Filing Data – September 30, 2012" (Sept. 30, 2012); *Evolutionary Intelligence, LLC v. Yelp Inc.*, 2013 WL 6672451, *2 (N.D. Cal. Dec. 18, 2013) ("In contrast, the average length of an inter partes reexamination was around 36 month[s], and if either party appealed the determination from the reexamination, the process could extend another three years.") (citation omitted).

As this Court recently stated:

> In order to institute an IPR trial, the PTO must determine that the petition presents "a reasonable likelihood that the petitioner would prevail with respect to at least 1 of the claims challenged in the petition," 35 U.S.C. § 314(a), which is a "more stringent [requirement] than the previous 'substantial new question of

patentability' standard."

*Id.* (quoting *Universal Elecs., Inc. v. Universal Remote Control, Inc.*, 943 F. Supp. 2d 1028, 1030 (C.D. Cal. 2013)).

## IV. A PRE-INSTITUTION STAY OF THIS CASE IS APPROPRIATE

A pre-institution stay of this case is within the Court's discretion to grant and similar stays have routinely been granted by courts in this and other districts.[2] In this regard, district courts have the inherent power to stay litigation pending resolution of post-grant proceedings before the PTO. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988). To that end, "there is a liberal policy in favor of granting motions to stay proceedings pending the outcome of the USPTO reexamination… proceedings." *ASCII Corp. v. STD Entm't USA, Inc.*, 844 F. Supp. 1378, 1381 (N.D. Cal. 1994). Such stays are granted in order to avoid inconsistent results, obtain guidance from the PTAB, or avoid needless waste of judicial resources. *See Evolutionary Intelligence, LLC v. Apple Inc.*, 2014 WL 93954 (N.D. Cal. Jan. 9, 2014). Indeed, a stay pre-institution is particularly justified here in light of the upcoming claim construction hearing where the denial of the stay may result in inconsistent results, waste judicial resources and deny the Court the guidance from the PTAB regarding claim scope. *See Brixham Solutions*, 2014 WL 1677991 (staying action pending a decision by the

---

[2] *See Coho Licensing LLC v. Glam Media, et al.*, 2014 WL 4681699 (N.D. Cal. Sept. 17, 2014) (stay granted prior to *inter partes* institution); *Brixham Solutions, Ltd. v. Juniper Networks, Inc.*, 2014 WL 1677991 (N.D. Cal. Apr. 28, 2014) (stay granted prior to *inter partes* institution); *Evolutionary Intelligence, LLC v. Sprint Nextel Corp.*, 2014 WL 819277, *1 (N.D. Cal. Feb. 28, 2014) (stay granted prior to *inter partes* institution); *Evolutionary Intelligence, LLC v. Facebook, Inc.*, 2014 WL 261837 (N.D. Cal. Jan. 23, 2014) (stay granted prior to *inter partes* institution); *Software Rights Archive, LLC v. Facebook, Inc.*, 2013 WL 5225522 (N.D. Cal. Sept. 17, 2013) (stay granted prior to *inter partes* institution); *see also Andersons, Inc. v. Enviro Granulation, LLC*, 2014 WL 4059886 (M.D. Fla. Aug. 14, 2014) (stay granted prior to *inter partes* institution); *Procter & Gamble Co. v. CAO Group, Inc.*, 2014 WL 3573597, *3 (S.D. Ohio July 21, 2014) (stay granted prior to *inter partes* institution); *Dorman Prods., Inc. v. Paccar, Inc.*, 2014 WL 2725964, *1 (E.D. Pa. June 16, 2014) (stay granted prior to *inter partes* institution); *Intellectual Ventures II LLC v. Huntington Bancshares Inc.*, 2014 WL 2589420, *5 (S.D. Ohio June 10, 2014) (stay granted prior to *inter partes* institution); *Intellectual Ventures II LLC*, 2014 WL 2511308, at *5 (W.D. Mo. June 4, 2014) (stay granted prior to *inter partes* institution); *Ignite USA, LLC v. Pacific Market Int'l, LLC*, 2014 WL 2505166, *4 (N.D. Ill. May 29, 2014) (stay granted prior to *inter partes* institution).

PTAB regarding institution of *inter partes* review); *Software Rights Archive*, 2013 WL 5225522 (same); *see also Coho Licensing LLC*, 2014 WL 4681699, at *3 (N.D. Cal. Sept. 17, 2014) ("[t]he fact that the PTAB has not yet determined whether it will grant the requests for IPR does not alter the Court's finding."). Notably, as one court noted:

> If the USPTO declines the petitions for IPR, the stay will quickly be lifted resulting in little delay. However, if the USPTO accepts the IPR petitions, the continuation of this litigation will likely result in the unnecessary expenditure of the parties' and court's time and resources on claims that may be fundamentally altered by the USPTO's determination regarding the patents-in-suit.

*Intellectual Ventures*, 2014 WL 2511308, at *4 (citing *E-Watch, Inc. v. Lorex Canada, Inc.*, 2013 WL 5425298, *2 (S.D. Tex. Sept. 26, 2013)). The same analysis applies here.

In determining whether to grant a stay pending review, courts consider: (1) the stage and history of the litigation, including whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party. *See, e.g.*, *Speedtrack, Inc. v. Wal-Mart.Com USA, LLC*, 2009 WL 281932, *1 (N.D. Cal. Feb. 5, 2009) (citing *Nanometrics, Inc. v. Nova Measuring Instruments, Ltd.*, 2007 WL 627920, *2 (N.D. Cal. Feb. 26, 2007)); *Telemac Corp. v. Teledigital, Inc.*, 450 F. Supp. 2d 1107, 1111 (N.D. Cal. 2006)). "A stay is particularly justified where the outcome of the reexamination would be likely to assist the court in determining patent validity and, if the claims were cancelled in the reexamination, would eliminate the need to try the infringement issue." *In re Cygnus Telecomms. Tech., LLC Patent Litig.*, 385 F. Supp. 2d 1022, 1023 (N.D. Cal. 2005). Here, each of these factors support a stay.

### A. Factor One: Discovery Is At An Early Stage And The Court Has Not Set A Trial Date.

The early stage of this litigation strongly favors a pre-institution stay. The Court has not set a date for the close of fact or expert discovery or for trial. Discovery is still at an early stage and no depositions have been scheduled or conducted. Corbett Decl., ¶ 3. No dispositive

motions have been scheduled, briefed or heard. *Id.* The claim construction hearing is scheduled for November 10, 2014.

Although the parties have engaged in claim construction briefing, the Court should not proceed with the *Markman* hearing without the PTAB's guidance regarding claim scope and, likely, claim cancellation. And, while each party has served written discovery, and while documents have been and continue to be produced pursuant to those requests, such limited discovery does not warrant continuing the expense of litigation during the IPR proceedings. *See PersonalWeb Tech. v. Facebook*, 2014 WL 116340, *3-4 (N.D. Cal. Jan. 13, 2014) (stay pending *inter partes* review grant, noting that "[t]he parties and courts have already invested significant time and effort into these matters; a claim construction order has been issued and the close of fact discovery is fast approaching. However, a substantial portion of the work – expert discovery, summary judgment, pre-trial preparation and trial itself – lies ahead…. Considering that the parties have yet to engage in the significant and costly work of conducting expert discovery and preparing summary judgment motions, and taking notice that the preliminary pretrial conference, i.e., the point at which the court will set the trial date, is still six months away, the court finds that this case is not so far advanced that a stay would be improper." (emphasis in original)); *Network Appliance, Inc. v. Sun Microsystems, Inc.*, 2010 WL 545855, *3 (N.D. Cal. Feb. 11, 2010) (stay granted even though some discovery and claim construction had taken place because "considerable resources will still need to be expended by the parties and the Court in completing … portions of the case. Further, no summary judgment motions have been scheduled, briefed or heard, and no trial date has been set, all of which will necessarily entail a significant amount of work."); *Brixham Solutions*, 2014 WL 1677991, at *2 (holding that case was at a "relatively early stage" because the "Court has not set dates for fact or expert discovery cut-offs or for trial. Nor has claim construction yet occurred, although the parties have submitted their claim construction briefs.").

Moreover, although the parties have exchanged their Patent Local Rule 3 disclosures, granting a stay is still appropriate. *See Evolutionary Intelligence, LLC v. Sprint Nextel Corp.*, 2014 WL 819277 (N.D. Cal. Feb. 28, 2014) (granting stay even though infringement and

invalidity contentions were exchanged).

And, finally, absent a stay, the parties are likely to expend significant resources in discovery prior to the PTAB's decision on whether to institute Apple's two IPR petitions. Given the high probability that Apple's IPR requests will be granted and that the IPR petitions will impact all claims of the patent-in-suit, a short stay pending the PTAB's decision is justified in order to avoid these costs.

As such, the procedural posture factor weighs in favor of granting a stay of the case.

**B. Factor Two: Granting A Stay Will Simplify The Issues In Dispute.**

A stay will simplify the issues and streamline or eliminate trial, thereby reducing the burden on the Court and the parties. Indeed, the IPRs are likely to result in all of the cancellation of all asserted claims. Reports show that the PTAB has cancelled 68.7% of claims in final written decisions and that 84% of final decisions in IPR proceedings have found at least one claim invalid. Corbett Decl., Exs. C, D, E. *See PersonalWeb*, 2014 WL 116340, at *2 ("This new threshold requirements presents a more stringent standard than the previous 'substantial new question of patentability' and thus provides some assurance that the delay suffered as a result of the IPR will be worthwhile."). "[W]aiting for the outcome of the reexamination could eliminate the need for trial if the claims are cancelled or, if the claims survive, facilitate trial by providing the court with expert opinion of the PTO and clarifying the scope of the claims." *Target Therapeutics, Inc. v. SciMed Life Sys., Inc.*, 1995 WL 20470, at *2 (N.D. Cal. Jan. 13, 1995). "This is particularly true when a party has obtained PTO review of each of the asserted claims in the patents-in-suit." *Evolutionary Intelligence, LLC v. Facebook, Inc.*, 2014 WL 261837, *4 (N.D. Cal. Jan. 23, 2014). As such, the IPR proceeding could eliminate the need for trial entirely, or, at the very least, streamline the issues and assist with claim construction.

This is especially true in the instant action given the upcoming *Markman* hearing because, absent a stay, the Court will be construing claims that later may be cancelled. And, to the extent that any asserted claims survive the IPRs, Aylus's submissions to the PTAB and the expert opinion of the PTAB may certainly assist the Court in understanding the scope of the claims and aid the Court in its claim construction analysis. Here, Aylus' first responses to the IPR petitions,

if it chooses to file them, will be submitted in December, 2014.

Further, Apple will be estopped from asserting invalidity on any ground it raised or reasonably could have raised during the IPRs. 35 U.S.C. § 315(e); *Sprint Nextel*, 2014 WL 819277, at *4 ("[S]tautory estoppel simplifies the issues by preventing parties from relitigating the same validity issues before the PTO and the Court."); *Brixham Solutions*, 2014 WL 1677991, at *1 (holding that case will be streamlined even if no claims are cancelled because of the estoppel provisions). Thus, even in the unlikely event that some of the asserted claims survive the IPRs, the scope of the parties' dispute will be narrowed. The simplification factor thus also supports the grant of a stay.

**C. Factor Three: Aylus Will Not Suffer Undue Prejudice Or Disadvantage.**

The final factor is "whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party." *Asetek*, 2014 WL 1350813, at *4; *PersonalWeb*, 2014 WL 116340, at *5 (citing *Cygnus*, 385 F. Supp. 2d at 1023). Aylus will not be prejudiced by a stay pending the PTAB's *inter partes* review because "[d]elay alone does not usually constitute undue prejudice, because 'parties having protection under the patent statutory framework may not 'complain of the rights afforded to others by that same statutory framework.''" *Asetek*, 2014 WL 1350813, at *4 (citations omitted); *Orinda Intellectual Prop. USA Holding Grp., Inc. v. Sony Elecs. Corp.*, 2010 WL 3184375, *4 (N.D. Cal. Aug. 11, 2010) ("The delay inherent to the reexamination process does not constitute, by itself, undue prejudice."); *Ho Keung Tse v. Apple, Inc.*, 2007 WL 2904279, *4 (N.D. Cal. Oct. 4, 2007). And, the potential delay associated with *inter partes* review is not "significant in comparison to the post-grant review procedures that existed prior to the enactment of the America Invents Act; in particular the procedures for *inter partes* review provide that the Patent Trial and Appeal Board will issue a final written decision within a year of the institution decision." *Brixham Solutions*, 2014 WL 1677991, at **6-7.

Moreover, this is not a case where IPR is sought on the eve of trial or after an unfavorable ruling. No claim construction order has issued and no dispositive motions have been filed. And, as discussed above, no fact or expert discovery cutoff is set, no depositions have been held, no expert reports have been exchanged, and no trial date is set.

Apple also did not delay in filing its petitions for *inter partes* review. Indeed, Apple filed its petitions within the one-year statutory deadline to do so and less than six months after Aylus served its infringement contentions. In this regard, Courts in this district have granted stays pending the PTAB's decision to institute IPRs even though the various defendants filed their petitions for IPR on the last day permitted under the statute. *See, e.g.*, *Evolutionary Intelligence, LLC v. Apple, Inc.*, 2014 WL 93954 (N.D. Cal. Jan. 9, 2014). Apple also timely filed for a stay – filing just one day after it submitted its two IPR petitions.

Aylus can also be compensated monetarily for any delay resulting from the *inter partes* review. Aylus did not seek a preliminary injunction, evidencing that money damages are sufficient to compensate Aylus for any alleged infringement. *Laitram Corp. v. NEC Corp.*, 163 F.3d 1342, 1346 (Fed. Cir. 1998) ("A patentee of a reexamined patent is entitled to infringement damages, *inter alia*, for the period between the date of issuance of the original claims and the date of issuance of the reexamined claims if the original and reexamined claims are 'identical.'").

And, finally, although the PTAB has not yet decided whether to institute IPR, there is no prejudice to the plaintiff as a result of the short delay between the filing of the IPR and the decision on whether to institute. *Intellectual Ventures II LLC*, 2014 WL 2511308, at *4; *Black & Decker Inc. v. Positec USA, Inc.*, 2013 WL 5718460, *2 (N.D. Ill. Oct. 1, 2013) ("[S]hould the PTO deny review, the delay in waiting for that decision will be fairly short."). In the unlikely event that the PTAB declines to grant the petitions for IPR, the stay can be quickly lifted.

Because there is no prejudice to Aylus and there is no clear tactical disadvantage to Aylus if the Court were to grant the stay, the final factor also supports a stay of the case.

## V. <u>CONCLUSION</u>

For the foregoing reasons, the case should be stayed in its entirety pending the final outcome of the IPRs or, in the alternative, should be stayed pending the PTAB's decision regarding institution.

/ / /

/ / /

/ / /

Dated: September 30, 2014

DLA PIPER LLP (US)

By: */s/ Christine K. Corbett*

MARK D. FOWLER
CHRISTINE K. CORBETT
ROBERT BUERGI
ROBERT WILLIAMS
ERIK R. FUEHRER
JONATHAN HICKS
Attorneys for Defendant
Apple Inc.