# EXHIBIT 3

Docket No.:  0290976.00134 US1
(PATENT)

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | | |
|---|---|---|---|
| Applicant: | Shamim A. Naqvi et al. | Confirmation No.: | 1949 |
| Application No.: | 11/370,793 | Art Unit: | 2419 |
| Filed: | March 8, 2006 | Examiner: | A. M. Sequeira |
| Title: | DIGITAL HOME NETWORKS HAVING A CONTROL POINT LOCATED ON A WIDE AREA NETWORK | | |

Commissioner for Patents
P.O. Box 1450
Alexandria, VA  22313-1450

## AMENDMENT IN RESPONSE TO NON-FINAL OFFICE ACTION

Dear Madam:

### INTRODUCTORY COMMENTS

In response to the Office Action dated March 25, 2009, please amend the above-identified U.S. patent application as follows:

**Amendments to the Claims** are reflected in the listing of claims which begins on page 2 of this paper.

**Amendments to the Drawings** begin on page 5 of this paper.

**Remarks/Arguments** begin on page 6 of this paper.

Application No. 11/370,793                                   Docket No.: 0290976.00134US1
Amendment dated August 19, 2009
Reply to Office Action of March 25, 2009

## AMENDMENTS TO THE CLAIMS

Listing of claims:

The following listing of claims replaces all prior versions of the claims.

1.  (Currently Amended) A method of controlling and delivering media content from a media server (MS) to a media renderer (MR) utilizing a wide area [[IMS]] network for control, comprising the acts of:

> provisioning a serving node in the [[IMS]] network with control point (CP) logic that includes logic to negotiate media content delivery with at least one of an MS and an MR, wherein the CP logic, MS, and MR resides outside of a user endpoint (UE) and the CP resides in the signaling domain and serves as a first proxy;

> provisioning the a user endpoint (UE[[)]] device of the IMS network with control point proxy (CPP) logic that includes (i) logic to negotiate media content delivery with at least one of an MS and an MR,  (ii) logic to cooperate with CP logic to negotiate media content delivery between an MS and an MR, and (iii) video cassette recorder (VCR) controls to control a presentation of content provided by the MS and rendered by the MR, wherein the CPP logic resides in the UE and serves as a second proxy;

> in response to a media content delivery request, determining a network context of the UE and a network connectivity of the MS and MR;

> invoking the CPP logic and the CP logic to cooperatively negotiate media content delivery between an MS and an MR if one of the MS and MR are not in communication with the UE via a local wireless network; and

> once media content delivery is negotiated, controlling a presentation of delivery via the VCR controls on the UE.

Application No. 11/370,793                                                    Docket No.: 0290976.00134US1
Amendment dated August 19, 2009
Reply to Office Action of March 25, 2009

2.  (Original) The method of claim 1, wherein the CPP logic is invoked to negotiate media content delivery between an MS and an MR if the MS and MR are both in communication with the UE via a local wireless network.

3.  (Original) The method of claim 2, wherein the local wireless network includes at least one a Wi-Fi network, a WiMax network, and a Bluetooth network.

4.  (Original) The method of claim 1, wherein the CP logic is invoked to negotiate media content delivery between an MS and an MR if neither the MS nor the MR are in communication the UE via the local wireless network.

5.  (Original) The method of claim 1, wherein the UE is implemented on a handset.

6.  (Original) The method of claim 5, wherein the handset comprises a display, and the MR uses the display.

7.  (Original) The method of claim 1, wherein at least one of the MS and the MR is on a 3G network and in communication with the serving node.

8.  (Original) The method of claim 1, wherein the UE is in communication with the MR via a local wireless network.

9.  (Original) The method of claim 1, wherein the UE is in communication with both the MS and the MR via a local wireless network.

10.  (Original) The method of claim 1, wherein the CP logic negotiates service delivery from the MS, the MS being on a 3G network, the CPP logic in the UE negotiates delivery on the MR, and the CP logic and CPP logic execute synchronization logic to complete the negotiation of delivery from the MS to the MR.

11.  (Original) The method of claim 1, wherein the UE communicates its network context to the serving node and the serving node informs the UE of the serving node's capabilities for negotiation with devices local to the UE.

3

Application No. 11/370,793                                                    Docket No.: 0290976.00134US1
Amendment dated August 19, 2009
Reply to Office Action of March 25, 2009

12.  (Original) The method of claim 1, wherein the CP logic is configured to serve multiple unrelated devices running CPP logic.

13.  (Original) The method of claim 12, wherein CPP logic is implemented in a UE resident in a handset and in a remote control device.

14.  (Original) The method of claim 13, wherein a user uses the CPP logic in the handset when the user is remote from the MR and uses the CPP logic in the remote control device when the user is local to the MR.

15.  (Original) The method of claim 1, wherein, if one of the MS and MR are remote from the UE, the CPP logic provides information about invoked VCR controls to the CP logic on the serving node to allow the CP logic to control the remote MS or MR.

16.  (Original) The method of claim 1, wherein the MS and the MR are in a digital home network.

17.  (Original) The method of claim 1, wherein the UE determines that it is local to at least one of an MS and an MR by using Universal Plug and Play (UPnP) protocols.

18.  (Original) The method of claim 1, wherein at least one of the MS and MR announce their presence to the UE using at least one of UPnP protocols, Jini technology, RFID, and Bluetooth.

19.  (Original) The method of claim 1, wherein the negotiation of media content delivery includes the negotiation of out-of-band media transfer between the MS and the MR.

Application No. 11/370,793                                          Docket No.: 0290976.00134US1
Amendment dated August 19, 2009
Reply to Office Action of March 25, 2009

## <u>AMENDMENTS TO THE DRAWINGS</u>

The attached sheet(s) of drawings includes changes to Figure 12.  Specifically, reference number 1202 has been correctly labeled as a Control Point Proxy.

Attachment:        Replacement sheet

Annotated sheet showing changes

5

Application No. 11/370,793                              Docket No.: 0290976.00134US1
Amendment dated August 19, 2009
Reply to Office Action of March 25, 2009

## REMARKS

*Status of the claims*

Claims 1-19 are rejected. Claim 1 has been amended. Support for the claim amendments can be found throughout the specification as originally filed, and in particular, at paragraphs [0099]-[0108].

*Objections*

Claim 1 is objected to because the acronyms IMS and VCR are not spelled out. The amended claims delete references to "IMS" and spell out the acronym "VCR".

*Rejections*

## 35 U.S.C. § 112

Claims 1-19 are rejected under 35 U.S.C. § 112 as being indefinite. The Office Action states that the "CPP is assumed to be logic which resides in the user endpoint (UE)." Office Action at 4. However, claim 1 as originally filed defines the CPP logic as "logic that includes (i) logic to negotiate media content delivery with at least one of an MS and an MR, (ii) logic to cooperate with CP logic to negotiate media content delivery between an MS and an MR, and (iii) VCR controls to control a presentation of content provided by the MS and rendered by the MR." By defining the CPP logic to only be "logic which resides in the user endpoint (UE)" improperly reads out limitations from the claims. Further, support for the functions of the CPP can be found throughout the specification as originally filed and at least at paragraphs [0099]-[0108].

## 35 U.S.C. § 103

Claims 1-14 and 16-17 are rejected under 35 U.S.C. § 112 as being obvious over Niemi (U.S. Publication no. 2004/0107143, in view of Kronz (U.S. Patent No. 6,675,196) and further in view of Vidal (U.S. Publication No. 2003/0193426). Claim 15 is rejected under 35 U.S.C. § 103 as

6

Application No. 11/370,793
Amendment dated August 19, 2009
Reply to Office Action of March 25, 2009

Docket No.: 0290976.00134US1

being unpatentable over Niemi, in view of Kronz, Vidal, and Cannon (U.S. Patent No. 6,014,706). Claims 17 and 19 are rejected under 35 U.S.C. § 103 as unpatentable over Niemi, Kronz, Vidal, and OSGi Service Platform Release 3, (OSGi)

Niemi relates to a network accounting system using proxies that "allows a User Agent (UA) to download content from its associated proxy without being charged for the necessary radio interface time, i.e., the costs for downloading the content must be deducted from the user's access charge." (Niemi at Abstract). Niemi is concerned with making it possible for one user, say "A", to send a pointer to some content to another user "B" and have "B" order a download of said content using an intermediate proxy. Niemi shows a way that "B" cannot be charged for the requested download ("A" is charged). While Niemi discloses the use of a proxy, Niemi's proxy resides in the network and not on the user endpoint.

Kronz relates to a universal discovery and request protocol for accessing content from a media server. (Kronz at Abstract). Vidal relates to a universal remote control system. (Vidal at Abstract). OSGi discloses an open specification "for the network delivery of managed services to local networks and devices."

However, none of the references recites the following elements:

1. A **two-level proxy**, where **the first-level proxy is the CP** that resides in the network, and **the second-level proxy is the CPP** which resides in the user agent (handset).

2. Managing media requests in a network session and "modifying" the session to access (or re-direct) the content based on the "network context" as the network environment changes or demands. In contrast, Niemi does not consider changing network environments, e.g., Niemi will always charge "B" and not "A" whereas the claimed invention has the flexibility to charge any one of them as the network environment dictates.

3. The **CP, as claimed, does not act as the conventional proxy** disclosed in the cited references, because the claimed CP never actually receives any content. The claimed CP is

Application No. 11/370,793                                      Docket No.: 0290976.00134US1
Amendment dated August 19, 2009
Reply to Office Action of March 25, 2009

involved only in commands and instructions and is not in the media path, i.e., it is only in the
"signaling" domain and not the "bearer" domain.  In Niemi (and other conventional embodiments)
the proxy is in the bearer path.

Further, the cited references are inconsistent when taken together because one specifies that
the proxy resides in the network (Niemi) while the other claims that the proxy can reside in the user
agent (handset).  Therefore, none of the cited references, taken alone or combined, teach or suggest
what is claimed in claim 1.  Claims 2-19 depend from claim 1.  Therefore, claims 2-19 are
patentable over the cited references for the same reasons that claim 1 is patentable.

In view of the above amendment, applicants believe the pending application is in condition
for allowance.  Applicants submit a two-month extension of time with this response.  Please charge
the appropriate fee to our Deposit Account No. 08-0219, under Order No. 0290976.00134US1 from
which the undersigned is authorized to draw.

Respectfully submitted,

Dated:  August 19, 2009

Larissa Park
Larissa Park
Registration No.: 59,051
Attorney for Applicant(s)

Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, Massachusetts  02109
(617) 526-6000 (telephone)
(617) 526-5000 (facsimile)

Attachments

8