1  MARK D. FOWLER, Bar No. 124235
   mark.fowler@dlapiper.com
2  CHRISTINE K. CORBETT, Bar No. 209128
   christine.corbett@dlapiper.com
3  ROBERT BUERGI, Bar No. 242910
   robert.buergi@dlapiper.com
4  ERIK R. FUEHRER, Bar No. 252578
   erik.fuehrer@dlapiper.com
5  JONATHAN HICKS, Bar No. 274634
   jonathan.hicks@dlapiper.com
6  **DLA PIPER LLP (US)**
   2000 University Avenue
7  East Palo Alto, CA 94303-2214
   Telephone: 650.833.2000
8  Facsimile: 650.833.2001

9  ROBERT WILLIAMS, Bar No. 246990
   robert.williams@dlapiper.com
10 **DLA PIPER LLP (US)**
   401 B Street, Suite 1700
11 San Diego, CA 92101-4297
   Telephone: 619.699.2700
12 Facsimile: 619.699.2701

13 Attorneys for Defendant
   APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AYLUS NETWORKS, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>APPLE INC.,<br><br>    Defendant. | CASE NO. 3:13-cv-04700-EMC<br><br>**DEFENDANT APPLE INC.'S MOTION FOR ADMINISTRATIVE RELIEF FOR LEAVE TO FILE A SUPPLEMENTAL REPLY CLAIM CONSTRUCTION BRIEF**<br><br>*Markman* hearing date: November 10, 2014<br>*Markman* hearing time: 2:30 p.m.<br>Place: Courtroom 5, 17th Floor<br>Judge: Honorable Edward M. Chen |

## I. INTRODUCTION

As stated in Defendant Apple Inc.'s ("Apple") Responsive Claim Construction Brief at footnote one, Plaintiff Aylus Networks, Inc. ("Aylus") has violated the Patent Local Rules governing claim construction briefing. Specifically, Aylus failed to address the five Apple-designated claim terms in its opening brief, thereby depriving Apple of any opportunity to respond in writing to Aylus's arguments concerning those five terms. Instead, in what only can be described as calculated gamesmanship, Aylus waited until it filed its Reply Claim Construction Brief (1) to make any arguments regarding the construction of the five Apple-designated terms and (2) to disclose and rely upon its expert's opinions regarding those claim terms, leaving Apple with no opportunity to provide the Court with any briefing as to those arguments or that evidence. To make matters worse, Aylus's reply brief, for the first time, offers a revised claim construction of one of the five claim terms, as to which Apple has had no opportunity to submit any briefing. This blatant violation of the Patent Local Rules is highly prejudicial to Apple, and Apple therefore continues to request, as it did in footnote one of its Responsive Claim Construction Brief, that the Court strike Aylus's Reply Claim Construction Brief as to the five Apple-designated claim terms.[1]

However, if the Court is not inclined to entirely strike Aylus's improper Reply Claim Construction Brief, Apple respectfully seeks, in the alternative pursuant to Civil Local Rule 7-11, leave to file a Supplemental Reply Claim Construction Brief not to exceed ten pages to address and respond to Aylus's arguments concerning the five Apple-designated claim terms. As the Patent Local Rules contemplate, the Court should have the benefit of Apple's response to Aylus's

---

[1] To address yet another Patent Local Rule violation by Aylus, Apple will soon file a motion to strike the expert declaration of Dr. Daniel Wigdor that Aylus submitted with its Reply Claim Construction Brief. Patent Local Rule 4-3 requires the parties to identify any expert witnesses that may be relied upon to either support or oppose claim construction positions. Aylus did not identify any potential expert witness testimony, let alone specifically the testimony of Dr. Wigdor, in its Patent Local Rule 4-3 disclosures, thus failing to provide Apple with (1) proper notice of Aylus's intent to submit expert testimony in connection with its claim construction positions and (2) an opportunity to depose Dr. Wigdor before Apple submitted its claim construction brief. Here, again, Aylus ignores the Court's rules governing the claim construction process.

DLA PIPER LLP (US)
EAST PALO ALTO

WEST\251076065.1

-1-
APPLE'S MOTION FOR ADMIN. RELIEF FOR LEAVE TO FILE A SUPPL. REPLY
CLAIM CONSTRUCTION BRIEF / CASE NO. 13-CV-4700-EMC

arguments regarding the Apple-designated claim terms before the upcoming *Markman* hearing.[2] Aylus's strategic choice to violate the Patent Local Rules is fundamentally unfair and improper and Apple requests an opportunity to address Aylus's evidence and argument regarding the Apple-designated claim terms if the Court is not inclined to strike Aylus's brief as to those terms.

## II. AYLUS VIOLATED THE PATENT LOCAL RULES, THEREBY DEPRIVING APPLE THE OPPORTUNITY TO RESPOND IN WRITING TO AYLUS'S EVIDENCE AND ARGUMENT REGARDING THE APPLE-DESIGNATED CLAIM TERMS.

On September 11, 2014, Aylus filed its opening claim construction brief in this case. Dkt. No. 54. In that brief, Aylus improperly failed to address five of the ten disputed claim terms selected for briefing. *See* Dkt. No. 47 at 2. Patent Local Rule 4-5(a) provides that Aylus, as "the party claiming patent infringement, ***shall***" file and serve "an opening brief and any evidence supporting its claim construction." Aylus failed to do so as to the five Apple-designated claim terms.[3] On September 25, 2014, Apple filed its responsive claim construction brief, addressing all ten disputed terms (as required by the Patent Local Rules) and noting Aylus's failure to do the same (and requesting that any later argument by Aylus as to these five claim terms be stricken as a result). Dkt. No. 55 at n.1. On October 2, 2014, Aylus filed its reply claim construction brief that, for the first time, set forth its arguments concerning the five Apple-designated terms (and

---

[2] On October 3, 2014, Apple informed Aylus of its intent to file this motion and requested Aylus's position, but Aylus did not agree to the relief sought in this Motion. Declaration of Erik Fuehrer in Support of Apple's Administrative Relief For Leave To File A Supplemental Claim Construction Brief ("Fuehrer Decl."), ¶ 2. On October 6, 2014, the parties met and conferred via telephone regarding the relief requested in this motion and on October 6 and 7 exchanged written correspondence regarding the same. Fuehrer Decl., ¶ 3, Ex. A.

[3] During meet-and-confer communications, Aylus's counsel indicated in passing that in the Apple-Samsung patent infringement litigations venued in the Northern District of California, Apple did not brief all claim terms in its opening claim construction brief and is, therefore, taking inconsistent positions. Aylus did not cite to any specific Apple-Samsung case during that meet-and-confer or thereafter. Aylus is wrong. In those cases, both Apple and Samsung asserted claims of patent infringement against one another and, *pursuant to the Patent Local Rules*, each party concurrently filed an opening claim construction brief that addressed ***all*** disputed claim terms for their respective patents. Here, Aylus, as the only party claiming patent infringement, improperly failed to brief five of the ten disputed claim terms in its opening claim construction brief as is required by the Patent Local Rules.

-2-
APPLE'S MOTION FOR ADMIN. RELIEF FOR LEAVE TO FILE A SUPPL. REPLY
CLAIM CONSTRUCTION BRIEF / CASE NO. 13-CV-4700-EMC
WEST\251076065.1
DLA Piper LLP (US)
East Palo Alto

provided its belated expert declaration in support of its arguments). Dkt. No. 62. In each instance as to each of the five Apple-designated claim terms, Aylus did not simply purport to refute Apple's proposed constructions of these claim terms, but also advanced its own affirmative arguments in favor of its own proposed constructions of those terms. And, for the disputed term "resides in the signaling domain," Aylus compounded the error of its improper claim construction strategy by for the first time disclosing an entirely new proposed claim construction in its reply brief. Dkt. No. 62 at 7, n.4. In addition to the fact that Apple has been denied the opportunity to brief this revised construction, there is no excuse for Aylus's failure to previously disclose this revised construction since Aylus has been aware of Apple's construction of this term since June 17, 2014, when Apple served its PLR 4-2 disclosures. Fuehrer Decl., Ex. B.

Aylus's improper tactics have deprived Apple of an opportunity to submit, and for the Court to consider, any briefing in response to Aylus's arguments concerning the five Apple-designated claim terms. The purpose of the disclosure deadlines and briefing schedule provided by the Patent Local Rules (4-1, 4-2, 4-3 disclosures, plaintiff's opening brief, defendant's responsive brief and plaintiff's reply brief) is to afford each party the ability to both make its own affirmative arguments and respond to the other party's arguments, and to permit the Court to consider those fully briefed positions prior to the hearing. Aylus's briefing strategy defeats this process and purpose as to the five Apple-designated terms, and would require the Court to wait to hear Apple's positions on Aylus's arguments until the *Markman* hearing, and would require Apple to for the first time rebut Aylus's fifteen pages of reply brief argument at the hearing.

Aylus's reply brief attempts to downplay the significance of its improper tactics by noting that it <u>chose</u> not to address any of Apple's arguments concerning the five <u>Aylus</u>-designated claim terms in its reply brief, thereby somehow providing each side a "full and fair – and equal – opportunity to brief the disputed claim terms." Dkt. No. 62 at 1 n. 1. However, the fact that Aylus <u>chose</u> to devote all fifteen pages of its reply brief to the five Apple-designated terms and <u>chose</u> (perhaps unwisely) to ignore Apple's compelling arguments concerning the five-Aylus designated terms, cannot alter the fact that Aylus's improper tactics <u>deprived Apple of its ability</u> to submit written arguments in response to Aylus's written arguments concerning the five Apple-

-3-
APPLE'S MOTION FOR ADMIN. RELIEF FOR LEAVE TO FILE A SUPPL. REPLY
CLAIM CONSTRUCTION BRIEF / CASE NO. 13-CV-4700-EMC

DLA Piper LLP (US)
East Palo Alto

WEST\251076065.1

designated claim terms.

Moreover, Aylus's implication that what it did was somehow normal does not find any support in the normal practice before this Court, and, indeed, is belied by the fact that the Aylus counsel who submitted Aylus's reply brief (Mr. Thakur) previously, in a different matter in this district in which he represented a different plaintiff, complied with the Patent Local Rules and addressed all terms identified in the parties' Joint Claim Construction Statement in the plaintiff's opening claim construction brief. Fuehrer Decl., Exs. C, D.

Aylus suggested during meet-and-confer communications that Aylus may be amenable to allowing Apple to file a supplemental reply brief if Apple limits its response to Aylus's affirmative arguments regarding the Apple-designated claim terms and also allows Aylus to file a supplemental reply brief regarding the Aylus-designated claim terms. Fuehrer Decl., Ex. A at 1-2. Both of Aylus's proposals are unacceptable. First, Aylus's attempt to limit Apple's ability to rebut Aylus's arguments regarding the Apple-designated claim terms improperly requires the parties to speculate as to what affirmative arguments Aylus would have made in its opening claim construction brief, including any arguments regarding Apple's proposed constructions. Aylus chose not to follow the Patent Local Rules and created this situation. Apple should not be penalized by trying to parse through and speculate as to what arguments Aylus would have made in its opening claim construction brief and respond only to those arguments. Second, Aylus's request that it also be provided further supplemental briefing is equally unacceptable. As discussed above, Aylus already had the opportunity to respond to Apple's arguments regarding the Aylus-designated claim terms in its reply claim construction brief and <u>chose</u> not to address any of Apple's arguments. As such, Aylus should not be permitted additional briefing. Apple, unlike Aylus, did not have that opportunity.

### III. <u>CONCLUSION</u>

Apple respectfully requests that the Court strike Aylus's reply brief as it relates to the Apple-designated claim terms as a result of Aylus's blatant violation of the Patent Local Rules. Alternatively, Apple respectfully requests that the Court grant Apple leave to file a ten page supplemental reply claim construction brief to address Aylus's reply brief arguments concerning

-4-
APPLE'S MOTION FOR ADMIN. RELIEF FOR LEAVE TO FILE A SUPPL. REPLY
CLAIM CONSTRUCTION BRIEF / CASE NO. 13-CV-4700-EMC

DLA PIPER LLP (US)
EAST PALO ALTO
WEST\251076065.1

the five Apple-designated claim terms.  And, at the very least, should the Court otherwise deny Apple the relief its requests, Apple asks, as it did in footnote one of Apple's responsive claim construction brief, that the Court allocate at least two-thirds of the *Markman* hearing time to Apple to allow Apple to adequately address the arguments made by Aylus concerning the five Apple-designated terms.

Dated:  October 8, 2014

DLA PIPER LLP (US)

By: */s/ Erik R. Fuehrer*
Erik R. Fuehrer

Attorneys for Defendant Apple Inc.