MARK D. FOWLER, Bar No. 124235
mark.fowler@dlapiper.com
CHRISTINE K. CORBETT, Bar No. 209128
christine.corbett@dlapiper.com
ROBERT BUERGI, Bar No. 242910
robert.buergi@dlapiper.com
ERIK R. FUEHRER, Bar No. 252578
erik.fuehrer@dlapiper.com
**DLA PIPER LLP (US)**
2000 University Avenue
East Palo Alto, CA  94303-2214
Telephone:  650.833.2000
Facsimile:  650.833.2001

ROBERT WILLIAMS, Bar No. 246990
robert.williams@dlapiper.com
**DLA PIPER LLP (US)**
401 B Street, Suite 1700
San Diego, CA  92101-4297
Telephone:  (619) 699-2700
Facsimile:   (619) 699-2701

Attorneys for Defendant
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AYLUS NETWORKS, INC., <br><br> Plaintiff, <br><br> v. <br><br> APPLE INC., <br><br> Defendant. | CASE NO.  3:13-cv-04700-EMC <br><br> **APPLE INC.'S MOTION TO SHORTEN TIME FOR BRIEFING SCHEDULE AND HEARING ON APPLE'S MOTION TO STRIKE EXPERT DECLARATION OF DANIEL J. WIGDOR IN SUPPORT OF AYLUS'S REPLY CLAIM CONSTRUCTION BRIEF** <br><br> Date: TBD <br> Time: TBD <br> Courtroom: 5, 17th Floor <br> Judge: Honorable Edward M. Chen |

## I. INTRODUCTION

Pursuant to Northern District of California Local Rules 6-1(b) and 6-3, Apple Inc. ("Apple") requests that the Court shorten time to hear Apple's Motion to Strike Expert Declaration of Daniel Wigdor In Support of Aylus's Reply Claim Construction Brief ("Motion to Strike").

The issue here is simple. Patent Local Rule 4-3 requires the parties to identify any expert testimony that may be used to support or rebut claim construction positions. There can be no dispute that Aylus did not identify any expert witnesses in the Patent Local Rule 4-3 disclosure, but yet still submitted the expert declaration of Dr. Wigdor in support of its Reply Claim Construction Brief ("Reply Brief"). Aylus's reliance on Dr. Wigdor's declaration in support of its Reply Brief is a direct violation of the Patent Local Rules and, as a result, should be stricken. Apple requests that its Motion to Strike be heard on an expedited basis.

If Apple's Motion to Strike is heard as a regularly noticed motion, the hearing date would be set for November 13, 2014, which is after the November 10, 2014 *Markman* hearing. It is unfair and prejudicial to Apple for the Court to review and consider Dr. Wigdor's improperly filed declaration in its preparation for the tutorial and *Markman* hearing.

## II. MEET AND CONFER EFFORTS

On October 8, 2014, Apple asked whether Aylus would stipulate to having Apple's Motion to Strike heard on an expedited basis. Declaration of Christine Corbett In Supp. of Motion to Shorten Time ("Corbett Decl."), ¶ 2, Ex. A. That same day, Aylus stated that it would oppose Apple's Motion To Shorten Time. *Id.*

## III. LEGAL ARGUMENT

Pursuant to Northern District of California Local Rule 6-3 and the Court's inherent power to manage cases in the interests of justice, Apple respectfully requests that the Court grant its motion to shorten time on its Motion to Strike. As set forth in the concurrently filed Motion to Strike, Apple is seeking an order from the Court striking the expert declaration of Daniel Wigdor filed in support of Aylus's Reply Brief. Patent Local Rule 4-3 states, in pertinent part, that the Joint Claim

Construction and Prehearing Statement "***shall*** contain…an identification of any extrinsic evidence known to the party on which it intends to rely either to support its proposed construction or to oppose any other party's proposed construction, including, but not limited to,…testimony of percipient and expert witnesses." Patent L.R. 4-3 (emphasis added). There is no dispute that Aylus failed to identify any percipient or expert witnesses in the Joint Claim Construction and Prehearing Statement, much less Dr. Wigdor himself. (Dkt. # 47.) As a result, Apple's Motion to Strike requests that the Court strike Dr. Wigdor's declaration in its entirety (as well as any arguments in the Reply Brief that refer to or rely on Dr. Wigdor's improper declaration). *See Asetek Holdings, Inc. v. CoolIT Sys., Inc.*, 2013 WL 6326619, *8 (N.D. Cal. Dec. 3, 2013) (J. Chen) (holding that the Court will not entertain an expert declaration because the plaintiff failed to identify the expert as a witness in the parties' Joint Claim Construction and Prehearing Statement). Aylus opposes Apple's Motion to Strike, calling such a motion "meritless." Corbett Decl., Ex. A.

Apple will be prejudiced if it is forced to notice its Motion to Strike as a regularly noticed motion (with a hearing date of November 13, 2014). The *Markman* hearing is currently scheduled for November 10, 2014 and it is prejudicial to Apple for the Court to review and consider Dr. Wigdor's improper declaration in advance of that *Markman* hearing. Moreover, Apple will need to spend time and resources reviewing and preparing to respond to Dr. Wigdor's improper declaration at the upcoming *Markman* hearing if the Court does not permit the Motion to Strike to be heard on an expedited briefing and hearing schedule. Apple should have the benefit of the Court's Order regarding its Motion to Strike well in advance of the *Markman* hearing in order to allow Apple time to prepare for the *Markman* hearing.[1]

IV. **PROPOSED BRIEFING AND HEARING SCHEDULE**

Because the parties will be before this Court for the tutorial on October 20, 2014, Apple proposes a briefing schedule that will allow the Court to hear argument regarding Apple's

---

[1] On October 8, 2014, Apple filed an administrative motion for leave to file a supplemental reply claim construction brief as a result of Aylus's continued failure to comply with the Patent Local Rules. To the extent the Court grants Apple's requested relief, Apple should not be forced to expend the time and expense responding to Dr. Wigdor's declaration in any supplemental reply brief should the Court strike the improper declaration.

-2-

Motion to Strike at the October 20 tutorial. Therefore, Apple proposes the following briefing schedule with respect to its Motion to Strike. Apple's Motion to Strike is deemed filed as of October 9, 2014. Aylus shall file its opposition, if any, by Noon on October 15, 2014. Apple shall file its reply, if any, by Noon on October 17, 2014. Apple also respectfully requests that the Court hear its Motion to Strike on October 20, 2014 at 2:30 p.m. This schedule provides both Aylus and the Court with sufficient time to evaluate, respond and consider the papers on file.

Alternatively, Apple proposes the following schedule: Apple's Motion to Strike is deemed filed as of October 9, 2014. Aylus shall file its opposition, if any, no later than Noon on October 17, 2014. Apple shall file its reply, if any, by Noon on October 21, 2014. Apple respectfully requests that the Court hear its Motion to Strike on October 23, 2014 at 1:30 p.m.

**V.  CONCLUSION**

Based on the foregoing, Apple respectfully requests that the Court issue an Order expediting briefing and hearing on Apple's Motion To Strike.

Dated: October 9, 2014                                     DLA PIPER LLP (US)


By: */s/ Christine K. Corbett*

CHRISTINE K. CORBETT

Attorneys for Defendant
Apple Inc.