MARK D. FOWLER, Bar No. 124235
mark.fowler@dlapiper.com
CHRISTINE K. CORBETT, Bar No. 209128
christine.corbett@dlapiper.com
ROBERT BUERGI, Bar No. 242910
robert.buergi@dlapiper.com
ERIK R. FUEHRER, Bar No. 252578
erik.fuehrer@dlapiper.com
JONATHAN HICKS, Bar No. 274634
jonathan.hicks@dlapiper.com
**DLA PIPER LLP (US)**
2000 University Avenue
East Palo Alto, CA 94303-2214
Telephone: 650.833.2000
Facsimile: 650.833.2001

ROBERT WILLIAMS, Bar No. 246990
robert.williams@dlapiper.com
**DLA PIPER LLP (US)**
401 B Street, Suite 1700
San Diego, CA 92101-4297
Telephone: 619.699.2700
Facsimile: 619.699.2701

Attorneys for Defendant
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AYLUS NETWORKS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>APPLE INC.,<br><br>Defendant. | CASE NO. 3:13-cv-04700-EMC<br><br>**DEFENDANT APPLE INC.'S NOTICE OF MOTION AND MOTION TO STRIKE EXPERT DECLARATION OF DANIEL J. WIGDOR IN SUPPORT OF AYLUS'S REPLY CLAIM CONSTRUCTION BRIEF**<br><br>DATE: TBD<br>TIME: TBD<br>PLACE: Courtroom 5, 17th Floor<br>JUDGE: Honorable Edward M. Chen |

## NOTICE OF MOTION AND MOTION

TO THE COURT AND ALL COUNSEL OF RECORD:

NOTICE IS HEREBY GIVEN that on October ____, 2014 at _____, or as soon thereafter as counsel may be heard in Courtroom 5 of the above-titled court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant Apple Inc. ("Apple") will and hereby does move the Court for an order to strike the expert witness declaration of Daniel Wigdor filed in support of Aylus Networks, Inc.'s ("Aylus") reply claim construction brief ("Reply Brief") as well as all references or arguments made in Aylus's Reply Brief that rely on Dr. Wigdor's improper declaration because such submissions are a direct violation of the Patent Local Rules.

This motion is based upon this notice, the accompanying memorandum of points and authorities, the accompanying declaration of Christine Corbett, all pleadings, papers and records on file in this action, and such oral argument as may be presented at the hearing on this matter.

## STATEMENT OF RELIEF

Apple seeks an Order from the Court striking the expert declaration of Daniel Wigdor filed in support of Aylus's Reply Brief as well as all references or arguments made in Aylus's Reply Brief that rely on Dr. Wigdor's improper declaration as a result of Aylus's failure to disclose its reliance on any expert testimony, as is required, in the Patent Local Rule 4-3 disclosure.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.  INTRODUCTION**

Aylus's failure to follow the Patent Local Rules once again denies Apple the opportunity to develop the claim construction record prior to the upcoming *Markman* hearing. The issue here is simple. Patent Local Rule 4-3 requires the parties to identify any expert testimony that may be used to support or rebut claim construction positions. There is no dispute that Aylus did not identify any expert witnesses in the Patent Local Rule 4-3 disclosure, but yet still submitted the expert declaration of Dr. Wigdor in support of its Reply Brief. Aylus's reliance on Dr. Wigdor's declaration in support of its Reply Brief is a direct violation of the Patent Local Rules and, as a result, should be stricken.

## II. ARGUMENT

Patent Local Rule 4-3 states, in pertinent part, that the Joint Claim Construction and Prehearing Statement "***shall contain***…an identification of any extrinsic evidence known to the party on which it intends to rely either to support its proposed construction or to oppose any other party's proposed construction, including, but not limited to,…testimony of percipient and expert witnesses." Patent L.R. 4-3 (emphasis added). There is no dispute that Aylus failed to identify any percipient or expert witnesses in the Joint Claim Construction and Prehearing Statement, much less Dr. Wigdor himself. (Dkt. # 47.) As a result, the Court should grant Apple's motion to strike Dr. Wigdor's declaration in its entirety (as well as any arguments in the Reply Brief that refer to or rely on Dr. Wigdor's improper declaration). *See Asetek Holdings, Inc. v. CoolIT Sys., Inc.*, 2013 WL 6326619, *8 (N.D. Cal. Dec. 3, 2013) (J. Chen) (holding that the Court will not entertain an expert declaration because the plaintiff failed to identify the expert as a witness in the parties' Joint Claim Construction and Prehearing Statement); *Largan Precision Co., Ltd. v. Fujifilm Corp.*, 2012 WL 4097719, *4 (N.D. Cal. Sept. 17, 2012) (striking the expert declaration submitted by the plaintiff during claim construction briefing because the plaintiff did not disclose that expert in its Patent L.R. 4-3 disclosure); *Nordic Naturals, Inc. v. J.R. Carlson Labs., Inc.*, 2008 WL 2357312, *11 (N.D. Cal. June 6, 2008) (granting a motion to strike the declaration of an expert who had not been previously disclosed in violation of the Patent Local Rules).

Aylus's failure to disclose its intended reliance on Dr. Wigdor denied Apple the opportunity to depose Dr. Wigdor during the period for claim construction discovery, which ended on August 28, 2014. (Dkt. # 30.) In *Friskit, Inc. v. RealNetworks, Inc.*, 2005 WL 6249309, *2 (N.D. Cal. Mar. 22, 2005), the Court excluded the defendant's use of expert testimony in the claim construction proceeding as a result of the defendant's failure to comply with Patent Local Rule 4-3. There, the Court held that "[i]n order to use an expert witness in claim construction proceedings, the proponent of such evidence ***must*** offer opposing counsel sufficient detail to allow them to conduct meaningful discovery." *Id.* at *1 (emphasis added). Here, Apple is prejudiced by the lack of notice and Apple's inability to test the veracity and reliability of Dr. Wigdor's claim construction positions.

Even more troubling, Aylus disclosed Dr. Wigdor as a purported expert to Apple on June 28, 2014 and, therefore, was well aware of Dr. Wigdor prior to the submission of either the Patent Local Rule 4-2 or 4-3 disclosures. Corbett Decl., Ex. A. But, Aylus chose not to disclose Dr. Wigdor (or any other witness) in those disclosures. And, while Aylus includes a vague (and improper) reservation of rights regarding use of experts in its Patent Local Rule 4-2 Preliminary Claim Constructions, Aylus still did not identify Dr. Wigdor (or any other witness) in those disclosures either. Corbett Decl. Ex. B at p.2. In fact, Aylus stated in its Patent Local Rule 4-2 disclosure that it did not believe "that expert testimony is necessary" for the claim construction process. *Id.* at 2.

### III. CONCLUSION

For the foregoing reasons, Apple respectfully requests that the Court strike the declaration of Dr. Wigdor filed in support of Aylus's Reply Brief as well as all references or arguments in Aylus's Reply Brief that refer to or rely on Dr. Wigdor's improperly filed declaration.

Dated: October 9, 2014

DLA PIPER LLP (US)

By: */s/ Christine K. Corbett*
MARK D. FOWLER
CHRISTINE K. CORBETT
ROBERT BUERGI
ROBERT WILLIAMS
ERIK R. FUEHRER
JONATHAN HICKS
Attorneys for Defendant
Apple Inc.