QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Harold A. Barza (Bar No. 80888)
  halbarza@quinnemanuel.com
  Amar L. Thakur (Bar No. 194025)
  amarthakur@quinnemanuel.com
  Vincent Pollmeier (Bar No. 210684)
  vincentpollmeier@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:    (213) 443-3000
Facsimile:    (213) 443-3100

QUINN EMANUEL URQUHART & SULLIVAN, LLP
  William O. Cooper (Bar No. 279385)
  willcooper@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone    (415) 875-6600
Facsimile:    (415) 875-6700

Attorneys for Plaintiff,
Aylus Networks, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AYLUS NETWORKS, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>APPLE, INC., a California corporation<br><br>Defendant. | CASE NO. 3:13-cv-04700-EMC<br><br>**AYLUS' MOTION TO STRIKE APPLE'S NON-DISCLOSED CLAIM CONSTRUCTION EVIDENCE**<br><br>DATE: TBD<br>TIME: TBD<br>PLACE: Courtroom 5, 17th Floor<br>JUDGE: Honorable Edward M. Chen |

# NOTICE OF MOTION AND MOTION

TO THE COURT AND ALL COUNSEL OF RECORD:

NOTICE IS HEREBY GIVEN that on October ___, 2014 at ____, or as soon thereafter as counsel may be heard in Courtroom 5 of the above-titled court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Aylus Networks, Inc. ("Aylus") will and does move the Court for an order striking the declaration of Sho Kou and the non-disclosed extrinsic evidence described below filed in support of Apple Inc.'s ("Apple") Responsive Claim Construction Brief as well as all arguments that refer to or rely on Mr. Kou's declaration or the non-disclosed extrinsic evidence. This evidence was submitted in violation of the Patent Local Rules.

This motion is based upon this notice, the accompanying argument and evidence, the attached declaration of William O. Cooper, all papers on file in this action, and such argument presented before the court on this matter.

# STATEMENT OF RELIEF

Aylus seeks an order from this Court striking the declaration of Mr. Kou and the non-disclosed evidence submitted by Apple in support of its Responsive Claim Construction Brief, identified below, as well as all arguments that refer to or rely on such evidence. This relief is warranted because Apple violated Patent L. R. 4-2 and Patent L.R. 4-3 which require disclosure of witnesses and evidence relating to claim construction.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Declarations of individuals not identified in the Patent L. R. 4-3 Joint Claim Construction and Prehearing Statement—and all statements that refer to or rely on such declarations—may not be relied upon in claim construction. *See, e.g., Asetek Holdings, Inc. v. CoolIT Sys., Inc.,* No. 12-4498 EMC, 2013 WL 6326619, at *8 (N.D. Cal. Dec. 3, 2013) ("The Court, however, shall not entertain the Tilton declaration because Asetek failed to identify Dr. Tilton as a witness in the parties' Joint Claim Construction and Prehearing Statement.").

The same is true for extrinsic evidence, such as treatises and prior art, which are also governed by Patent L.R. 4-3. The parties must identify "any extrinsic evidence known to the

05010.00001/6279529.3                                            -1-                              Case No. 3:13-cv-04700-EMC
                                                                                    AYLUS' MOTION TO STRIKE APPLE'S NON-DISCLOSED
                                                                                    CLAIM CONSTRUCTION EVIDENCE

party on which it intends to rely either to support its proposed construction or to oppose any other party's proposed construction, including, but not limited to, as permitted by law, ***dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses***." Patent L.R. 4-3(b) (emphasis added).

In Apple's Responsive Claim Construction Brief, it submitted a declaration in support of its affirmative claim construction arguments from Sho Kou. Mr. Kou is not identified in Apple's Patent L.R. 4-3 Joint Claim Construction and Prehearing Statement. In addition, Apple included numerous other pieces of extrinsic evidence as exhibits in its brief and declarations that were also not identified in Apple's Patent L.R. 4-3 Joint Claim Construction and Prehearing Statement.

This evidence—and all statements that refer to or rely on it—should be stricken in its entirety.

Indeed, Apple has filed a motion with the Court citing the same case, the same rule, and asking for the same relief. *See* Dkt. No. 65. Apple's motion relates to the rebuttal expert declaration of Dr. Daniel Wigdor, submitted by Aylus with its Reply Claim Construction Brief. Apple should be held to the same standard it seeks to hold Aylus. Apple's non-disclosed evidence should be stricken in its entirety.

## II. APPLE SHOULD NOT BE ALLOWED TO USE EVIDENCE DURING CLAIM CONSTRUCTION THAT WAS NOT CONTAINED IN THE JOINT CLAIM CONSTRUCTION STATEMENT

On July 17, 2014, the parties exchanged Patent L.R. 4-2 disclosures, within which each party was required to "designate any supporting extrinsic evidence including, without limitation, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses." Patent L.R. 4-2(b). Apple's disclosure did not identify Mr. Kou, who is either an expert witness, or a percipient witness, or both, in the field of Universal Plug-and-Play (UPnP). *See* Ex. A. Apple's disclosure also did not include the following pieces of extrinsic evidence:

- "RenderingControl: 1 Service Template Version 1.01," UPnP Forum (June 25, 2002)

- "Universal Plug and Play Standards," Internet Archive – Wayback Machine, Archive.org (visited Sept. 9, 2014)
- "IP Multimedia Subsystem (IMS)," 3GPP TS 23.228, Version 6.15.0, Release 6 (2006)
- Gilles Bertrand, "The IP Multimedia Subsystem in Next Generation Networks" (May 30, 2007)

*See* Ex. A.

On July 28, 2014, the parties submitted to the Court the Patent L.R. 4-3 Joint Claim Construction and Prehearing Statement. Dkt. No. 47. In this Statement, the parties were required to identify "any extrinsic evidence known to the party on which it intends to rely either to support its proposed construction or to oppose any other party's proposed construction, including, but not limited to, as permitted by law, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses." Patent L.R. 4-3(b).

Apple's disclosure, again, neither disclosed the identity of Mr. Kou nor the above-listed pieces of extrinsic evidence.

On September 25, 2014, Apple filed its Responsive Claim Construction Brief and accompanying declarations and exhibits. Dkt. Nos. 55-58. One of those declarations was a declaration submitted by Mr. Kou. Dkt. No. 57. Likewise, Apple's briefing and declarations included each one of the above-listed pieces of extrinsic evidence. *See, e.g.,* Dkt. No. 55 at 1 (RenderingControl: 1 Service Template Version 1.01), 3 (Universal Plug and Play Standards - Archive.org); Dkt. No. 58 at 8 (IP Multimedia Subsystem), 8 (Bertrand, "The IP Multimedia Subsystem in Next Generation Networks").

On October 2, 2014, Aylus submitted its Reply Claim Construction Brief, which included a rebuttal declaration from Dr. Daniel Wigdor. Dkt. No. 62. This rebuttal declaration rebutted, in large measure, Mr. Kou's declaration and the above-listed pieces of extrinsic evidence.

On October 9, 2014, Apple filed a Motion to Strike the rebuttal declaration of Dr. Wigdor. Dkt. No. 65. In Apple's motion it argued that Dr. Wigdor's rebuttal declaration should be stricken in its entirety because he was not identified in the Patent L.R. 4-3 Joint Claim Construction and Prehearing Statement. Dkt. No. 65 at 1. Apple cited numerous cases in

support of its argument, including *Asetek Holdings, Inc. v. CoolIT Sys., Inc.*, No. 12-4498 EMC, 2013 WL 6326619, at *8 (N.D. Cal. Dec. 3, 2013), which Apple characterized as "holding that the Court will not entertain an expert declaration because the plaintiff failed to identify the expert as a witness in the parties' Joint Claim Construction and Prehearing Statement." Dkt. No. 65 at 2.

Other cases in this district have held the same thing. *See, e.g., Nordic Naturals, Inc. v. J.R. Carlson Labs., Inc.*, No. 07-2385 PJH, 2008 WL 2357312, at *11 (N.D. Cal. June 6, 2008) (striking the declaration of a witness not disclosed in violation of the Patent Local Rules). While Apple did identify *other* individuals that might offer declarations in the Joint Statement, it did not identify Mr. Kou. *See* Dkt. No. 47. As a case cited by Apple in its Motion to Strike Dr. Wigdor's Declaration establishes, this does not suffice:

> Patent Local Rule 4–3 requires the parties to disclose in their Joint Claims Construction Statement ("Joint Statement") the identity of expert witnesses, as well as a summary of the expert's opinion. Here, Largan disclosed one expert in the Joint Statement—Dr. Richard G. Zech. Joint Statement at 4, Dkt. 37. Although Largan noted that it "may call one *or more* experts," *see id.* (emphasis added), Largan never sought to amend its disclosure to identify Dr. Moore and to provide a summary of his proposed opinions. In light of Largan's failure to comply with the Patent Local Rules, coupled with the inherent prejudice to Fujifilm resulting from this untimely disclosure, the Court exercises its discretion and declines to consider Dr. Moore's declaration. *See Tri–Valley CARES v. U.S. Dept. of Energy,* 671 F.3d 1113, 1131 (9th Cir.2012) (court has discretion to disregard request which does not comply with the local rules).

*Largan Precision Co. v. Fujifilm Corp.*, No. 10-01318 SBA, 2012 WL 4097719, at *4 (N.D. Cal. Sept. 17, 2012).

The same is true for extrinsic evidence such as publications and prior art not listed in a party's Patent Local Rules disclosures, as disclosure of this evidence is held to the same standard as declarations under the Patent Local Rules. *See, e.g.,* Patent L.R. 4-3(b) ("any extrinsic evidence known to the party on which it intends to rely either to support its proposed construction or to oppose any other party's proposed construction, including, but not limited to, as permitted by law, dictionary definitions, citations to **learned treatises and prior art, and testimony of percipient and expert witnesses.**") (emphasis added).

Apple did not identify Mr. Kou as a potential declarant nor did it identify the above-listed items of extrinsic evidence in either its Patent L.R. 4-2 or Patent L.R. 4-3 disclosures. Apple should be held to the same standard it sets forth in its Motion to Strike the rebuttal expert declaration of Dr. Wigdor—and the same remedy Apple asks for in that motion should be granted here. Apple has requested that "the Court strike the declaration of Dr. Wigdor filed in support of Aylus's Reply Brief as well as all references or arguments in Aylus's Reply Brief that refer to or rely on Dr. Wigdor's improperly filed declaration." Dkt. No. 65 at 3. Because Apple has violated Patent L.R. 4-2 and Patent L.R. 4-3—the very rule Apple accuses Aylus of violating in Apple's own motion—the Court should strike the above-mentioned declaration and other extrinsic evidence, and all arguments that refer to or rely on them, in their entirety.

## III. CONCLUSION

For the foregoing reasons, Aylus respectfully requests that the Court strike (i) the declaration of Sho Kou and all references or arguments in Apple's Responsive Brief that refer to or rely on Mr. Kou's declaration and (ii) the following extrinsic evidence and all references or arguments in Apple's Responsive Brief that refer to or rely on the following extrinsic evidence:

- "RenderingControl: 1 Service Template Version 1.01," UPnP Forum (June 25, 2002);
- "Universal Plug and Play Standards," Internet Archive – Wayback Machine, Archive.org (visited Sept. 9, 2014);
- "IP Multimedia Subsystem (IMS)," 3GPP TS 23.228, Version 6.15.0, Release 6 (2006);
- Gilles Bertrand, "The IP Multimedia Subsystem in Next Generation Networks" (May 30, 2007).

DATED: October 13, 2014    QUINN EMANUEL URQUHART & SULLIVAN, LLP

By   */s/ Amar Thakur*
   Amar Thakur
   Attorney for AYLUS NETWORKS, INC.