1  MARK D. FOWLER, Bar No. 124235
   mark.fowler@dlapiper.com
2  CHRISTINE K. CORBETT, Bar No. 209128
   christine.corbett@dlapiper.com
3  ROBERT BUERGI, Bar No. 242910
   robert.buergi@dlapiper.com
4  ERIK R. FUEHRER, Bar No. 252578
   erik.fuehrer@dlapiper.com
5  JONATHAN HICKS, Bar No. 274634
   jonathan.hicks@dlapiper.com
6  **DLA PIPER LLP (US)**
   2000 University Avenue
7  East Palo Alto, CA 94303-2214
   Telephone: 650.833.2000
8  Facsimile: 650.833.2001

9  ROBERT WILLIAMS, Bar No. 246990
   robert.williams@dlapiper.com
10 **DLA PIPER LLP (US)**
   401 B Street, Suite 1700
11 San Diego, CA 92101-4297
   Telephone: 619.699.2700
12 Facsimile: 619.699.2701

13 Attorneys for Defendant
   APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AYLUS NETWORKS, INC., <br><br> Plaintiff, <br><br> v. <br><br> APPLE INC., <br><br> Defendant. | CASE NO. 3:13-cv-04700-EMC <br><br> **DEFENDANT APPLE INC.'S NOTICE OF MOTION AND MOTION TO STRIKE UNDISCLOSED DOCUMENTS IN SUPPORT OF AYLUS'S REPLY CLAIM CONSTRUCTION BRIEF** <br><br> DATE: TBD <br> TIME: TBD <br> PLACE: Courtroom 5, 17th Floor <br> JUDGE: Honorable Edward M. Chen |

# NOTICE OF MOTION AND MOTION

TO THE COURT AND ALL COUNSEL OF RECORD:

NOTICE IS HEREBY GIVEN that on October ____, 2014 at _____, or as soon thereafter as counsel may be heard in Courtroom 5 of the above-titled court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant Apple Inc. ("Apple") will and hereby does move the Court for an order to strike documents cited in support of Aylus Networks, Inc.'s ("Aylus") reply claim construction brief ("Reply Brief") as well as all references or arguments made in Aylus's Reply Brief that rely on those improperly identified documents because such submissions are a direct violation of the Patent Local Rules.

This motion is based upon this notice, the accompanying memorandum of points and authorities, the accompanying declaration of Christine Corbett, all pleadings, papers and records on file in this action, and such oral argument as may be presented at the hearing on this matter.

# STATEMENT OF RELIEF

Apple seeks an Order from the Court striking Exhibits 9-14 attached to the expert declaration of Daniel Wigdor filed in support of Aylus's Reply Brief as well as all references or arguments made in Aylus's Reply Brief that rely on those documents as a result of Aylus's failure to identify these documents, as is required, in the Patent Local Rule 4-3 disclosure.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Aylus's failure to follow the Patent Local Rules once again denies Apple the opportunity to develop the claim construction record prior to the upcoming *Markman* hearing. In addition to Aylus's improper reliance on Dr. Wigdor's declaration in support of its Reply Brief and Aylus's failure to comply with the patent local rules' claim construction briefing process[1], Aylus also

---

[1] Apple has been forced to file several motions to address Aylus's refusal to comply with the Patent Local Rules. On October 8, 2014, Apple filed an administrative motion for supplemental reply claim construction briefing as a result of Aylus's failure to comply with the claim construction briefing process under the Patent Local Rules. (Dkt. # 63.) On October 9, 2014, Apple filed a motion to strike the expert declaration of Dr. Daniel Wigdor as a result of Aylus's failure to identify Dr. Wigdor, let alone any potential expert witness testimony, in the Patent Local Rule 4-3 disclosures. (Dkt. # 65.)

attaches six documents to Dr. Wigdor's declaration that similarly were not previously disclosed in *any* Patent Local Rule disclosure submitted by Aylus in this case. Patent Local Rule 4-3 requires the parties to identify any extrinsic evidence that may be used to support or rebut claim construction positions. There is no dispute that Aylus did not identify Exhibits 9-14 attached to Dr. Wigdor's declaration in support of Aylus's Reply Brief in the Patent Local Rule 4-3 disclosure. Aylus's reliance on these documents in support of its Reply Brief is a direct violation of the Patent Local Rules and, as a result, should be stricken.

## II. ARGUMENT

Patent Local Rule 4-3 states, in pertinent part, that the Joint Claim Construction and Prehearing Statement "***shall contain***…an identification of any extrinsic evidence known to the party on which it intends to rely either to support its proposed construction or to oppose any other party's proposed construction, including, but not limited to,… dictionary definitions, citations to learned treatises and prior art..." Patent L.R. 4-3 (emphasis added). In its Reply Brief, Aylus relies on the following extrinsic evidence documents attached to the declaration of Dr. Wigdor:

- Exhibit 9: Singh, et al., "MP3 streaming over Bluetooth to multiple users" (Oct. 29, 2005);
- Exhibit 10: Okura, et. al., "The Influence of Segmentation Mismatch on Quality of Audio-Video Transmission by Bluetooth" (Aug. 8, 2004);
- Exhibit 11: Lee, et al., "Autonomous Management of Clustered Server Systems Using JINI" (Jan. 1, 2004);
- Exhibit 12: Microsoft Inc., "IP-DLC Link Service Concepts and Terminology";
- Exhibit 13: Bulterman, et al. "Ambulant: A Fast Multi-platform Open Source SMIL Player" (Oct. 16, 2004); and
- Exhibit 14: Jean-Phillippe Joseph, PSTN Services Migration to IMS: Are SPs finally reaching the tipping point for large scale migrations?" (2010).

(Dkt. # 62-7 at 5-6.)

There is no dispute that Aylus failed to identify Exhibits 9-14 in the Patent Local Rule 4-3 disclosure, despite the fact that such disclosure was required. (Dkt. # 47.) And, during meet-and-confer communications, Aylus provided no basis for its improper submission of these documents. (Corbett Decl., Ex. A.) As a result, the Court should grant Apple's motion to strike Exhibits 9-14

1 | that are attached to Dr. Wigdor's declaration (as well as any arguments in the Reply Brief that
2 | refer to or rely on these improper documents).  Aylus's failure to disclose its intended reliance on
3 | Exhibits 9-14 denied Apple the opportunity to examine the authenticity, veracity and reliability of
4 | those documents during the period for claim construction discovery, which ended on August 28,
5 | 2014.  (Dkt. # 30.)

## III. CONCLUSION

For the foregoing reasons, Apple respectfully requests that the Court strike Exhibits 9-14 attached to the declaration of Dr. Wigdor filed in support of Aylus's Reply Brief as well as all references or arguments in Aylus's Reply Brief that refer to or rely on those exhibits.

Dated:  October 14, 2014                    DLA PIPER LLP (US)


By: */s/ Christine K. Corbett*
MARK D. FOWLER
CHRISTINE K. CORBETT
ROBERT BUERGI
ROBERT WILLIAMS
ERIK R. FUEHRER
JONATHAN HICKS
Attorneys for Defendant
Apple Inc.