QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Harold A. Barza (Bar No. 80888)
  halbarza@quinnemanuel.com
  Amar L. Thakur (Bar No. 194025)
  amarthakur@quinnemanuel.com
  Vincent Pollmeier (Bar No. 210684)
  vincentpollmeier@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California   90017-2543
Telephone:     (213) 443-3000
Facsimile:     (213) 443-3100

QUINN EMANUEL URQUHART & SULLIVAN, LLP
  William O. Cooper (Bar No. 279385)
  willcooper@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone     (415) 875-6600
Facsimile:     (415) 875-6700

Attorneys for Plaintiff,
Aylus Networks, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AYLUS NETWORKS, INC., a Delaware corporation,<br><br>             Plaintiff,<br><br>     vs.<br><br>APPLE, INC., a California corporation<br><br>             Defendant. | CASE NO.   3:13-cv-04700-EMC<br><br>**AYLUS' OPPOSITION TO APPLE'S MOTION TO STAY** |

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ................................................................................................................ 1

II.  THE DECISION WHETHER TO GRANT THE STAY IS ENTIRELY WITHIN THE COURT'S DISCRETION ........................................................................................ 2

III. APPLE DELAYED IN BRINGING ITS IPRS .................................................................. 3

IV.  THE FACTORS WEIGH AGAINST GRANTING A STAY ............................................ 4

   A.   THE CASE HAS SUBSTANTIALLY PROGRESSED ........................................... 4

   B.   A STAY WOULD ONLY SIMPLIFY THE ISSUES IF GRANTED ...................... 5

   C.   AYLUS WOULD BE PREJUDICED BY DELAY ................................................. 6

V.   CONCLUSION ................................................................................................................... 7

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Affinity Labs of Tex. v. Apple Inc.*,
　No. C 09-04436 CW, 2010 U.S. Dist. LEXIS 50974 (N.D. Cal. Apr. 29, 2010) ....................3, 4

*In re Am. Acad. of Sci. Tech. Ctr.*,
　367 F.3d 1359 (Fed. Cir. 2004) ..........................................................................................5

*Athena Feminine Techs., Inc. v. Wilkes,* No. C 10-04868 SBA,
　2012 WL 1424988 (N.D. Cal. Apr. 24, 2012) ....................................................................2

*Automatic Mfg. Sys, Inc. v. Pimera Tech., Inc.*,
　No. 6:12-cv-1727-Orl-37DAB, 2013 WL 1969247 (M.D. Fla. May 13, 2013) ...................2

*Belden Techs. Inc. v. Superior Essex Commc'ns LP*,
　No. 08-63-SLR, 2010 U.S. Dist. LEXIS 90960 (D. Del. Sept. 2, 2010) ..............................3

*Benefit Funding Sys. LLC v. Advance Am., Cash Advance Ctrs., Inc.*,
　No. 12-801-LPS, 2013 WL 3296230 (D. Del. June 28, 2013) ............................................2

*Comcast Cable Comm'ns Corp., LLC v. Finisar Corp.*,
　No. C 06-04206 WHA, 2007 WL 1052883 (N.D. Cal. Apr 5, 2007) ...................................3

*CTP Innovations, LLC v. V.G. Reed & Sons, Inc.*,
　No. 3:14-cv-364 (W.D. Ky. July 17, 2014) .........................................................................1

*Cynosure, Inc. v. Cooltouch Inc.*,
　No. 08-10026-NMG, 2009 U.S. Dist. LEXIS 70493 (D. Mass. Aug. 10, 2009) ..................3

*Dane Tech., Inc. v. Gatekeeper Sys., Inc.*,
　No. 12-2730 ADM/AJB, 2013 WL 4483355 (D. Minn. Aug. 20, 2013) ..........................1, 2

*Eon Corp. IP Holdings, LLC v. Skytel Corp.*,
　No. 6:08-CV-385, 2009 WL 8590963 (E.D. Tex. Apr. 29, 2009) ........................................2

*Esco Corp. v. Berkeley Forge & Tool, Inc.,* No. C 09-1635 SBA,
　2009 WL 3078463 (N.D. Cal. Sept. 28, 2009) ....................................................................2

*Ethicon, Inc. v. Quigg*,
　849 F.2d 1422 (Fed. Cir. 1988) ...........................................................................................2

*Freeny v. Apple Inc.*,
　No. 2:13-CV-00361-WCB, 2014 WL 3611948 (E.D. Tex. July 22, 2014) .........................1

*Horton, Inc. v. Kit Masters, Inc.*,
　No. 08-CV-6291 (PJS/RLE), 2009 WL 1606472 (D. Minn. June 5, 2009) .........................2

*Netlist, Inc. v. Smart Storage Sys., Inc.*,
　No. C 13-5889 YGR, 2014 WL 4145412 (N.D. Cal. Aug. 21, 2014) ..................................2

*Niken v. Holder*,
  556 U.S. 418 (2009) ..........................................................................................................2

*Pi-Net Int'l, Inc. v. Focus Bus. Bank*,
  No. C 12-4958 PSG, 2013 WL 4475940 (N.D. Cal. Aug. 16, 2013)........................2, 6

*Rensselaer Polytechnic v. Apple Inc.*,
  No. 1:13-CV-0633 (DEP), 2014 WL 201965 (N.D.N.Y. Jan. 15, 2014)......................1

*Return Mail, Inc. v. United States*,
  No. 1:11-cv-130 (Fed. Cl. July 18, 2014) .......................................................................2

*Roy-G-Biv Corp. v. Fanuc Ltd.*,
  No. 2:07-CV-418 (DF), 2009 WL 1080854 (E.D. Tex. Apr. 14, 2009) ......................5

*Segin Sys., Inc. v. Stewart Title Guar. Co.*,
  No. 2:13cv190, 2014 WL 1315968 (E.D. Va. Mar. 31, 2014).......................................1

*Smartflash LLC v. Apple Inc.*,
  No. 6:13-cv-447 (E.D. Tex. July 8, 2014).......................................................................1

*Software Rights Archive, LLC v. Facebook, Inc.*,
  No. C 12-3970 RMW, 2013 WL 5225522 (N.D. Cal. Sept. 17, 2013)........................4

*Sorensen v. Digital Networks N. Am., Inc.*, No. C 07-05568 JSW,
  2008 U.S. Dist. LEXIS 6454 (N.D. Cal. Jan. 16, 2008) ...............................................3

*Tric Tools, Inc. v. TT Techs., Inc.*,
  No. C 12-3490 YGR, 2012 WL 5289409 (N.D. Cal. Oct. 25, 2012)..........................2

*Ultratec, Inc. v. Sorenson Commc'ns, Inc.*,
  No. 13-cv-346-bbc, 2013 WL 6044407 (W.D. Wis. Nov. 14, 2013)......................1, 6

*Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, No. C 12-05501 SI,
  2014 WL 121640 (N.D. Cal. Jan. 13, 2014) ..........................................................2, 4

**Statutes**

35 U.S.C. § 141(c) (2012) .................................................................................................6

35 U.S.C. § 314(b) (2012) .................................................................................................6

35 U.S.C. § 316(a)(11) (2012) ..........................................................................................6

35 U.S.C. § 319 (2012) ......................................................................................................6

I.     INTRODUCTION

Aylus filed this lawsuit on October 9, 2013.   Apple filed the petitions for *inter partes* review at issue in this motion on September 29, 2014.   Apple waited eleven months and nineteen days to file its petitions.   Apple waited six months after being served with infringement contentions.   Apple waited four-plus months after serving its invalidity contentions—which included and charted the very references in Apple's IPR petitions.   And Apple waited nearly five weeks after telling the Court "our expectation is [the IPRs will be filed] somewhere within the next two weeks."[1]   After all of this waiting by Apple—which coincided with tremendous expenditure of resources by both sides, including significant discovery, service of detailed infringement and invalidity contentions, and full claim construction briefing that the Court indicated to Apple it would consider and rule on—Apple now takes the position that the Court and the parties should not wait to see whether the petitions for *inter partes* review are even granted. After all of Apple's waiting, the Court should reject Apple's sudden urgency to have the Court act now.

The Court should, instead, deny Apple's motion without prejudice and revisit this issue if in fact Apple's petitions are actually granted by the Patent Trial and Appeal Board (PTAB).   As Judge Bryson of the Federal Circuit, sitting by designation, recently explained, "[t]he most important—indeed, the ***dispositive***—factor bearing on the Court's exercise of its discretion [to deny the motion to stay] in this case is that the PTAB has not yet acted on Netgear's petition for *inter partes* review."   *Freeny v. Apple Inc.*, No. 2:13-CV-00361-WCB, 2014 WL 3611948, at *1 (E.D. Tex. July 22, 2014) (emphasis added).[2]   The same conclusion was recently reached in this

---

[1] Ex. E at 6.
[2] Judge Bryson explained that the following courts also denied stays sought prior to institution:   *CTP Innovations, LLC v. V.G. Reed & Sons, Inc.,* No. 3:14–cv–364, Dkt. No. 11 at 3 (W.D. Ky. July 17, 2014); *Smartflash LLC v. Apple Inc.,* No. 6:13–cv–447, Dkt. No. 175 at 5–7 (E.D. Tex. July 8, 2014); *Segin Sys., Inc. v. Stewart Title Guar. Co.,* No. 2:13cv190, 2014 WL 1315968, at *7 (E.D. Va. Mar. 31, 2014); *Rensselaer Polytechnic v. Apple Inc.,* No. 1:13-CV-0633 (DEP), 2014 WL 201965, at *5 (N.D.N.Y. Jan. 15, 2014); *Ultratec, Inc. v. Sorenson Commc'ns, Inc.,* No. 13-cv-346-bbc, 2013 WL 6044407, at *3 (W.D. Wis. Nov. 14, 2013); *Dane Tech., Inc. v. Gatekeeper Sys., Inc.,* No. 12-2730 ADM/AJB, 2013 WL 4483355, at *2 (D. Minn. Aug. 20,
    (footnote continued)

District: "the mere filing of a petition for *inter partes* review tells the Court little about whether such a decision is likely.  Accordingly, Defendants' requests for stay pending *inter partes* review are **DENIED WITHOUT PREJUDICE** to seeking a stay upon the PTO's determination whether to proceed with review."   *Netlist, Inc. v. Smart Storage Sys., Inc.,* No. C 13-5889 YGR, 2014 WL 4145412, at *3 (N.D. Cal. Aug. 21, 2014) (emphasis in original).

## II.  THE DECISION WHETHER TO GRANT THE STAY IS ENTIRELY WITHIN THE COURT'S DISCRETION

Whether to grant a stay is entirely within the discretion of the Court.   *See Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988).   The burden is on Apple to persuade the court to grant its motion.   *See Niken v. Holder*, 556 U.S. 418, 433-34 (2009).   "The party seeking the stay has the burden of showing the appropriateness of the stay."   *Pi-Net Int'l, Inc. v. Focus Bus. Bank*, No. C 12-4958 PSG, 2013 WL 4475940, at *3 (N.D. Cal. Aug. 16, 2013).   The Court "is under no obligation to delay its own proceeding by yielding to ongoing PTO patent reexaminations."   *Athena Feminine Techs., Inc. v. Wilkes*, No. C 10-04868 SBA, 2012 WL 1424988, at *2 (N.D. Cal. Apr. 24, 2012).   Moreover, Congress considered and rejected the notion that automatic stays would be granted upon the filing of a petition for *inter partes* review.   *See, e.g., Eon Corp. IP Holdings, LLC v. Skytel Corp.*, No. 6:08-CV-385, 2009 WL 8590963, at *2 (E.D. Tex. Apr. 29, 2009).   Indeed, such a position has been expressly rejected in this district: "[t]here is no per se rule that patent cases should be stayed pending reexamination, because such a rule 'would invite parties to unilaterally derail' litigation."   *Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, No. C 12-05501 SI, 2014 WL 121640, at *2 (N.D. Cal. Jan. 13, 2014) (citing *Esco Corp. v. Berkeley Forge & Tool, Inc.*, No. C 09-1635 SBA, 2009 WL 3078463, at *2 (N.D. Cal. Sept. 28, 2009));  *see also Comcast Cable Comm'ns Corp., LLC v. Finisar Corp.*, No. C 06-04206 WHA, 2007 WL

---

2013); *Benefit Funding Sys. LLC v. Advance Am., Cash Advance Ctrs., Inc.,* No. 12-801-LPS, 2013 WL 3296230, at *2 (D. Del. June 28, 2013); *Automatic Mfg. Sys, Inc. v. Pimera Tech., Inc.,* No. 6:12-cv-1727-Orl-37DAB, 2013 WL 1969247, at *3 (M.D. Fla. May 13, 2013); *Tric Tools, Inc. v. TT Techs., Inc.,* No. C 12-3490 YGR, 2012 WL 5289409, at *3 (N.D. Cal. Oct. 25, 2012); *Horton, Inc. v. Kit Masters, Inc.*, No. 08-CV-6291 (PJS/RLE), 2009 WL 1606472, at *1 (D. Minn. June 5, 2009); *Return Mail, Inc. v. United States,* No. 1:11–cv–130, Dkt. No. 76 at 5 (Fed. Cl. July 18, 2014).

1052883, at *1 (N.D. Cal. Apr 5, 2007) ("If litigation were stayed every time a claim in suit undergoes reexamination, federal infringement actions would be dogged by fits and starts. Federal court calendars should not be hijacked in this manner.").

### III.   APPLE DELAYED IN BRINGING ITS IPRS

While courts may consider several factors when deciding a motion to stay (see below), "[c]ourts also consider evidence of dilatory motives or tactics, such as when a party unduly delays in seeking reexamination of a patent."  *Sorensen v. Digital Networks N. Am., Inc.*, No. C 07-05568 JSW, 2008 U.S. Dist. LEXIS 6454, at *5 (N.D. Cal. Jan. 16, 2008).   "Such dilatory requests for a stay are routinely denied."  *Cynosure, Inc. v. Cooltouch Inc.*, No. 08-10026-NMG, 2009 U.S. Dist. LEXIS 70493, at *6 (D. Mass. Aug. 10, 2009); *see also Affinity Labs of Tex. v. Apple Inc.*, No. C 09-04436 CW, 2010 U.S. Dist. LEXIS 50974, at *6 (N.D. Cal. Apr. 29, 2010) (holding that "these significant delays weigh heavily against granting the stay" when the case was filed in March of 2009, the IPR requested in November of 2009, and the stay requested almost five months later).

By waiting eleven months and nineteen days to file its petitions for *inter partes* review, Apple did not just waste significant resources of the Court and Aylus.   This delay enabled Apple to make a cornerstone of its IPR strategy the use of Aylus' proposed claim constructions (or close variants) in this litigation as Apple's own constructions in the IPR.   *See* Ex. A at 13; Ex. B at 9. That is, even though Apple identified and charted the very same prior art at issue in the IPR in its May, 22, 2014 invalidity contentions, Apple waited until well into claim construction briefing— when it had essentially locked-in Aylus to its proposed constructions—to file its IPRs.   Apple should not be allowed to advance its interests at the Patent Office while wasting the time and resources of the Court and Aylus in this litigation.   *See Belden Techs. Inc. v. Superior Essex Commc'ns LP*, No. 08-63-SLR, 2010 U.S. Dist. LEXIS 90960, at *7-8 (D. Del. Sept. 2, 2010) (finding that delay "may lead to an inference that the moving party is seeking an inappropriate tactical advantage.").

## IV. THE FACTORS WEIGH AGAINST GRANTING A STAY

### A. THE CASE HAS SUBSTANTIALLY PROGRESSED

A stay need not be granted even if substantial litigation remains. *See, e.g., Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, No. C 12-05501 SI, 2014 WL 121640, at *2 (N.D. Cal. Jan. 13, 2014) (concluding that this factor weighed against stay even though "there is much more work ahead of the parties," such as completion of fact and expert discovery and trial); *see also Affinity Labs of Tex.*, 2010 U.S. Dist. LEXIS 50974, at *4, *6-7 (denying stay while noting "[n]o discovery has taken place, no trial date has been set and the parties have not even appeared in Court for their initial case management conference."); *Software Rights Archive, LLC v. Facebook, Inc.*, No. C 12-3970 RMW, 2013 WL 5225522, at *4 (N.D. Cal. Sept. 17, 2013) (concluding this factor was neutral when discovery was not complete, claim construction had not commenced, and the court had not set a trial date).

In this case, the Court and the parties have conducted two case management conferences, and the parties have completed claim construction discovery and briefing, completed Patent Local Rule productions, served detailed infringement and invalidity contentions, served nearly 200 requests for production, and produced over 300,000 pages of documents. Indeed, Aylus has completed its entire document production.[3] Moreover, the claim construction tutorial is set for October 20—less than one week from today and several weeks before the Court is scheduled to hold oral argument on this Motion to Stay. And the claim construction hearing is set for November 10, 2014.

Apple's own delay tactics have prevented even further discovery. On March 11, 2014, Apple served Aylus with 86 requests for production. Aylus promptly provided its positions to Apple and has, again, completed its production. On March 11, 2014, Aylus served Apple with 96 requests for production. Apple, however, still (to this day) has not even provided its positions— let alone produce documents—to numerous of these requests for production. *See* Ex. C

---

[3] Aylus may produce a small number of additional documents containing third-party confidential material, subject to approval from the applicable third parties.

1 (informing Aylus, in its most-recent correspondence regarding Aylus' requests for production, that
2 Apple would get back to it "as soon as possible" regarding its positions on numerous requests for
3 production).   Apple should not gain an advantage in this briefing relating to the stage of this
4 litigation based on its own stonewalling in discovery.

**B.     A STAY WOULD ONLY SIMPLIFY THE ISSUES IF GRANTED**

Apple argues that a stay should be granted, now, absent institution of the IPR, because an IPR *would* simplify the case.   But no IPR has been instituted.   And citing statistics indicating that—in general—IPRs are instituted with certain levels of regularity[4]  does not even touch on the substance of Apple's petition *in this litigation*.

Finally, in its brief *before this Court*, Apple argues that the Court will benefit from "the PTAB's guidance regarding claim scope."   But Apple argues in its petitions *before the PTAB* that because claim construction is under a different standard before the PTAB, Apple should not be held to its positions in the District Court litigation:

> Because the BRI standard is different from that used in district court litigation, *see In re Am. Acad. of Sci. Tech. Ctr.*, 367 F.3d 1359, 1364, 1369 (Fed. Cir. 2004), the interpretation of the claims presented either implicitly or explicitly herein should not be viewed as constituting Petitioner's own interpretation and/or construction of such claims for the purposes of the underlying litigation. Instead, such constructions in this proceeding should be viewed only as constituting an interpretation of the claims under the "broadest reasonable construction" standard and/or under the Patent Owner's infringement allegations in the underlying litigation. Indeed, Petitioner has presented in the underlying litigation a different interpretation of one or more of the '412 patent claim terms.

Ex. A at 15-16; Ex. B at 11-12.

According to Apple, when arguing to the PTAB, claim construction before the PTAB is separate and distinct from the District Court litigation (at least as far as Apple is concerned); but when arguing to the Court, here, claim construction before the PTAB will offer the District Court

---

[4] *See Roy-G-Biv Corp. v. Fanuc Ltd.*, No. 2:07-CV-418 (DF), 2009 WL 1080854, at *2 (E.D. Tex. Apr. 14, 2009) ("[t]o convince this Court that a stay will actually simplify a case, the requesting party must do more than merely proffer oft-cited reexamination statistics and generic judicial efficiency arguments.").

important guidance.[5]   Thus, at every turn—from waiting to file its IPR petitions until after Aylus provided its proposed constructions, to making contradictory statements to each forum—Apple is seeking to advantage itself through unfair procedural maneuvering.

### C. AYLUS WOULD BE PREJUDICED BY DELAY

The key factor regarding whether to grant a stay is the impact to the nonmoving party. *See, e.g., Pi-Net Int'l, Inc. v. Focus Bus. Bank*, No. C 12-4958 PSG, 2013 WL 4475940, at *4 (N.D. Cal. Aug. 16, 2013) ("Despite the first two factors weighing in favor of a stay, if [the patentee] would face undue prejudice as a result of the stay, the court would be compelled to exercise its discretion to deny the stay.").   Aylus would be prejudiced by a stay because—now, over a year into this litigation—the amount of time it would take to vindicate its rights will likely be extensive.

Because the IPR was just filed, Aylus still has nearly three months to respond.   Then, the PTAB has three months to decide whether to institute.   35 U.S.C. § 314(b) (2012).   Next, the PTAB has 12 months to issue a final written decision.   35 U.S.C. § 316(a)(11) (2012).   This time period for a final written decision, however, can be extended up to an additional six months.   *Id.* Given the massive backlog at the PTAB, this is a distinct possibility.   *See* Ex. D.   This scenario would have the IPR conclude in October of 2016—three full years after Aylus brought suit.   But, of course, either party can appeal the decision to the Federal Circuit.   35 U.S.C. § 319 (2012); 35 U.S.C. § 141(c) (2012).   And the Federal Circuit can, additionally, remand back to the PTAB, if, for example, it disagrees with the PTAB's claim construction, further extending the length of the IPR.   *See Ultratec, Inc. v. Sorenson Commc'ns, Inc.*, No. 13-cv-346-bbc, 2013 WL 6044407, at *1 (W.D. Wisc. Nov. 14, 2013) ("Altogether, the *inter partes* review procedure may take two years and appeal to the Federal Circuit could extend the timeline further.").   All told, it is impossible to predict how long this IPR, ***if granted***, would last.   It may last until well over three years after Aylus brought suit to vindicate its rights.

---

[5]   Aylus rejects Apple's position that its statements in one forum are irrelevant to its statements in the other, and will raise this issue with the Court during the claim construction process.

For large corporations like Apple, delays in vindicating rights can be remedied by increased recovery later.   For small companies like Aylus—including the named inventor and Aylus' small team of engineers—excessive delay carries a materially adverse human dimension.

## V.   CONCLUSION

For the foregoing reasons, Aylus respectfully requests that the Court deny Apple's motion without prejudice.

DATED: October 14, 2014            QUINN EMANUEL URQUHART & SULLIVAN, LLP


By   */s/ Amar Thakur*
     Amar Thakur
     Attorney for AYLUS NETWORKS, INC.