QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Harold A. Barza (Bar No. 80888)
  halbarza@quinnemanuel.com
  Amar L. Thakur (Bar No. 194025)
  amarthakur@quinnemanuel.com
  Vincent Pollmeier (Bar No. 210684)
  vincentpollmeier@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

QUINN EMANUEL URQUHART & SULLIVAN, LLP
  William O. Cooper (Bar No. 279385)
  willcooper@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone   (415) 875-6600
Facsimile:   (415) 875-6700

Attorneys for Plaintiff,
Aylus Networks, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AYLUS NETWORKS, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>APPLE INC., a California corporation<br><br>Defendant. | CASE NO.  3:13-cv-04700-EMC<br><br>**AYLUS' OPPOSITION TO APPLE'S MOTION TO STRIKE EXPERT DECLARATION OF DANIEL J. WIGDOR IN SUPPORT OF AYLUS'S REPLY CLAIM CONSTRUCTION BRIEF** |

05010.00001/6282484.3

Case No. 13-cv-04700-EMC
AYLUS' OPPOSITION TO APPLE'S MOTION TO STRIKE EXPERT DECLARATION OF.
DANIEL J. WIGDOR IN SUPPORT OF AYLUS'S REPLY CLAIM CONSTRUCTION BRIEF

## I. INTRODUCTION

In Apple's Motion to Strike the Expert Declaration of Daniel J. Wigdor in Support of Aylus's Reply Claim Construction Brief ("Motion to Strike"), Apple states that "[t]he issue here is simple." Dkt. No. 65 at 1. According to Apple, because Dr. Wigdor's rebuttal declaration was not listed on the Patent L. R. 4-3 Joint Claim Construction and Prehearing Statement, it should be stricken. *Id.* Apple's motion makes a staggering omission: That Dr. Wigdor's rebuttal declaration **rebutted** large quantities of evidence that Apple, itself, did not include in the Patent L.R. 4-3 Joint Statement. Apple's flagrant violations of Patent L.R. 4-3—submitting with its claim construction brief a declaration and numerous pieces of extrinsic evidence not listed in the Patent L.R. 4-3 Joint Statement—occurred in Apple's Responsive Claim Construction Brief ("Responsive Brief"), which was filed **one week before** Dr. Wigdor's rebuttal declaration. *See* Dkt. No. 67. As Apple would have it, Apple was allowed to disregard the Patent Local Rules in its Responsive Brief, and yet Aylus, in responding to evidence it was not previously apprised of, was required to stay within its strict confines.

This makes no sense. After Apple's numerous violations of Patent L.R. 4-3, Aylus had no choice but to expand the scope of evidence to be submitted with its Reply Claim Construction Brief ("Reply Brief"). If Apple had properly notified Aylus of the declaration and other pieces of extrinsic evidence, then Aylus would have been required to notify Apple of Dr. Wigdor's declaration.

Thus, Apple is right: the issue here *is* simple. But the issue is not that Aylus submitted a declaration from a witness not listed in its Patent L.R. 4-3 disclosure. The issue is that Apple, in the first instance, violated Patent L.R. 4-3, and, in response, Aylus submitted a declaration that— in addressing the evidence Apple impermissibly relied on—permissibly exceeded the scope of its initial Patent L.R. 4-3 disclosure.

Accordingly, if the Court strikes the declaration and other evidence that Apple relied on in its briefing but did not disclose under Patent L.R. 4-3, as requested in Aylus' Motion to Strike (Dkt. No. 67), Aylus will not object to the Court also striking Dr. Wigdor's declaration. If,

however, the Court does not strike the evidence requested in Aylus' Motion to Strike, Dr. Wigdor's declaration should remain in evidence.

## II. DR. WIGDOR'S DECLARATION WAS SUBMITTED IN RESPONSE TO APPLE'S EVIDENCE WHICH WAS SUBMITTED IN VIOLATION OF THE PATENT LOCAL RULES

As detailed in Aylus' Motion to Strike Apple's Non-Disclosed Claim Construction Evidence (*see* Dkt. No. 67), on July 17, 2014 and July 28, 2014, the parties exchanged Patent L.R. 4-2 and 4-3 disclosures. Ex. A. In these disclosures, the parties were required to identify individuals who might be submitting a declaration and any evidence to be relied on during claim construction briefing. Aylus' disclosures did not include a declaration from Dr. Wigdor. Apple's disclosures did not include a declaration from Mr. Sho Kou or the following pieces of extrinsic evidence:

- "RenderingControl: 1 Service Template Version 1.01," UPnP Forum (June 25, 2002)
- "Universal Plug and Play Standards," Internet Archive – Wayback Machine, Archive.org (visited Sept. 9, 2014)
- "IP Multimedia Subsystem (IMS)," 3GPP TS 23.228, Version 6.15.0, Release 6 (2006)
- Gilles Bertrand, "The IP Multimedia Subsystem in Next Generation Networks" (May 30, 2007)

*See* Dkt. No. 67 at 2-3.

On September 11, 2014, Aylus submitted its Opening Claim Construction Brief ("Opening Brief"). Consistent with its Patent Local Rules disclosures, Aylus did not submit a declaration with its Opening Brief. Nearly two months after the Patent L.R. 4-3 Joint Statement was filed, on September 25, 2014, Apple filed its Responsive Brief and accompanying declarations and exhibits. Dkt. Nos. 55-58. Apple's Responsive Brief included a declaration submitted by Mr. Kou (Dkt. No. 57) and relied on the above-listed items of evidence. *See, e.g.,* Dkt. No. 55 at 1 (RenderingControl: 1 Service Template Version 1.01), 3 (Universal Plug and Play Standards - Archive.org); Dkt. No. 58 at 8 (IP Multimedia Subsystem), 8 (Bertrand, "The IP Multimedia

Subsystem in Next Generation Networks"). This declaration and other evidence pertained exclusively to (i) Universal Plug and Play and (ii) IP Multimedia Subsystem.

A week later, on October 2, 2014, Aylus submitted its Reply Brief, which included a rebuttal declaration from Dr. Daniel Wigdor. Dkt. No. 62. Like the non-disclosed Apple evidence, Dr. Wigdor's declaration pertained exclusively to (i) Universal Plug and Play and (ii) IP Multimedia Subsystem.

Despite the fact that Apple—first—violated Patent L.R. 4-3 by submitting a large quantity of non-disclosed evidence relating to (i) Universal Plug and Play and (ii) IP Multimedia Subsystem, and that Aylus—second—submitted a declaration responding to this evidence, it is Apple that initiated the briefing on this issue. Of course, after Apple expanded the scope of evidence beyond what was contained in the Patent L.R. 4-3 Joint Statement, Aylus had every right to *respond* to that evidence with evidence of its own that was not in the Joint Statement. The alternative—that Apple can violate the Patent Local Rules with non-disclosed extrinsic evidence and Aylus must stay confined to its Patent Local Rules disclosures—makes no sense. Accordingly, because Apple has no excuse for its violations—and because Aylus had no choice but to respond as it did—Apple's Motion to Strike should be denied.

## III. CONCLUSION

For the foregoing reasons, Aylus respectfully requests that the Court deny Apple's Motion to Strike Expert Declaration of Daniel J. Wigdor in Support of Aylus's Reply Claim Construction Brief. If, however, the Court grants the relief sought in Aylus' Motion to Strike (Dkt. No. 67) then Aylus does not object to the Court also striking Dr. Wigdor's declaration.

DATED: October 15, 2014

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  */s/ Amar Thakur*
Amar Thakur
Attorney for AYLUS NETWORKS, INC.

05010.00001/6282484.3

-3- Case No. 3:13-cv-04700-EMC
AYLUS' OPPOSITION TO APPLE'S MOTION TO STRIKE EXPERT DECLARATION OF.
DANIEL J. WIGDOR IN SUPPORT OF AYLUS'S REPLY CLAIM CONSTRUCTION BRIEF