1  MARK D. FOWLER, Bar No. 124235
   mark.fowler@dlapiper.com
2  CHRISTINE K. CORBETT, Bar No. 209128
   christine.corbett@dlapiper.com
3  ROBERT BUERGI, Bar No. 242910
   robert.buergi@dlapiper.com
4  ERIK R. FUEHRER, Bar No. 252578
   erik.fuehrer@dlapiper.com
5  JONATHAN HICKS, Bar No. 274634
   jonathan.hicks@dlapiper.com
6  **DLA PIPER LLP (US)**
   2000 University Avenue
7  East Palo Alto, CA 94303-2214
   Telephone: 650.833.2000
8  Facsimile: 650.833.2001

9  ROBERT WILLIAMS, Bar No. 246990
   robert.williams@dlapiper.com
10 **DLA PIPER LLP (US)**
   401 B Street, Suite 1700
11 San Diego, CA 92101-4297
   Telephone: 619.699.2700
12 Facsimile: 619.699.2701

13 Attorneys for Defendant
   APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AYLUS NETWORKS, INC., <br><br> Plaintiff, <br><br> v. <br><br> APPLE INC., <br><br> Defendant. | CASE NO. 3:13-cv-04700-EMC <br><br> **DEFENDANT APPLE INC.'S OPPOSITION TO AYLUS'S MOTION TO STRIKE APPLE'S NON-DISCLOSED CLAIM CONSTRUCTION EVIDENCE** <br><br> DATE: October 22, 2014 <br> TIME: 12:30 p.m. <br> PLACE: Courtroom 5, 17th Floor <br> JUDGE: Honorable Edward M. Chen |

DLA PIPER LLP (US)
EAST PALO ALTO
WEST\251319868
337722-000046

APPLE INC.'S OPP TO AYLUS MOTION TO STRIKE
CASE NO. 13-CV-4700-EMC

Defendant Apple Inc. ("Apple") respectfully submits this brief in opposition to Aylus's Motion To Strike Apple's Non-Disclosed Claim Construction Evidence. (Dkt. # 67.)

## I. **INTRODUCTION**

Aylus's Motion to Strike is nothing more than a retaliatory move against Apple for moving to strike the improper declaration of Dr. Wigdor submitted by Aylus. Aylus never took issue with Apple's reliance on the declaration of Sho Kou or any of the exhibits at issue in this motion in its reply claim construction brief. The reason for this omission is simple. Aylus is well aware that Apple complied with the Patent Local Rules in its disclosure of both Sho Kou and the at-issue exhibits and that Aylus was properly placed on notice of Apple's reliance on this evidence. Nonetheless, Aylus now belatedly takes issue with Apple's disclosure of evidence. The problem, however, is that there is no comparison between Apple's proper disclosures and Aylus's utter failure to provide any disclosure of its reliance on certain extrinsic evidence.

Specifically, with respect to Sho Kou, Apple provided Aylus with notice that it intended to "present a declaration from one or more of the authors of any evidence cited herein, including but not limited to John Ritchie, Thomas Kuehnel, Michael Jeronimo, and Jack Weast…" in the Patent Local Rule 4-3 disclosure and Apple identified the document, "ContentDirectory:1 Service Template Version 1.01," on which Mr. Kou is listed as an author. As such, Aylus had notice of Apple's intent to rely upon a declaration of, at least, Mr. Kou and could have sought to depose him during the claim construction period. Notably, Aylus did not seek to depose Mr. Kou, or any of the other individuals identified by Apple in the Patent Local Rule 4-3 disclosure, despite being put on notice of Apple's intent to rely on these authors for claim construction purposes. As such, there is no prejudice to Aylus.

Regarding the four documents that Aylus seeks to strike from the declaration of Sho Kou and Nathaniel Polish, Apple is not offering the exhibits to support or rebut claim construction positions and, therefore, did not have a duty to disclose these documents under Patent Local Rule 4-3. As Apple informed Aylus prior to the filing of this motion to strike, Apple offered to withdraw these four exhibits in an effort to narrow the issues before the Court so long as Aylus withdrew its exhibits that were not properly disclosed in the Patent Local Rule 4-3 disclosure.

DLA PIPER LLP (US)
EAST PALO ALTO
WEST\251319868
337722-000046
-1-
APPLE INC.'S OPP TO AYLUS MOTION TO STRIKE
CASE NO. 13-CV-4700-EMC

Aylus refused this compromise position. Despite Aylus's refusal to compromise, to narrow disputes and minimize the Court's involvement and burden, Apple agrees to withdraw these exhibits.

**II. ARGUMENT**

**A. Apple Sufficiently Identified Its Intent to Reply Upon Testimony of UPnP Specification Authors, Including Sho Kou, In The Patent Local Rule 4-3 Disclosure**

Contrary to Aylus's arguments, Apple identified its intent to rely upon a declaration of Mr. Kou in the Patent Local Rule 4-3 disclosure. Patent Local Rule 4-3 requires "an *identification* of any extrinsic evidence known to the party on which it intends to rely either to support its proposed construction or to oppose any other party's proposed construction, including, but not limited to, as permitted by law, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses." The rule does not specifically require identification in a particular format. Although Apple did not specifically include Mr. Kou's name in the text of the chart attached to the Patent Local Rule 4-3 disclosure, Apple explicitly informed Aylus as follows:

> Apple may also present a declaration from one or more of the authors of any evidence cited herein, including but not limited to John Ritchie, Thomas Kuehnel, Michael Jeronimo, and Jack Weast. Such testimony will relate to the meaning of this claim term to one of ordinary skill in the art and the accuracy of Apple's proposed construction based on the claim language, specification, file history, prior art references, extrinsic evidence, and industry knowledge.

(*See, e.g.*, Dkt. # 47 at 32.) One of the documents referenced just a few lines above this disclosure is a document titled, ContentDirectory:1 Service Template Version 1.01 (APL-AYLUS_00001831-919), which Apple timely produced in this case. (*Id.* at 31.) On the very first page of the ContentDirectory:1 document, the authors of the document are listed, which, as shown below, includes Sho Kou as the third listed author:

/ / /

/ / /

/ / /

/ / /

-2-
DLA PIPER LLP (US)
EAST PALO ALTO
WEST\251319868
337722-000046
APPLE INC.'S OPP TO AYLUS MOTION TO STRIKE
CASE NO. 13-CV-4700-EMC

| Authors | Company |
|---|---|
| Kirt Debique | Microsoft |
| Tatsuya Igarashi | Sony |
| Sho Kou | Sony |
| Jean Moonen | Philips |
| John Ritchie | Intel |
| Gerrie Schults | HP |
| Mark Walker | Intel |

(Corbett Decl., Ex. A.)

Aylus admits that Apple sufficiently identified John Ritchie, Thomas Kuehnel, Michael Jeronimo, and Jack Weast. Motion at 4. Aylus only takes issue with the fact that Mr. Kou was not explicitly listed on the non-exclusive list of potential UPnP authors in the Patent Local Rule 4-3 disclosure. However, the explicit identification of Sho Kou was not required. Aylus was put on notice that Apple may rely on any of the authors of the documents identified in the Patent Local Rule 4-3 disclosure. There were *only twenty such authors*, all of whom were specifically identified on the first page of the documents identified in the Patent Local Rule 4-3 disclosure. Therefore, as Apple specifically reserved the right to rely on declarations from authors of documents identified in the Patent Local Rule 4-3 disclosure and cited a document specifically listing "Sho Kou" as an "Author," Apple has complied with the patent local rule disclosure obligations. (Corbett Decl., Ex. A; Dkt. # 47 at 31-32.) Aylus cites no case law to the contrary.

Aylus instead cites to *Largan Precision Co. v. Fujifilm Corp.* in support of its claim that Apple's disclosure of Mr. Kou is deficient. However, that case is inapposite for several reasons. First, in its Patent Local Rule 4-3 disclosure, the plaintiff in *Largan* disclosed one expert and included a general reservation that it "may call one or more experts." 2012 WL 4097719, *4 (N.D. Cal. Sept. 17, 2012). In its claim construction briefing, the plaintiff relied on a different expert, not identified in its Patent Local Rule 4-3 disclosure. *Id.* The plaintiff's potential reliance on any expert, anywhere in the world in *Largan* cannot be compared to Apple's identification, by names, of specific and finite authors (only twenty such authors). Second, the court in *Largan* found prejudice as a result of the plaintiff's untimely disclosure of its expert. Here, there is no

DLA PIPER LLP (US)
EAST PALO ALTO

WEST\251319868
337722-000046

APPLE INC.'S OPP TO AYLUS MOTION TO STRIKE
CASE NO. 13-CV-4700-EMC

prejudice. Aylus never sought to take the deposition of any of the individuals identified in the Patent Local Rule 4-3 disclosure. As such, even if Apple had specifically identified Sho Kou in its list of names in the Patent Local Rule 4-3 chart (which it did not need to do), Aylus made a decision to not depose any of the individuals identified by Apple.

*Asetek Holdings, Inc. v. CoolIT Sys., Inc.* and *Nordic Naturals, Inc. v. J.R. Carlson Labs., Inc.* are similarly distinguishable because, in those cases, the Court struck expert declarations where the parties failed to even reference or preserve the use of an expert in their Patent Local Rule 4-3 disclosures—akin to Aylus's failure to disclose Dr. Wigdor in this case. (Corbett Decl., Exs. B, C.)

### B. Apple Does Not Rely On The Objected To Documents In Support Or Opposition to Claim Constructions, But Agrees To Withdraw These Four Documents

Regarding the four documents that Aylus seeks to strike from the declarations of Sho Kou and Nathaniel Polish, Apple is not offering the exhibits to support or rebut claim construction positions and, therefore, did not have a duty to disclose these documents under Patent Local Rule 4-3. Patent Local Rule 4-3 states, in pertinent part, that the Joint Claim Construction and Prehearing Statement "shall contain…an identification of any extrinsic evidence known to the party ***on which it intends to rely either to support its proposed construction or to oppose any other party's proposed construction***, including, but not limited to,…testimony of percipient and expert witnesses." Patent L.R. 4-3 (emphasis added).

For example, Exhibit 11 ("RenderingControl: 1 Service Template Version 1.01," UPnP Forum (June 25, 2002)) is used to simply identify another UPnP specification co-authored by Sho Kou and Exhibit 18 ("Universal Plug and Play Standards," Internet Archive – Wayback Machine, Archive.org (visited Sept. 9, 2014)) is used to show that the UPnP specifications were available before the priority date of the asserted patent.

Nonetheless, with respect to Exhibits 11, 18, 20 and 21, in an effort to resolve the parties' disputes and minimize the Court's involvement and burden, Apple agrees to withdraw these exhibits. Prior to Aylus's filing of this motion to strike, Apple offered to withdraw Exhibits 11, 18, 20 and 21 from its claim construction briefing so long as Aylus agreed to withdraw six

-4-
DLA PIPER LLP (US)
EAST PALO ALTO
WEST\251319868
337722-000046
APPLE INC.'S OPP TO AYLUS MOTION TO STRIKE
CASE NO. 13-CV-4700-EMC

exhibits attached to the declaration of Daniel Wigdor that were never disclosed to Apple in the Patent Local Rule 4-3 disclosure. (Corbett Decl., Ex. D.) Aylus rejected Apple's proposal, forcing Apple to file a second motion to strike the six previously undisclosed documents attached to the Wigdor declaration (Dkt. #69.)[1]

## III. CONCLUSION

For the foregoing reasons, Apple respectfully requests that the Court deny Aylus's Motion to Strike with respect to the Sho Kou declaration.

Dated: October 16, 2014                DLA PIPER LLP (US)

By: */s/ Christine K. Corbett*
MARK D. FOWLER
CHRISTINE K. CORBETT
ROBERT BUERGI
ROBERT WILLIAMS
ERIK R. FUEHRER
JONATHAN HICKS
Attorneys for Defendant
Apple Inc.

---

[1] During a telephone conference to discuss the issues raised in the parties' respective motions to strike, in the interest of compromise and reducing the burden on the Court, Apple offered to withdraw its motion to strike Dr. Wigdor and forebear on filing a motion to strike the six previously undisclosed documents attached to the declaration of Dr. Wigdor, if Aylus agreed to forebear on filing this motion to strike. Aylus rejected this proposal outright and stated that it may consider Apple's proposal if Apple also withdraw its administrative motion for supplemental claim construction briefing. Apple's administrative motion is independent of the parties' disputes regarding evidentiary issues in the claim construction briefs and, therefore, cannot and should not be tied to the motions to strike.

-5-
WEST\251319868
337722-000046
DLA PIPER LLP (US)
EAST PALO ALTO
APPLE INC.'S OPP TO AYLUS MOTION TO STRIKE
CASE NO. 13-CV-4700-EMC