QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Harold A. Barza (Bar No. 80888)
  halbarza@quinnemanuel.com
  Amar L. Thakur (Bar No. 194025)
  amarthakur@quinnemanuel.com
  Vincent Pollmeier (Bar No. 210684)
  vincentpollmeier@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California   90017-2543
Telephone:     (213) 443-3000
Facsimile:     (213) 443-3100

QUINN EMANUEL URQUHART & SULLIVAN, LLP
  William O. Cooper (Bar No. 279385)
  willcooper@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone     (415) 875-6600
Facsimile:     (415) 875-6700

Attorneys for Plaintiff,
Aylus Networks, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

AYLUS NETWORKS, INC., a Delaware corporation,

Plaintiff,

vs.

APPLE INC., a California corporation

Defendant.

CASE NO.   3:13-cv-04700-EMC

**AYLUS' OPPOSITION TO APPLE'S MOTION TO STRIKE UNDISCLOSED DOCUMENTS IN SUPPORT OF AYLUS'S REPLY CLAIM CONSTRUCTION BRIEF**

05010.00001/6284489.2

Case No. 13-cv-04700-EMC

AYLUS' OPPOSITION TO APPLE'S MOTION TO STRIKE UNDISCLOSED DOCUMENTS
IN SUPPORT OF AYLUS'S REPLY CLAIM CONSTRUCTION BRIEF

## I.    INTRODUCTION

On October 9, 2014, Apple initiated a series of procedural motions when it filed a motion to strike the declaration of Dr. Daniel J. Wigdor.   Dkt. No. 65 ("Apple Wigdor Motion Number One").   Apple claimed that Dr. Wigdor's declaration should be excluded from consideration in claim construction because it was not listed on the Joint Claim Construction Statement.   *Id.* at 1. As Aylus explained in its opposition to that motion, Dr. Wigdor's declaration was submitted ***in response*** to numerous pieces of evidence that Apple included in its claim construction briefing that were not on the Joint Claim Construction Statement—including the declaration of Mr. Sho Kou.   *See* Dkt. No. 75.   Thus, despite being the party that violated the Patent Local Rules, it was Apple that burdened the Court by initiating this briefing.

Making matters worse, Apple Wigdor Motion Number One completely omitted any mention of the exhibits attached to Dr. Wigdor's declaration.   In response to Aylus' Motion to Strike Apple's Non-Disclosed Claim Construction Evidence (Dkt. No. 67) ("Aylus' Motion to Strike"), Apple has filed an entirely new motion—sweeping in the exhibits to the very same Wigdor declaration.   Dkt. No. 69 ("Apple Wigdor Motion Number Two").

For the very same reasons articulated in Aylus' opposition to Apple Wigdor Motion Number One, the Court should reject Apple Wigdor Motion Number Two:   Dr. Wigdor's declaration and exhibits thereto were submitted in response to Apple's own preceding violations of Patent L.R. 4-3.   *See* Dkt. No. 75.   As Aylus previously stated, if the Court grants the relief requested in Aylus' Motion to Strike then Aylus does not object to the Court striking the exhibits to Dr. Wigdor's declaration.   *See id.* at 1-2.   If, however, the Court does not strike the evidence requested in Aylus' Motion to Strike, the documents at issue in this motion should not be stricken.

## II.    THE DOCUMENTS AT ISSUE IN THIS MOTION WERE SUBMITTED IN REBUTTAL TO APPLE'S NON-DISCLOSED EXTRINSIC EVIDENCE

On July 17, 2014 and July 28, 2014, Apple and Aylus exchanged Patent L.R. 4-2 and 4-3 disclosures.   Ex. A; Ex. B.   The Patent Local Rules require these disclosures to identify "any extrinsic evidence known to the party on which it intends to rely either to support its proposed construction or to oppose any other party's proposed construction . . ."   Patent L.R. 4-3; *see*

Patent L.R. 4-2.   Aylus submitted its Opening Claim Construction Brief ("Opening Brief") on September 11, 2014 in full compliance with the Patent Local Rules, i.e., it did not include the evidence at issue in Apple's instant motion.   *See* Dkt. No. 54.   On September 25, 2014, Apple filed its Responsive Claim Construction Brief ("Responsive Brief") along with supporting declarations and exhibits.   *See* Dkt. Nos. 55-58.   Apple's Responsive Brief included several pieces of evidence not listed in the Joint Claim Construction Statement.   *See, e.g.,* Dkt. No. 55 at 1 (RenderingControl: 1 Service Template Version 1.01), 3 (Universal Plug and Play Standards - Archive.org); Dkt. No. 57 (Kou Declaration); Dkt. No. 58 at 8 (IP Multimedia Subsystem), 8 (Bertrand, "The IP Multimedia Subsystem in Next Generation Networks").   This non-disclosed evidence related exclusively to (i) Universal Plug and Play and (ii) IP Multimedia Subsystem.

Aylus thereafter filed its Reply Claim Construction Brief ("Reply Brief") on October 2, 2014.   Dkt. No. 62.   This brief contained, among other things, the evidence at issue in this motion.   *See id.*   Every piece of evidence at issue in this motion was used to rebut Apple's non-disclosed evidence and related exclusively to (i) Universal Plug and Play or (ii) IP Multimedia Subsystem.   Apple cannot be heard to complain about Aylus' use of evidence not listed in the Joint Claim Construction Statement in order to respond to evidence Apple also did not list in the Joint Claim Construction Statement.   In other words, Apple attempts to expand the scope of claim construction evidence outside of the Joint Claim Construction Statement and yet, at the same time, seeks to strike Aylus' use of evidence outside of the Joint Claim Construction Statement in response.   If the Court grants Aylus' motion striking the evidence Apple did not list in the Joint Claim Construction Statement, then Aylus will not oppose the Court striking the evidence at issue in this motion.   If, however, the Court denies Aylus' motion, the Court should deny the instant motion as well.

### III.   CONCLUSION

For the foregoing reasons, Aylus respectfully requests that the Court deny Apple's Motion to Strike Undisclosed Documents in Support of Aylus's Reply Claim Construction Brief.   If, however, the Court grants the relief sought in Aylus' Motion to Strike Apple's Non-Disclosed

05010.00001/6284489.2

Case No. 3:13-cv-04700-EMC

1    Claim Construction Evidence (Dkt. No. 67) then Aylus does not object to the Court also striking

2    the evidence at issue in this motion.

3

4    DATED: October 16, 2014                QUINN EMANUEL URQUHART & SULLIVAN,
                                            LLP
5

6
                                           By    /s/ Amar Thakur
7                                                Amar Thakur
                                                 Attorney for AYLUS NETWORKS, INC.
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28