UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AYLUS NETWORKS, INC., a Delaware corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>APPLE, INC., a California corporation,<br><br>    Defendant.<br>_____/ | No. C-13-4700 EMC<br><br>**ORDER DENYING DEFENDANT APPLE'S MOTION TO STAY PENDING INITIAL DETERMINATIONS BY THE PATENT OFFICE**<br><br>**(Docket No. 61)** |

On September 30, 2014, Defendant Apple Inc., filed a motion requesting a stay of *inter partes* these proceedings pending a determination by the U.S. Patent Office whether to institute review (IPR) proceedings of the patent-in-dispute. Docket No. 61. Plaintiff Aylus Networks, Inc., filed its opposition on October 14, 2014. Docket No. 71. The Court has considered the parties' submissions and determined that this matter is appropriate for resolution without oral argument. *See* Civil Local Rule 7-1(b). For the reasons set forth below, the Court **DENIES** Apple's motion for a pre-institution stay.

## I. BACKGROUND

Plaintiff Aylus Networks filed this patent infringement lawsuit on October 9, 2013. Docket No. 1. The Complaint alleged infringement of U.S. Patent No. RE44,412 (the '412 patent). *Id*. On September 29, 2014, Apple filed two petitions for inter partes review of the '412 patent with The Patent Trial and Appeal Board (PTAB). Docket No 61 at 3. Both IPR petitions seek review of all claims of the '412 patent. *Id*. Apple expects PTAB to grant or deny their petitions by March, 2015.

## II. **LEGAL STANDARD & DISCUSSION**

"Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination." *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) (citations omitted). However, a "court is under no obligation to delay its own proceedings" where parallel litigation is pending before the PTAB. *See Robert Bosch Healthcare Systems, Inc. v. Cardiocom, LLC*, C-14-1575 EMC, 2014 WL 3107447 at *2 (N.D. Cal. Jul. 3, 2014). This is especially true when the Patent Office has yet to decide whether to institute IPR proceedings. *See, e.g.*, *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1315-16 (Fed. Cir. 2014) (noting that the case for a stay is "stronger after post-grant review has been instituted"); *Loyalty Conversion Sys. Corp. v. American Airlines, Inc.*, 13-CV-665, 2014 WL 3736514 at *1-2 (E.D. Tx. Jul. 29, 2014) (Bryson, J.) (noting that the "majority of courts . . . have denied stay requests when the PTAB has not yet acted on the petition for review").

In determining whether to stay this litigation, the Court considers three factors: "(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party." *Robert Bosch*, 2014 WL 3107447 at *3 (citation omitted).

The first factor (the stage of litigation) is essentially neutral. While no trial date is set and no dispositive motions have been scheduled, the parties have conducted considerable discovery and have briefed the claim construction. Moreover, the case has been pending since October 2013. Thus, while the case is not in its infancy, it is not in its adolescence either.

The second factor (simplification of issues and trial) is similarly neutral. As Federal Circuit Judge Bryson recently explained, sitting by designation in the Eastern District of Texas, "a stay *could* simplify the issues in this case and streamline the trial – or even obviate the need for a trial – but only if the PTAB grants the petition" for review. *Loyalty Conversion Sys.*, 2014 WL 3736514 at *2 (emphasis added). "Because it is speculative whether the PTAB will grant the petition, [the second] factor does not cut in favor of a stay." *Id.*

The third factor (prejudice to the non-moving party) is also neutral. On the one hand, Aylus

might be spared a great deal of expense and effort if PTAB's review resolved this dispute. On the other hand, Aylus contends that staying these proceedings will cause further expense and delay, and will prejudice them regardless of whether the petition is granted or denied . Docket No. 71 at 6. The Court finds both points have merit and views this factor as neutral.

Because none of the stay factors weigh in favor of granting a stay, and because the PTAB's decision on Apple's IPR petitions is not expected until nearly eighteen months after Aylus filed this action, the Court **DENIES** Apple's motion for a pre-institution stay of these proceedings.

This order disposes of Docket No. 61.

IT IS SO ORDERED.

Dated: November 6, 2014

_____
EDWARD M. CHEN
United States District Judge

3