1  MARK D. FOWLER, Bar No. 124235
   mark.fowler@dlapiper.com
2  CHRISTINE K. CORBETT, Bar No. 209128
   christine.corbett@dlapiper.com
3  ROBERT BUERGI, Bar No. 242910
   robert.buergi@dlapiper.com
4  ERIK R. FUEHRER, Bar No. 252578
   erik.fuehrer@dlapiper.com
5  JONATHAN HICKS, Bar No. 274634
   jonathan.hicks@dlapiper.com
6  **DLA PIPER LLP (US)**
   2000 University Avenue
7  East Palo Alto, CA  94303-2214
   Telephone:  650.833.2000
8  Facsimile:   650.833.2001

9  ROBERT WILLIAMS, Bar No. 246990
   robert.williams@dlapiper.com
10 **DLA PIPER LLP (US)**
   401 B Street, Suite 1700
11 San Diego, CA  92101-4297
   Telephone: 619.699.2700
12 Facsimile: 619.699.2701

13 Attorneys for Defendant
   APPLE INC.
14

15               UNITED STATES DISTRICT COURT

16              NORTHERN DISTRICT OF CALIFORNIA

17                 SAN FRANCISCO DIVISION

18

19 AYLUS NETWORKS, INC.,                    CASE NO.  3:13-cv-04700-EMC

20              Plaintiff,                  **DEFENDANT APPLE INC.'S
                                            SUPPLEMENTAL CLAIM
21 v.                                       CONSTRUCTION BRIEF REGARDING
                                            AYLUS'S NEW CONSTRUCTION OF
22 APPLE INC.,                              "SERVING NODE"**

23              Defendant.                  Date: Nov. 21, 2014
                                            Time: 1:00 p.m.
24                                          Place: Courtroom 5, 17th Floor
                                            Judge: Honorable Edward M. Chen
25

26

27

28

1    Pursuant to the Court's November 4, 2014 Order (Dkt. No. 89), Defendant Apple Inc.

2 ("Apple") submits this supplemental brief regarding Aylus's new proposed construction of

3 "serving node" in U.S. Patent No. RE44,412 (the "'412 patent").

4 **I.  CORRECT CONSTRUCTION OF THE TERM "SERVING NODE"**

5    **A.  "serving node" (claims 1, 15, 20, 27)**

6

| Apple's Proposed Construction | Aylus's New Proposed Construction |
|---|---|
| A node configured to establish an IMS session with the UE. | A node configured to establish communication with the UE. |

7

8

9    Apple's proposed construction remains the same. The Court should adopt that

10 construction for the reasons previously set forth in Apple's responsive claim construction brief

11 and first supplemental claim construction brief. Apple Br. (Dkt. No. 55) at 14-17; Apple Supp.

12 Br. (Dkt. No. 85) at 8-9.

13    Aylus's new construction adopts much of Apple's proposed construction, but replaces the

14 language "establish <u>an IMS session</u> with the UE" with "establish <u>communication</u> with the UE."

15 The Court should reject Aylus's new construction because: (1) it ignores the repeated and

16 exclusive teachings of the patent specification that the serving node establishes an IMS session

17 with the UE; and (2) it merely recites what is already required by the surrounding claim language,

18 thereby improperly rendering this claim term superfluous.

19    First, Aylus's new construction ignores the teachings of the patent specification that the

20 serving node establishes an IMS session with the UE. The specification does not teach that the

21 serving node simply establishes communication with the UE, but that it establishes <u>IMS sessions</u>

22 with the UE. As previously established in Apple's responsive brief, the patent specification and

23 figures consistently and exclusively describe the serving node as being configured to establish

24 IMS sessions. Apple Br. at 14-15. Indeed, the specification never contemplates a serving node

25 that cannot establish an IMS session. *Id.* Further, the specification's description of IMS is not

26 limited to merely one embodiment, but instead is described as part of "the invention" itself.

27 Apple Br. at 15-16 (citing the '412 patent at 1:35-37; 5:49-53). Because the specification twice

28 describes "the invention" as involving IMS, the "serving node" limitation is not entitled to a

-1-

1 | broader scope. *Wang Labs., Inc. v. Am. Online, Inc.*, 197 F.3d 1377, 1383 (Fed. Cir. 1999); *Watts*

2 | *v. XL Sys., Inc.*, 232 F.3d 877, 882 (Fed. Cir. 2000); *Honeywell Intl, Inc. v. ITT Indus.*, 452 F.3d

3 | 1312, 1318 (Fed. Cir. 2006). In short, when "serving node" is interpreted in light of the

4 | specification, as it must be, the inescapable conclusion is that the "serving node" is configured to

5 | establish an IMS session with the UE.

6 | Second, Aylus's new construction renders the "serving node" limitation superfluous by

7 | reciting what is already required by other claim language, *i.e.*, that the serving node be configured

8 | to "establish communication" with the UE. It is a fundamental principle of claim construction

9 | that all words in a claim should be given meaning. *Innova/Pure Water, Inc. v. Safari Water*

10 | *Filtration Sys., Inc.*, 381 F.3d 1111, 1119 (Fed. Cir. 2004) ("all claim terms are presumed to have

11 | meaning in a claim"); *Bicon, Inc. v. Straumann Co.*, 441 F.3d 945, 950 (Fed. Cir. 2006) (claims

12 | must be "interpreted with an eye toward giving effect to all terms in the claim."); *Cat Tech LLC v.*

13 | *TubeMaster, Inc.*, 528 F.3d 871, 885 (Fed. Cir. 2008) (refusing to adopt a claim construction

14 | which would render a claim limitation meaningless); *Elekta Instrument S.A. v. O.U.R. Scientific*

15 | *Int'l, Inc.*, 214 F.3d 1302, 1305-07 (Fed. Cir. 2000) (refusing to adopt a claim construction which

16 | would render claim language superfluous). Each claim of the '412 patent requires that the

17 | serving node include CP logic (Apple Br., Ex. 1 ('412 patent) at 24:40-41, 25:66-67, 26:36-37)

18 | and that the UE include CPP logic (*id.* at 24:46-47, 25:57-58, 26:41-47). Each claim also requires

19 | that the CP logic (in the serving node) be configured to cooperate with the CPP logic (in the UE)

20 | to negotiate media content delivery. *Id.* at 24:46-51, 25:57-62, 26:41-52. In order for the serving

21 | node's CP logic and UE's CPP logic to cooperate in negotiating media content delivery, the two

22 | components must necessarily be configured to communicate with each other. Aylus's

23 | construction therefore recites only what is already required by other claim language, effectively

24 | rendering the "serving node" limitation superfluous.

25 | ///

26 | ///

27 | ///

28 |

## II. CONCLUSION

For the foregoing reasons, Apple respectfully requests that the Court adopt Apple's construction of the term "serving node."

Dated: November 10, 2014

DLA PIPER LLP (US)

By: */s/ Mark D. Fowler*

Mark D. Fowler
Attorneys for Defendant Apple Inc.

DLA PIPER LLP (US)
EAST PALO ALTO

WEST\251963964.1