QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Harold A. Barza (Bar No. 80888)
  halbarza@quinnemanuel.com
  Amar L. Thakur (Bar No. 194025)
  amarthakur@quinnemanuel.com
  Vincent Pollmeier (Bar No. 210684)
  vincentpollmeier@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:     (213) 443-3000
Facsimile:     (213) 443-3100

QUINN EMANUEL URQUHART & SULLIVAN, LLP
  William O. Cooper (Bar No. 279385)
  willcooper@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone:     (415) 875-6600
Facsimile:     (415) 875-6700

Attorneys for Plaintiff,
Aylus Networks, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AYLUS NETWORKS, INC., a Delaware corporation,<br><br>     Plaintiff,<br><br>     vs.<br><br>APPLE INC., a California corporation<br><br>     Defendant. | CASE NO.   3:13-cv-04700-EMC<br><br>**AYLUS' SUPPLEMENTAL CLAIM CONSTRUCTION BRIEF REGARDING SERVING NODE** |

**I.       INTRODUCTION**

There is one narrow dispute between the parties regarding the claim term "serving node:" whether it should be limited to establishing **_communication_** with the user endpoint or to establishing **_an IMS session_** with the user endpoint.

Aylus revised its proposed construction in order to crystallize this dispute for the Court. "Serving node" should not be limited to IMS sessions because "IMS" was removed from the term "IMS network" during prosecution. "Courts are not permitted to read back into the claims limitations which were originally there and were removed during prosecution of the application through the Patent Office." *United States v. Telectronics, Inc.*, 857 F.2d 778, 783 (Fed. Cir. 1988) (citations omitted).

IMS is a particular network for streaming media content over wide area networks. *See* Declaration of Dr. Daniel J. Wigdor in Support of Aylus' Supplemental Claim Construction Brief ("Wigdor Decl.") at ¶ 5. An IMS network is called an IMS network because it deploys a particular architecture that is extensively disclosed the '412 specification. Ex. 1 ('412 patent) at 2:44-5:3. An IMS session is a communication that occurs in that IMS network architecture, and uses Session Initiation Protocol (SIP) . *Id.* at 2:49-52.

A non-IMS network architecture may also stream media content over wide area networks but it does not deploy the particular IMS architecture. *See* Wigdor Decl. at ¶ 10. The '412 specification describes non-IMS networks (and non-IMS architectures) such as 2.5G networks and 1xRTT EVDO. *See* Ex. 1 ('412 Patent) at 1:60-2:15; 2:25-30; 5:4-14. A session in a non-IMS architecture may still use SIP. *See id.*

The existence of non-IMS networks within the scope of the claims necessarily means that non-IMS sessions exist as well. *See* Wigdor Decl. at ¶ 17. The type of session established will depend on the type of network it is established within, not which protocols are used to establish that session. *See* Wigdor Decl. at ¶ 5, 7, 9, 10. Just as an IMS session is a session that occurs in an IMS network architecture, a non-IMS session occurs in a non-IMS network architecture. *See* Wigdor Decl. at ¶ 5, 10, 16. It necessarily follows that in pure non-IMS networks—which Apple

concedes exists within the scope of the claims as issued—there cannot technologically exist IMS sessions.   Apple's proposed construction is thus irreconcilable with both the law and the underlying technology.   Apple's proposed construction necessarily requires that an IMS network architecture be present.   Because the patent does not require a particular network architecture to be employed in establishing that communication, the Court should adopt Aylus' proposed construction of "a node configured to establish communication with the UE."

## II. CLAIM CONSTRUCTION

### A. "Serving Node"

| Aylus' Proposed Construction | Apple's Proposed Construction |
|---|---|
| A node configured to establish communication with the UE | A node configured to establish an IMS session with the UE. |

#### 1. The Applicant Withdrew IMS During Prosecution

A claim limitation that is withdrawn from a claim during prosecution may not be read back into the claim during litigation.   *See Kistler Instrumente AG. v. United States*, 628 F.2d 1303, 1308 (Ct. Cl. 1980).

As explained in Aylus' Reply Claim Construction Brief, Aylus initially included the limitation of "IMS network" in the claims.   Dkt. No. 62, Ex. 4 ('753 Prosecution History, Original Claims) at 1; Aylus' Reply Claim Construction Brief at 11-15.   After the examiner objected that the acronym IMS was not written out (Dkt. No. 62, Ex. 2 ('753 Prosecution History, Office Action, Mar. 25, 2009) at 3) Aylus realized that the patent was not intended to be limited to IMS network architecture and should not be so limited.   Aylus thereafter amended the claims and removed IMS.   Dkt. No. 62, Ex. 3('753 Prosecution History, Amendments and Remarks, Aug. 19, 2009) at 2.   The examiner allowed this amendment.   That is, the examiner concluded that limiting the claims to an IMS network architecture was not necessary to patentability and that the claims should issue without this limitation.

In an effort to get around the law prohibiting building in limitations removed during prosecution, Apple turns to *Decisioning.com, Inc. v. Federated Dept. Stores, Inc.*, 527 F.3d 1300

(Fed. Cir. 2008). As explained in Aylus Reply Brief, however, this case supports Aylus' position. Aylus' Reply Claim Construction Brief at 13. And Apple's reiteration of its argument in its Supplemental Brief does not save its argument. Apple's Supplemental Claim Construction Brief at 8-9. In *Decisioning.com*, the specification of a continuation application limited the invention from a human or computer process kiosk to solely a computer process kiosk. *See Decisioning.com, Inc.*, 527 F.3d at 1307. The court read the claims in light of the new specification and limited the claims accordingly. *See id.* The same logic should apply here—an applicant's actions in prosecution should be given effect in litigation. Because Aylus **broadened** the claims in prosecution to eliminate the requirement that invention be in an IMS network architecture —and because the PTO accepted this broadening—the Court should not limit the claims to IMS networks now.

### 2. The Existence of Non-IMS Networks Necessarily Means There are Non-IMS Sessions

Apple argues that the fact that "IMS" was removed from the term "IMS network," does not mean that the patent is not limited to IMS sessions because the Control Point is the serving node and it must be capable of initiating an IMS session regardless of the network in which it is located. Apple's Supplemental Claim Construction Brief at 8-9. Not so. A session is a communication between two devices. Wigdor Decl. at ¶ 7, 15. The type of session is entirely dependent upon the type of network architecture the session occurs in and the serving node exists in that network architecture. *Id.* By removing IMS from the claims during prosecution, Aylus received a patent limited only to "wide-area" networks that may deploy an IMS network architecture or a non-IMS network architecture.

Accordingly, there are three scenarios that may exist within the scope of the claims as issued. Wigdor Decl. at ¶ 16. First, the patent may operate entirely in an IMS network architecture. *Id.* In this scenario, the session established between the user endpoint and the serving node will be an IMS session. Wigdor Decl. at ¶ 8, 16.

Second, the patent may operate in a hybrid IMS/non-IMS network architecture. Wigdor Decl. at ¶ 16. This type of network includes both IMS network architecture and non-IMS

network architectures and employs gateways or routers through which the networks interact. Wigdor Decl. at ¶ 9, 16. In this scenario, the session established between the user endpoint and the serving node may **or** may not be an IMS session. *Id.*

Finally, and dispositive to this claim construction dispute, the patent may operate entirely in a non-IMS network architecture. Wigdor Decl. at ¶ 16. A non-IMS network is a network where the IMS network architecture is not present. Wigdor Decl. at ¶ 10, 16. In this instance, it is technologically impossible to establish an IMS session. *Id.* That is, because the type of *session* is determined by the type of *network architecture*. *Id.* Absent an IMS network architecture there necessarily must not be an IMS session. *Id.* Apple's proposed construction—which requires that the serving node always have the capability to establish an IMS session—seeks to *require* a capability wholly irrelevant to an embodiment unambiguously included within the claims as issued. It must therefore be rejected.

The specification is replete with embodiments of non-IMS networks, further establishing that IMS sessions should not be baked into the claims. The specification describes the "always connected" nature of handsets supporting multimedia services in 2.5G networks, networks which, by definition, cannot support IMS, and pre-date the IMS network architecture. *See* Ex. 1('412 patent) at 1:60-2:15; 2:25-30. The specification describes embodiments using 1xRTT EVDO, a non-IMS network, as a possible network type when network coverage for multimedia services is highly uneven. *See* Ex. 1 ('412 patent) at 5:4-14. Most importantly, the specification also recites embodiments where packet-switched networks are used without ever referencing IMS. *See, e.g.,* Ex. 1 ('412 patent) at 14:51-15:3. In sum, faced with prosecution history conclusively establishing that the patent is not limited to IMS networks, Apple nonetheless seeks to (indirectly) limit the patent to IMS networks by arguing that the capability to establish IMS sessions must be present, which means that an IMS network architecture must be present. Because an IMS session does not exist in non-IMS network architectures, Apple's argument should be rejected.

Accordingly, Aylus respectfully requests that the Court adopt its proposed construction for serving node: "a node configured to establish communication with the UE."

| | |
|---|---|
| DATED: November 10, 2014 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| | By   */s/ Amar Thakur*<br>Amar Thakur<br>Attorney for AYLUS NETWORKS, INC. |