**quinn emanuel** trial lawyers | san francisco

50 California Street, 22nd Floor, San Francisco, 94111 | TEL (415)875-6600 FAX (415)875-6700

February 4, 2015

Hon. Edward M. Chen
District Judge
U.S. District Court Northern District of California
San Francisco Courthouse, Courtroom 5-17th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Re:   Aylus Networks, Inc. v Apple Inc., Case No. 3:13-cv-04700-EMC Joint Discovery Letter Brief

Counsel with full and complete authority have met and conferred in person. Lead trial counsel have concluded no agreement can be reached.

**AYLUS' POSITION: A. Scope of Production:** On March 11, 2014, Aylus served its First Set of RFPs on Apple. In the 10-plus months that have followed, the parties have engaged in extensive letter-writing and meet-and-confers. It was not until December 10, 2014 that Apple finished providing Aylus with its positions regarding whether and to what extent it would produce documents in response to Aylus' RFPs. Further, Apple's actual production to date contains only minimal responsive documents relating to a subset of Aylus' RFPs. Aylus began the process for filing this letter by serving Apple with a draft on December 23, 2014. In stark contrast to Apple's approach to discovery in this case, Aylus promptly provided Apple with its positions regarding Apple's RFPs, and substantially completed its production many months ago.

Numerous of Aylus' RFPs, taken together, seek all documents relevant to the claimed elements, subject to the protections afforded Apple in the FRCP. On numerous occasions, Aylus has explained that these elements include the following: (i) "Media Content" (e.g., a movie); (ii) "Media Server" (e.g., iCloud); (iii) "Media Renderer" (e.g., an Apple TV); (iv)"CP" and "Serving Node" (e.g., iTunes hardware and software); (v) "User Endpoint" (e.g., iPhone, iPad, iPod);  and (vi) "CPP" and "PA logic" (e.g., software such as iOS, AirPlay, Bonjour, and Zeroconf).  Aylus has also, on numerous occasions, explained that its requests, from a technical perspective, are limited to all documents relating to the claimed elements of the patent-in-suit that relate to the design, development, function, operation, and use of functionality that is involved in the delivery, control, and presentation of media content.

Instead of addressing Aylus' requests and cooperating to get the Joint Discovery Letter Brief filed with the Court, Apple has continuously and belatedly agreed to slight modifications in its positions—modifications which contain dramatic limitations to Aylus' requests—and stated that such modifications resolve the disputes.  For example, on January 12, 2015, instead of providing its portion of the joint letter, Apple responded to Aylus' requests for all documents relating to all the claimed elements by stating that "Apple confirms that it has and will continue to search for and collect *technical documents* relating to *iTunes sufficient to show* the accused functionality." Despite the fact that technical documents relating to iTunes sufficient to show the accused functionality is unambiguously only a small fraction of the documents Aylus requested, counsel for Apple stated that "I believe this resolves the parties' global dispute regarding document production."  After Aylus explained that this did not resolve the parties' dispute, on January 19, 2015 counsel for Apple—again, instead of providing its portion of the joint letter—stated that "Apple has been and will continue to collect and produce *technical* documents *sufficient to show* the accused functionality with respect to each of the claim limitations." Moreover,

despite Aylus' repeated and explicit request for all technical and non-technical documents relating to the claimed elements, Apple's counsel stated as follows: "If there is still a dispute, please let me know what additional documents Aylus seeks that Aylus believes will not be produced under Apple's agreement."

Aylus has requested all documents relating to each element of the asserted claims. Aylus' last compromise position limited this, from a technical perspective, to all documents relating to the claimed elements of the patent-in-suit that relate to the design, development, function, operation, and use of functionality that is involved in the delivery, control, and presentation of media content. This request is also limited by the protections afforded Apple in the FRCP. Aylus' requests requires Apple to produce more than just technical documentation, and include, for example, financial information. Likewise, Aylus' requests require Apple to produce more than simply "documents sufficient to show" the accused functionality. This unilateral limitation upon Aylus' RFPs is fundamentally at odds with the FRCP and, taken literally, would allow Apple to pick and choose from among the documents in its repositories. Aylus respectfully requests that the court order Apple to produce all responsive documents relating to each element of the asserted claims.

**B. Completion of Production:** Aylus' last compromise position is that Apple complete its production in response to RFPs served on March 11, 2014 by February 6, 2015. On August 21, 2014, Apple promised to finish providing Aylus with its positions regarding RFPs "as soon as possible." Three months and two weeks later, Apple still had not done so. Aylus therefore began the meet-and-confer process that led to this letter. Because Apple initially refused to provide a date certain to complete its document production because there were no pending depositions, Aylus served a 30(b)(6) deposition notice on January 14, 2015 but Apple still refuses to provide a date certain for completion of its document production.Aylus respectfully requests that the Court take up this issue at the upcoming case management conference on February 12, 2015.[1]

**APPLE'S POSITION:**

**A. Scope of Production:** First, Aylus's recitation of the facts leading up to the filing of this letter ignores the parties' fruitful meet and confer efforts and Aylus's decision to sit idle regarding its RFPs for over 5 months. It also ignores Apple's significant production of software code and documents and Apple's continuing review and production of documents. Aylus's initial discovery letter on December 23 included over ten different issues. Over the next several weeks, the parties exchanged correspondence and held telephone conferences to narrow the disputed issues, which they did. Since its initial draft letter, as a result of Apple's willingness to compromise on several issues to avoid burdening the Court with unnecessary discovery disputes, the issues have been narrowed down from ten issues to the two presented in this letter.

Apple has agreed to search for and produce technical documents sufficient to show the accused functionality, as shown in Aylus's infringement contentions, for each of the claim limitations. To date, aside from stating that it needs "all" documents rather than "sufficient" documents (addressed below), Aylus has never stated why the scope of Apple's proposed search is insufficient. Rather, Aylus continues to unreasonably demand <u>all</u> technical documents regarding <u>any</u> "functionality that is involved in the delivery, control, and presentation of media content," regardless of whether the functionality is allegedly

---

[1] Apple's position statement mischaracterizes the facts and Aylus' positions. Because Apple has delayed the process of filing this letter for weeks, Aylus inserts only this footnote in response because if Aylus addresses the substance of Apple's misstatements, Apple would be entitled to respond and further delay the filing of this letter.

implicated by the claims. Aylus's demand far exceeds the scope of the claimed elements as not all functionality related to "delivery, control and presentation of media content" is accused or relevant. Indeed, iTunes and Apple's iOS devices (iPhones, etc.) can and are used without any implication of the accused functionality. This is a critically important point as demanding <u>all</u> documents relating to the design, development, function, operation and use of many features that have no tie to the claimed elements is extremely burdensome, as it brings into play hundreds of thousands of documents that have nothing to do with the patent.

Apple also should not be required to produce "all" documents regarding the accused functionality. There is no justification for imposing this substantial burden on Apple when a reasonable production of documents provides the same information to Aylus. Aylus has never articulated why it needs every single one of these documents. And, contrary to Aylus's representation, Apple has informed Aylus on numerous occasions that it is not picking and choosing particular documents to produce. Rather, Apple is searching for documents from a reasonable number of custodians or repositories likely to have responsive documents and will produce all responsive and non-privileged documents collected from those custodians or repositories. However, Apple should not be required to search all custodians and all repositories for "all" documents in the possession of the entire company. Such a burdensome task is not warranted or required under the FRCP.

Notably, Aylus has never explained why the wide scope of its request outweighs the substantial burden to Apple, nor has Aylus identified what additional documents it needs that would not be produced under Apple's proposal. Moreover, Aylus has refused Apple's repeated request that Aylus tie its sweeping request to any specific RFP. In short, Aylus's unreasonable demand has no tie to the claimed elements or specific RFPs.

Regarding the scope of financial documents, Aylus's request is similarly misplaced and premature. Apple has agreed to provide certain financial information relating to the accused products. During meet-and-confer, the parties agreed to revisit the financial production once Aylus receives Apple's sales production and if Aylus thinks it needs more information. As such, Apple does not understand what Aylus actually seeks to compel in terms of "financial" information. And, again, Aylus's request is not tied to any specific RFP.

**B. Aylus's Request for a "Completion of Production" Date:** Aylus's request that Apple be required to complete its production by February 6, 2015 is unnecessary, premature and logistically impossible. Aylus neglects to mention that Aylus did nothing regarding Apple's responses to its RFPs for over 5 months, but then decided in late December that there was a supposedly immediate need for the completion of document production. Since that time, Apple has continued to try to compromise with Aylus regarding the scope of relevant document production, which Aylus continues to broaden. Apple already has made a significant amount of software code available for inspection, which Aylus has only bothered to review once for a few hours. Apple also has already produced over 100,000 pages of documents and continues to review and produce documents on a rolling basis. Given that the parties have requested that fact discovery close in June 2015, there is absolutely no need to force Apple to complete its document production in four days, which is not possible in any event. Apple submits that it will substantially complete its document production in advance of any depositions that are taken in this case, including in advance of any deposition that is scheduled pursuant to Aylus's recently served Rule 30(b)(6) deposition notice.

Given the breadth of Aylus's request, if the Court is at all inclined to grant that request, Apple submits that this issue warrants full briefing and oral argument.

Very truly yours,

/s/ Will Cooper                             /s/ Christine Corbett
Will Cooper                                 Christine Corbett
Counsel for Plaintiff Aylus Networks, Inc.  Counsel for Defendant Apple Inc.