UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AYLUS NETWORKS, INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>APPLE INC.,<br><br>　　　　Defendant. | Case No.  13-cv-04700-EMC   (KAW)<br><br>**ORDER REGARDING JOINT DISCOVERY LETTERS**<br><br>Re: Dkt. Nos. 103, 109 |

The parties to the above-captioned case filed a joint discovery letter, Dkt. No. 103, on February 4, 2015.  The matter was referred to the undersigned on February 10, 2015, and the parties were ordered to submit a supplemental joint letter that conformed to this Court's General Standing Order.  The Court also gave specific instructions regarding the content of that filing:

> At a minimum, Aylus shall identify the specific RFPs at issue, Apple shall explain in detail how producing the requested documents will create a burden, and both parties shall discuss whether that burden justifies limiting discovery on any ground set forth in Federal Rule of Civil Procedure 26(b)(2)(C).

(Feb. 11, 2015 Order, Dkt. No. 106.)

The parties did not follow the Court's instructions.  Instead, they filed another joint letter, Dkt. No. 109, in which:  (1) the parties dispute the date by which Apple should complete the document production related to Aylus' First Set of Requests for Production of Documents, (2) Aylus requests that "the Court require the parties to agree to meet and confer and provide any written response to a discovery dispute letter within 2 business days of any future identified discovery dispute," and (3) the parties discuss issues concerning the deposition of Apple's Rule 30(b)(6) witness.[1]

---

[1] To avoid any confusion in the future, the parties are on notice that disputes concerning distinct discovery devices should be briefed in separate joint letters.  *See* Judge Westmore's General Standing Order ¶ 13 ("The parties shall file a separate joint letter for each discovery dispute (i.e. if the parties have disputes regarding specific interrogatories and requests for production, they must file two letters)."). The parties should also understand that they shall use any future joint letters to express their substantive positions rather than their distaste for the opposing party's purported

As to the first issue, had the parties complied with the Court's instructions, the Court would now have an understanding of any outstanding document production, could order any additional document production, and could specify a date by which any such additional document production should be completed. In the parties' new joint letter, however, "Aylus has removed the section regarding individual RFPs" and elected to continue to meet and confer with Apple on the issue. (Feb. 4, 2015 Joint Ltr. at 1.)

In light of this, Aylus' renewed request for a date certain seems inappropriate.[2] In meeting and conferring on any outstanding document production, the parties should also agree on a date by which any such document production should be completed. If the parties' meet and confer efforts fail, then they shall file a separate joint letter that conforms to this Court's General Standing Order and includes the information specified in the Court's February 11, 2015 order. If the parties file another joint letter on this topic, and the Court orders additional production of documents, it will set a deadline by which that production is to be completed. Given that the parties have scheduled a further meet and confer for February 19, 2015, any further joint letter on this topic shall be filed by no later than March 4, 2015. If no joint letter is filed by that date, the Court will consider these issues waived.

As to Aylus' request for an expedited joint letter process, this Court's General Standing Order sets out the procedures that govern discovery disputes. These procedures allow a party to move for a telephonic conference when another party is refusing to meet and confer or refusing to provide its portion of a joint letter. *See* Judge Westmore's General Standing Order ¶ 16. Aylus has not advanced any argument or provided any authority necessitating a departure from these procedures in this case. The parties are reminded that the non-expert discovery cut-off in this action is June 4, 2015. They should schedule meet and confer sessions sufficiently in advance so that they may bring any unresolved discovery disputes to the Court's attention in a timely fashion.

With respect to the parties' dispute regarding Apple's Rule 30(b)(6) witness, the parties shall meet and confer to resolve any objections to the deposition notice as well as any scheduling

---

discovery tactics.

[2] At a minimum, it makes Aylus' statement that it has withdrawn the dispute concerning outstanding production seem inaccurate.

matters. Within 7 days of this order, Apple shall propose three dates for the deposition of its Rule 30(b)(6) witness. If the parties fail to resolve these issues on their own, they shall file a separate joint letter, and the Court will rule on any unresolved objections and select a date on which Apple will make its Rule 30(b)(6) witness available for deposition.

**IT IS SO ORDERED**.

Dated: 02/25/15

_____
KANDIS A. WESTMORE
United States Magistrate Judge