1  MARK D. FOWLER, Bar No. 124235
   mark.fowler@dlapiper.com
2  CHRISTINE K. CORBETT, Bar No. 209128
   christine.corbett@dlapiper.com
3  ROBERT BUERGI, Bar No. 242910
   robert.buergi@dlapiper.com
4  ERIK R. FUEHRER, Bar No. 252578
   erik.fuehrer@dlapiper.com
5  JONATHAN HICKS, Bar No. 274634
   jonathan.hicks@dlapiper.com
6  **DLA PIPER LLP (US)**
   2000 University Avenue
7  East Palo Alto, CA  94303-2214
   Telephone:  650.833.2000
8  Facsimile:  650.833.2001

9  ROBERT WILLIAMS, Bar No. 246990
   robert.williams@dlapiper.com
10 **DLA PIPER LLP (US)**
   401 B Street, Suite 1700
11 San Diego, CA  92101-4297
   Telephone:  619.699.2700
12 Facsimile:  619.699.2701

13 Attorneys for Defendant
   APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AYLUS NETWORKS, INC.,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>APPLE INC.,<br><br>　　　　　Defendant. | CASE NO.  3:13-cv-04700-EMC<br><br>**DEFENDANT APPLE INC.'S RENEWED NOTICE OF MOTION AND MOTION FOR STAY OF THE CASE PENDING *INTER PARTES* REVIEW OF U.S. PATENT NO. RE44,412**<br><br>DATE:　TBD<br>TIME:　TBD<br>PLACE: Courtroom 5, 17th Floor<br>JUDGE: Honorable Edward M. Chen |

# **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ..................................................................................................... 1
II. PROCEDURAL HISTORY ...................................................................................... 3
    A. The Case Is In Its Relatively Early Stages ................................................... 3
    B. The Inter Partes Review Petitions ................................................................ 3
    C. Good Faith Meet And Confer Efforts .......................................................... 4
III. INTER PARTES REVIEW ....................................................................................... 4
IV. STAY OF THIS CASE POST INSTITUTION IS APPROPRIATE ....................... 5
    A. Factor One: Discovery Is At A Relatively Early Stage And Trial Is Nearly A Year Away. ................................................................................................ 7
    B. Factor Two: Granting A Stay Will Simplify The Issues In Dispute. .......... 8
    C. Factor Three: Aylus Will Not Suffer Undue Prejudice Or Disadvantage. ........... 10
V. CONCLUSION ....................................................................................................... 11

**TABLE OF AUTHORITIES**

**Page**

**CASES**

*Advanced Micro Devices, Inc. v. LG Electronics, Inc.*,
   No. 14-cv-01012-SI, 2015 WL 545534 (N.D. Cal. Feb. 9, 2015) (stay granted) ..................... 5

*Affinity Labs of Texas LLC v. Samsung Elecs. Co.*,
   No. 14-cv-2717-YGR, 2014 WL 3845684 (N.D. Cal. Aug. 1, 2014) (stay granted) .............. 6

*Asetek Holdings, Inc. v. Cooler Master Co., Ltd.*,
   No. 13-cv-00457-JST, 2014 WL 1350813 (N.D. Cal. Apr. 3, 2014) ................................. 4, 10

*AT&T Intellectual Prop. I v. Tivo, Inc.*,
   774 F. Supp. 2d 1049 (N.D. Cal. 2011) (stay granted) ............................................................ 6

*Brixham Solutions, Ltd. v. Juniper Networks, Inc.*,
   No. 13-cv-00616-JCS, 2014 WL 1677991 (N.D. Cal. Apr. 28, 2014) ........................ 6, 10, 11

*Coho Licensing LLC v. Glam Media*,
   No. 14-cv-01576-JSW, 2014 WL 4681699 (N.D. Cal. Sept. 17, 2014) (stay granted) ............ 6

*Convergence Tech. (USA), LLC v. Microloops Corp.*,
   No. 5:10-cv-02051-EJD, 2012 WL 1232187 (N.D. Cal. Apr. 12, 2012) (stay granted).......... 6

*Cypress Semiconductor Corp. v. GSI Tech., Inc.*,
   No. 13-cv-02013-JST, 2014 WL 5021100 (N.D. Cal. Oct. 7, 2014) (stay granted)................. 6

*Cypress Semiconductor Corp. v. LG Elecs., Inc.*,
   No. 13-cv-4034-SBA, 2014 WL 5477795 (N.D. Cal. Oct. 29, 2014) (stay granted) ............... 6

*Delphix Corp. v. Actifio, Inc.*,
   No. 13-cv-04613-BLF, 2014 WL 6068407 (N.D. Cal. Nov. 13, 2014)................................ 5, 6

*Ethicon, Inc. v. Quigg*,
   849 F.2d 1422 (Fed. Cir. 1988)................................................................................................ 5

*Evolutionary Intelligence, LLC v. Apple Inc.*,
   2014 WL 93954 (N.D. Cal. Jan. 9, 2014) ........................................................................ 5, 11

*Evolutionary Intelligence, LLC v. Facebook, Inc.*,
   Nos. C 13-4202 SI, C 13-4204 SI, 2014 WL 261837 (N.D. Cal. Jan. 23, 2014).................. 6, 9

*Evolutionary Intelligence, LLC v. Livingsocial, Inc.*,
   2014 WL 2735185 (N.D. Cal. June 16, 2014) ......................................................................... 9

**TABLE OF AUTHORITIES**
**(continued)**

**Page**

*Evolutionary Intelligence, LLC v. Millenial Media, Inc.*,
 No. 13-cv-04206-EJD, 2014 WL 2738501 (N.D. Cal. June 11, 2014) (stay granted) .............. 6

*Evolutionary Intelligence, LLC v. Sprint Nextel Corp.*,
 No. C-13-4513-RMW, 2014 WL 819277 (N.D. Cal. Feb. 28, 2014) .................................... 10

*Evolutionary Intelligence, LLC v. Yelp Inc.*,
 No. 13-cv-03587-DMR, 2013 WL 6672451 (N.D. Cal. Dec. 18, 2013) ................................. 5

*Finjan, Inc. v. FireEye, Inc.*,
 No. 13-cv-03133 SBA, 2014 wl 2465267 (N.D. Cal. June 2, 2014) ....................................... 6

*GraphOn Corp. v. Juniper Networks, Inc.*,
 No. 10-cv-1412-JSW, 2010 WL 3619579 (N.D. Cal. Sept. 13, 2010) (stay granted) .............. 6

*Ho Keung Tse v. Apple, Inc.*,
 No. 06-cv-06573-SBA, 2007 WL 2904279 (N.D. Cal. Oct. 4, 2007) .................................... 11

*In re Cygnus Telecomms. Tech., LLC Patent Litig.*,
 385 F. Supp. 2d 1022 (N.D. Cal. 2005) ......................................................................... 7, 10

*Laitram Corp. v. NEC Corp.*,
 163 F.3d 1342 (Fed. Cir. 1998) ........................................................................................ 11

*Landis v. N. Am. Co.*,
 299 U.S. 248 (1936) ........................................................................................................... 5

*LELO, Inc. v. Standard Innovation (US) Corp.*,
 No. 13-cv-01393-JD, 2014 WL 2879851 (N.D. Cal. June 24, 2014) (stay granted) ................ 6

*LifeScan, Inc. v. Shasta Tech., LLC*,
 No. 5:11-cv-04494-EJD, 2013 WL 1149819 (N.D. Cal. Mar. 19, 2013) (stay granted) .......... 6

*Like.com v. Superfish, Inc.*,
 No. 09-cv-5805-SBA, 2010 WL 2635763 (N.D. June 30, Cal 2010) ...................................... 6

*MLC Intellectual Prop., LLC v. Micron Tech., Inc.*,
 No. 14-cv-03657-SI, 2015 WL 496407 (N.D. Cal. Feb. 3, 2015) (stay granted) ..................... 5

*Nanometrics, Inc. v. Nova Measuring Instruments, Ltd.*,
 No. 06-cv-2252-SBA, 2007 WL 627920 (N.D. Cal. Feb. 26, 2007) ....................................... 6

*Network Appliance, Inc. v. Sun Microsystems, Inc.*,
 2010 WL 545855 (N.D. Cal. Feb. 11, 2010) ........................................................................ 8

## TABLE OF AUTHORITIES
### (continued)

**Page**

*Orinda Intellectual Prop. USA Holding Grp., Inc. v. Sony Elecs. Corp.*,
  No. 09-cv-04920-EDL, 2010 WL 3184375 (N.D. Cal. Aug. 11, 2010) .......................... 10, 11

*PersonalWeb Tech. v. Facebook*,
  2014 WL 116340 (N.D. Cal. Jan. 13, 2014) ................................................................ 7, 8, 10

*Personalweb Techs., LLC v. Google Inc.*,
  No. 13-CV-01317-EJD, 2014 WL 4100743 (N.D. Cal. Aug. 20, 2014) (stay granted) ........... 6

*Pragmatus AV, LLC v. Facebook, Inc.*,
  No. 11-cv-02168-EJD, 2011 WL 4802958 (N.D. Cal. Oct. 11, 2011) (stay granted) .............. 6

*Pragmatus Telecom, LLC v. NETGEAR, Inc.*,
  2013 WL 2051636 (N.D. Cal. May 14, 2013) ......................................................................... 9

*Riverbed Tech., Inc. v. Silver Peak Sys., Inc.*,
  13-cv-02980-JSW, 2014 WL 1647399 (N.D. Cal. Mar. 14, 2014) (stay granted) ................... 6

*Robert Bosch Healthcare Sys., Inc. v. Cardiocom, LLC*,
  No. C-14-1575 EMC, 2014 WL 3107447 (N.D. Cal. July 3, 2014) .................................... 5, 9

*Robert Bosch Healthcare Sys., Inc. v. ExpressMD Solutions, LLC*,
  No. 12-cv-00068 JSW, 2013 WL 752474 (N.D. Cal. Feb. 27, 2013) (stay granted) ............... 6

*Roche Molecular Sys., Inc. v. Cepheid*,
  No. 14-cv-3228-EDL, 2015 WL 124523 (N.D. Cal. Jan. 7, 2015) (stay granted) ................... 5

*Software Rights Archive, LLC v. Facebook, Inc.*,
  No. 12-cv-3970 RMW, 2013 WL 5225522 (N.D. Cal. Sept. 17, 2013) ................................... 6

*Spectros Corp. v. Thermo Fisher Scientific, Inc.*,
  No. 09-cv-1996 SBA, 2010 WL 338093 (N.D. Cal. Jan. 20, 2010) ......................................... 6

*Speedtrack, Inc. v. Wal-Mart.Com USA, LLC*,
  No. 06-cv-7336-PJH, 2009 WL 281932 (N.D. Cal. Feb. 5, 2009) ........................................... 6

*Streetspace, Inc. v. Google, Inc.*,
  No. 11-cv-04574-JW, 2012 WL 293642 (N.D. Cal. Feb. 1, 2012) (stay granted) ................... 6

*Target Therapeutics, Inc. v. SciMed Life Sys., Inc.*,
  No. 94-cv-20775-RPA (EAI), 1995 WL 20470 (N.D. Cal. Jan. 13, 1995) .............................. 9

*Telemac Corp. v. Teledigital, Inc.*,
  450 F. Supp. 2d 1107 (N.D. Cal. 2006) ................................................................................... 6

# TABLE OF AUTHORITIES
### (continued)

**Page**

*Universal Elecs., Inc. v. Universal Remote Control, Inc.*,
  943 F. Supp. 2d 1028 (C.D. Cal. 2013) .................................................................................. 5

*Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*,
  No. 12-cv-05501-SI, 2015 WL 435457 (N.D. Cal. Feb. 2, 2015) ........................................ 5, 8

*Virtual Agility Inc. v. Salesforce.com, Inc.*,
  759 F.3d 1307 (Fed. Cir. 2014) ............................................................................................. 5, 8

**STATUTES**

35 U.S.C. § 311(a) ...................................................................................................................... 4

35 U.S.C. § 311(b) ...................................................................................................................... 4

35 U.S.C. § 314(a) ...................................................................................................................... 5

35 U.S.C. § 315(e) .................................................................................................................... 10

35 U.S.C. § 316(a)(11) ............................................................................................................... 4

**OTHER AUTHORITIES**

157 Cong. Rec. S952 (daily ed. Feb. 28, 2011) ......................................................................... 4

# NOTICE OF MOTION AND MOTION

TO THE COURT AND ALL COUNSEL OF RECORD:

NOTICE IS HEREBY GIVEN that on TBD, or as soon thereafter as counsel may be heard in Courtroom 5 of the above-titled court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant Apple Inc. ("Apple") will and hereby does move the Court for an order staying the case pending resolution by the United States Patent Trial and Appeal Board ("PTAB") of Apple's requested *inter partes* review of U.S. Patent No. RE44,412 ("the '412 patent").

This motion is based upon this notice, the accompanying memorandum of points and authorities, the accompanying declaration of Christine Corbett, the previously filed Notice of Motion and Motion For Stay of the Case Pending *Inter Partes* Review, all pleadings, papers and records on file in this action, and such oral argument as may be presented at the hearing on this matter.

# STATEMENT OF RELIEF

Apple seeks an Order from the Court staying this case pending the final outcome of the *inter partes* review ("IPR") proceeding of the '412 patent.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

On September 30, 2014, Apple filed a motion to stay this case pending IPR institution, arguing that it was highly likely that the PTAB would institute *inter partes* review as to all asserted claims of the '412 patent given the amount of prior art Apple had identified that invalidates the claims of that patent.  (Dkt. 61)  The Court denied Apple's request for a pre-institution stay.  (Dkt. 90).  Now, as Apple expected, on April 22, 2015, the PTAB instituted *inter partes* review as to 29 of the 33 claims of the '412 patent, which includes all asserted independent claims and all but two asserted dependent claims.  As such, a stay is particularly appropriate here for the following reasons:

First, this case is still in its early stages.  Although the first round of claim construction is completed, there are still additional claim terms that the parties have identified as requiring

1  construction. Moreover, expert discovery has not begun, and no dispositive motions have been
2  filed. And, no depositions have yet been taken (though, starting the week of April 27, 2015
3  through the end of fact discovery on June 4, 2015, the parties will be involved in at least 20
4  depositions). Put simply, there is a significant amount of fact discovery that will need to be
5  completed in April and May 2015. Finally, the pretrial conference is scheduled for March 1,
6  2016, and trial is set for March 28, 2016, nearly a year from now. This case is far from its
7  conclusion.

8  <u>Second</u>, significant time and resources of both the Court and the parties will be preserved
9  if any of the patent's claims are cancelled or amended as a result of the IPR proceeding. The IPR,
10  if successful, will result in at least 12 of the 14 asserted claims being cancelled and would
11  therefore simplify, if not eliminate, expert discovery and trial as to those claims. Indeed, as of
12  January 15, 2015, only approximately 10% of claims in final decisions in IPR proceedings have
13  been found to be patentable. Renewed Corbett Decl., Ex. E. Additionally, in this action, Apple
14  will be estopped from asserting invalidity on any ground on which the IPR was instituted and as
15  to any prior art that reasonably could have been raised in the IPR petition that was granted,
16  thereby simplifying that aspect of the case.

17  If only some of the claims are canceled or amended, the case will still be simplified and
18  streamlined for trial, and significant resources will be conserved by avoiding litigation over
19  invalid claims. And even if claims are not cancelled, the IPR proceedings may certainly assist the
20  Court in understanding the scope of the claims, particularly as it relates to any further rounds of
21  claim construction, and aid the Court during trial. This is equally true as to the two dependent
22  asserted claims for which the PTAB did not institute IPR.

23  <u>Third</u>, a stay will not prejudice Aylus. Aylus has not sought a preliminary injunction and
24  can be compensated monetarily for any claims that survive the IPR proceeding and are found to
25  be infringed and valid. Given the high likelihood that at least some of the claims will be
26  cancelled during the IPR proceeding, Aylus will equally benefit from the significant savings of
27  time and resources that would otherwise be spent litigating invalid claims. Moreover, Apple
28  timely filed its IPR petitions, promptly filed its initial motion to stay subsequent to filing its IPR

1  petitions, and likewise promptly filed this renewed motion to stay upon the PTAB's decision to

2  institute the IPR proceeding.

3      As such, a stay of this case is warranted and should be granted.

4  **II.    PROCEDURAL HISTORY**

5      **A.    The Case Is In Its Relatively Early Stages**

6      Aylus filed its original complaint on October 9, 2013, asserting infringement of the '412

7  patent. (Dkt. No. 1.) On January 27, 2014, Aylus filed a first amended complaint adding indirect

8  infringement allegations. (Dkt. No. 26.) On March 10, 2014, Aylus filed its second amended

9  complaint, continuing to allege infringement of just the '412 patent, but removing its willfulness

10 allegations. (Dkt. No. 37.) On March 24, 2014, Apple filed its answer to the second amended

11 complaint. (Dkt. No. 42.) The Court held an initial case management conference on February 13,

12 2014, and conducted a *Markman* hearing on November 21, 2014. (Dkt. Nos. 30, 93.) The Court

13 issued a *Markman* Order on January 27, 2015. (Dkt. No. 102.) Discovery will close on June 4,

14 2015, expert discovery will close on September 29, 2015, and dispositive motions will be heard

15 by November 23, 2015. (Dkt. No. 108.) Trial is set for March 28, 2016. *Id.*

16     On September 30, 2014, Apple filed a motion to stay this case pending IPR institution.

17 (Dkt. 61) The Court denied Apple's request for a pre-institution stay. (Dkt. 90).

18     While the parties have exchanged written discovery, no depositions have been taken to-

19 date. There are at least 20 depositions that are scheduled to go forward in April and May 2015.

20 Expert discovery has not begun, and no dispositive motions have been filed.

21     **B.    The *Inter Partes* Review Petitions**

22     On September 29, 2014, Apple filed two petitions for *inter partes* review of the '412

23 patent with the PTAB. Declaration of Christine Corbett In Supp. of Original Mot. to Stay

24 ("Original Corbett Decl.") (Dkt. No. 61-1, Exs. A-B). Apple's two IPR petitions sought review

25 of all claims of the '412 patent. *Id.* Aylus filed its preliminary responses on January 27, 2015.

26 Declaration of Christine Corbett In Supp. of Renewed Mot. to Stay ("Renewed Corbett Decl.")

27 Exs. A-B. The PTAB instituted one IPR on April 22, 2015, as to 29 of the 33 claims of the '412

28 patent, which includes all asserted independent claims and all but two asserted dependent claims.

Renewed Corbett Decl., Ex. C. A trial before the PTAB is scheduled for December 16, 2015 as to 29 claims of the '412 patent and a final decision is expected no later than April 22, 2016. Renewed Corbett Decl., ¶ 5.

On April 23, 2015, the PTAB denied Apple's second IPR petition, finding deficiencies in Apple's proposed obviousness combinations. Renewed Corbett Decl., Ex. D.

### C. Good Faith Meet And Confer Efforts

On April 23, 2015, one day after the PTAB instituted Apple's petition for *inter partes* review of the '412 patent and the same day that the PTAB denied Apple's second petition for *inter partes* review, Apple requested that Aylus stipulate to the stay of this case pending the final outcome of the IPR proceeding. Renewed Corbett Decl. ¶ 7. That same day, Aylus stated that it would not stipulate to the proposed stay. *Id.* at ¶ 8.

## III. *INTER PARTES* REVIEW

Pursuant to the Leahy-Smith America Invents Act ("AIA"), "any 'person who is not the owner of a patent may file with the [PTO] a petition to institute an *inter partes* review of the patent.'" *Asetek Holdings, Inc. v. Cooler Master Co., Ltd.*, No. 13-cv-00457-JST, 2014 WL 1350813, *2 (N.D. Cal. Apr. 3, 2014) (quoting 35 U.S.C. § 311(a)). Pursuant to 35 U.S.C. § 311(b), petitioners "may request to cancel as unpatentable 1 or more claims of a patent only on a ground that could be raised under section 102 or 103 and only on the basis of prior art consisting of patents or printed publications." 35 U.S.C. § 311(b).

By enacting the AIA, Congress replaced the pre-existing *inter partes* reexamination procedure with the IPR procedure, with the intent to provide a "faster, less costly alternative to civil litigation to challenge patents." 157 Cong. Rec. S952 (daily ed. Feb. 28, 2011) (statement by Senator Grassley). The PTAB is required, by statute, to issue its final written determination on validity within just twelve months of deciding to initiate an IPR, with just one possible six-month extension. *See* 35 U.S.C. § 316(a)(11). Thus, the new IPR procedure is much faster than the pre-existing *inter partes* reexamination it replaced because the average pendency for *inter partes* reexamination is 39.5 months. *See Asetek*, 2014 WL 1350813, at *2; U.S. Patent and Trademark Office, "*Inter Partes* Reexamination Filing Data – September 30, 2012" (Sept. 30, 2012);

DLA PIPER LLP (US)
EAST PALO ALTO

WEST\256991283.1
-4-
APPLE INC.'S RENEWED NOM & MOT FOR STAY OF CASE PENDING *INTER PARTES* REVIEW; CASE NO. 13-CV-4700-EMC

*Evolutionary Intelligence, LLC v. Yelp Inc.*, No. 13-cv-03587-DMR, 2013 WL 6672451, *2 (N.D. Cal. Dec. 18, 2013) ("In contrast, the average length of an inter partes reexamination was around 36 month[s], and if either party appealed the determination from the reexamination, the process could extend another three years.") (citation omitted).

As one Court recently stated:

> In order to institute an IPR trial, the PTO must determine that the petition presents "a reasonable likelihood that the petitioner would prevail with respect to at least 1 of the claims challenged in the petition," 35 U.S.C. § 314(a), which is a "more stringent [requirement] than the previous 'substantial new question of patentability' standard."

*Id.* (quoting *Universal Elecs., Inc. v. Universal Remote Control, Inc.*, 943 F. Supp. 2d 1028, 1030 (C.D. Cal. 2013)).

### IV. STAY OF THIS CASE POST INSTITUTION IS APPROPRIATE

District courts have the inherent power to stay litigation pending resolution of post-grant proceedings before the PTO. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988). To that end, "there is a liberal policy in favor of granting motions to stay proceedings pending the outcome of reexamination… proceedings." *Robert Bosch Healthcare Sys., Inc. v. Cardiocom, LLC*, No. C-14-1575 EMC, 2014 WL 3107447 at 3 (N.D. Cal. July 3, 2014). Such stays are granted in order to avoid inconsistent results, obtain guidance from the PTAB, or avoid needless waste of judicial resources. *See Evolutionary Intelligence, LLC v. Apple Inc.*, 2014 WL 93954 (N.D. Cal. Jan. 9, 2014). Arguments in favor of a stay are enhanced after the PTAB has instituted IPR proceedings. *See, e.g.*, *Virtual Agility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1315-16 (Fed. Cir. 2014) (noting that the case for a stay is "stronger after post-grant review has been instituted"). Courts in this district frequently grant stays pending reexaminations and post-grant proceedings before the PTAB. *Id.*[1]

---

[1] *See also Advanced Micro Devices, Inc. v. LG Electronics, Inc.*, No. 14-cv-01012-SI, 2015 WL 545534 (N.D. Cal. Feb. 9, 2015) (stay granted); *MLC Intellectual Prop., LLC v. Micron Tech., Inc.*, No. 14-cv-03657-SI, 2015 WL 496407 (N.D. Cal. Feb. 3, 2015) (stay granted); *Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, No. 12-cv-05501-SI, 2015 WL 435457 (N.D. Cal. Feb. 2, 2015) (stay granted pending *inter partes* review); *Roche Molecular Sys., Inc. v. Cepheid*, No. 14-cv-3228-EDL, 2015 WL 124523 (N.D. Cal. Jan. 7, 2015) (stay granted); *Delphix Corp. v. Actifio,*

In determining whether to grant a stay pending review, courts consider: (1) the stage and history of the litigation, including whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party. *See, e.g.*, *Speedtrack, Inc. v. Wal-Mart.Com USA, LLC*, No. 06-cv-7336-PJH, 2009 WL 281932, *1 (N.D. Cal. Feb. 5, 2009) (citing *Nanometrics, Inc. v. Nova Measuring Instruments, Ltd.*, No. 06-cv-2252-SBA, 2007 WL 627920, *2 (N.D. Cal. Feb. 26, 2007)); *Telemac Corp. v. Teledigital, Inc.*, 450 F. Supp. 2d 1107, 1111 (N.D. Cal. 2006)). "A stay is particularly justified where the outcome of the reexamination would be likely to assist the court in determining patent validity

---

*Inc.*, No. 13-cv-04613-BLF, 2014 WL 6068407 (N.D. Cal. Nov. 13, 2014) (stay granted as to patent infringement claims); *Cypress Semiconductor Corp. v. LG Elecs., Inc.*, No. 13-cv-4034-SBA, 2014 WL 5477795 (N.D. Cal. Oct. 29, 2014) (stay granted); *Cypress Semiconductor Corp. v. GSI Tech., Inc.*, No. 13-cv-02013-JST, 2014 WL 5021100 (N.D. Cal. Oct. 7, 2014) (stay granted); *Coho Licensing LLC v. Glam Media*, No. 14-cv-01576-JSW, 2014 WL 4681699, at *3 (N.D. Cal. Sept. 17, 2014) (stay granted); *Personalweb Techs., LLC v. Google Inc.*, No. 13-CV-01317-EJD, 2014 WL 4100743 (N.D. Cal. Aug. 20, 2014) (stay granted); *Affinity Labs of Texas LLC v. Samsung Elecs. Co.*, No. 14-cv-2717-YGR, 2014 WL 3845684 (N.D. Cal. Aug. 1, 2014) (stay granted); *LELO, Inc. v. Standard Innovation (US) Corp.*, No. 13-cv-01393-JD, 2014 WL 2879851 (N.D. Cal. June 24, 2014) (stay granted); *Evolutionary Intelligence, LLC v. Millenial Media, Inc.*, No. 13-cv-04206-EJD, 2014 WL 2738501 (N.D. Cal. June 11, 2014) (stay granted); *Finjan, Inc. v. FireEye, Inc.*, No. 13-cv-03133 SBA, 2014 WL 2465267 (N.D. Cal. June 2, 2014) (stay granted); *Brixham Solutions, Ltd. v. Juniper Networks, Inc.*, No. 13-cv-00616-JCS, 2014 WL 1677991 (N.D. Cal. Apr. 28, 2014) (stay granted pending *inter partes* review); *Riverbed Tech., Inc. v. Silver Peak Sys., Inc.*, 13-cv-02980-JSW, 2014 WL 1647399 (N.D. Cal. Mar. 14, 2014) (stay granted); *Evolutionary Intelligence, LLC v. Facebook, Inc.*, Nos. C 13-4202 SI, C 13-4204 SI, 2014 WL 261837 (N.D. Cal. Jan. 23, 2014) (stay granted pending *inter partes* review); *Software Rights Archive, LLC v. Facebook, Inc.*, No. 12-cv-3970 RMW, 2013 WL 5225522 (N.D. Cal. Sept. 17, 2013) (stay granted pending *inter partes* review); *LifeScan, Inc. v. Shasta Tech., LLC*, No. 5:11-cv-04494-EJD, 2013 WL 1149819 (N.D. Cal. Mar. 19, 2013) (stay granted); *Robert Bosch Healthcare Sys., Inc. v. ExpressMD Solutions, LLC*, No. 12-cv-00068 JSW, 2013 WL 752474 (N.D. Cal. Feb. 27, 2013) (stay granted); *Convergence Tech. (USA), LLC v. Microloops Corp.*, No. 5:10-cv-02051-EJD, 2012 WL 1232187 (N.D. Cal. Apr. 12, 2012) (stay granted); *Streetspace, Inc. v. Google, Inc.*, No. 11-cv-04574-JW, 2012 WL 293642 (N.D. Cal. Feb. 1, 2012) (stay granted); *Pragmatus AV, LLC v. Facebook, Inc.*, No. 11-cv-02168-EJD, 2011 WL 4802958 (N.D. Cal. Oct. 11, 2011) (stay granted); *AT&T Intellectual Prop. I v. Tivo, Inc.*, 774 F. Supp. 2d 1049 (N.D. Cal. 2011) (stay granted); *GraphOn Corp. v. Juniper Networks, Inc.*, No. 10-cv-1412-JSW, 2010 WL 3619579 (N.D. Cal. Sept. 13, 2010) (stay granted); *Like.com v. Superfish, Inc.*, No. 09-cv-5805-SBA, 2010 WL 2635763 (N.D. June 30, Cal 2010) (stay granted pending *inter partes* reexamination); *Spectros Corp. v. Thermo Fisher Scientific, Inc.*, No. 09-cv-1996 SBA, 2010 WL 338093 (N.D. Cal. Jan. 20, 2010) (stay granted).

1  and, if the claims were cancelled in the reexamination, would eliminate the need to try the
2  infringement issue." *In re Cygnus Telecomms. Tech., LLC Patent Litig.*, 385 F. Supp. 2d 1022,
3  1023 (N.D. Cal. 2005). Here, each of these factors support a stay.

### A.  Factor One: Discovery Is At A Relatively Early Stage And Trial Is Nearly A Year Away.

The relatively early stage of this litigation favors a stay. While fact discovery will end on June 4, 2015, the parties have not yet taken a single deposition. Renewed Corbett Decl., ¶ 9. At Aylus's request, Apple offered Aylus deposition dates in March 2015, before the Court ordered mediation on April 9, 2015. Renewed Corbett Decl., ¶ 10. Aylus, however, rejected those dates. *Id.* Additionally, the parties are heavily involved in written discovery, including supplemental responses that will continue to occur during the month of May 2015. Renewed Corbett Decl., ¶ 11. Put simply, there is a significant amount of fact discovery to be conducted during the month of May, including third-party discovery and the depositions of at least 20 witnesses before June 4, 2015.

Notably, while the first round of claim construction is complete, as Apple requested in the August 21, 2014 Further Joint Case Management Statement (Dkt. No. 50 at 11), there are at least two additional claim terms that are in dispute and require claim construction. As such, the parties and the Court will expend additional (likely unnecessary) resources engaging in further rounds of claim construction. Moreover, no dispositive motions have been scheduled, briefed or heard. Renewed Corbett Decl., ¶ 12. No expert discovery has yet commenced. Renewed Corbett Decl. ¶ 13. The pre-trial conference is set for March 1, 2016, and trial is scheduled to commence March 28, 2016, nearly a year from now. Dkt. 108. The significant amount of work remaining in the case does not warrant continuing the expense of litigation during the IPR proceeding. *See PersonalWeb Tech. v. Facebook*, 2014 WL 116340, *3-4 (N.D. Cal. Jan. 13, 2014) (stay pending *inter partes* review granted, noting that "[t]he parties and courts have already invested significant time and effort into these matters; a claim construction order has been issued and the close of fact discovery is fast approaching. However, a substantial portion of the work – expert discovery, summary judgment, pre-trial preparation and trial itself – lies ahead…. Considering that the

East Palo Alto

WEST\256991283.1

-7-
APPLE INC.'S RENEWED NOM & MOT FOR STAY OF CASE PENDING
*INTER PARTES* REVIEW; CASE NO. 13-CV-4700-EMC

parties have yet to engage in the significant and costly work of conducting expert discovery and preparing summary judgment motions, and taking notice that the preliminary pretrial conference, *i.e.*, the point at which the court will set the trial date, is still six months away, the court finds that this case is not so far advanced that a stay would be improper."); *Network Appliance, Inc. v. Sun Microsystems, Inc.*, 2010 WL 545855, *3 (N.D. Cal. Feb. 11, 2010) (stay granted even though some discovery and claim construction had taken place because "considerable resources will still need to be expended by the parties and the Court in completing … portions of the case. Further, no summary judgment motions have been scheduled, briefed or heard, and no trial date has been set, all of which will necessarily entail a significant amount of work."). "The cost and expense of finishing fact and expert discovery, briefing dispositive motions, and conducting a trial is far from insignificant." *Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, No. 12-CV-05501-SI, 2015 WL 435457, at *2 (N.D. Cal. Feb. 2, 2015); *see also VirtualAgility*, 759 F.3d at 1316-17 (finding that the district court should evaluate the stage of the case as of the time the defendant filed its motion to stay).

Absent a stay, the parties are likely to expend significant resources in discovery, dispositive motions, pre-trial motions, trial preparation and trial itself. More importantly, substantial amounts of the Court's time will be expended on hearings (for further claim construction, dispositive motions, motions in *limine*, *Daubert* motions, etc.), the pre-trial conference, and trial. Given the high likelihood that the IPR petition will impact all but two of the asserted claims of the '412 patent, a stay pending the PTAB's final decision is justified in order to avoid these costs.

As such, the procedural posture factor weighs in favor of granting a stay of the case.

### B. Factor Two: Granting A Stay Will Simplify The Issues In Dispute.

A stay will simplify the issues and streamline or eliminate trial, thereby reducing the burden on the Court and the parties. Indeed, the IPR is likely to result in the cancellation of all but two dependent asserted claims. Statistics from the PTO website show that the PTAB has only found approximately 10% of claims in instituted IPRs to be patentable after final decision. Renewed Corbett Decl., Ex. E. *See PersonalWeb*, 2014 WL 116340, at *2 ("This new threshold

1 requirement presents a more stringent standard than the previous 'substantial new question of
2 patentability' and thus provides some assurance that the delay suffered as a result of the IPR will
3 be worthwhile."). "[W]aiting for the outcome of the reexamination could eliminate the need for
4 trial if the claims are cancelled or, if the claims survive, facilitate trial by providing the court with
5 expert opinion of the PTO and clarifying the scope of the claims." *Target Therapeutics, Inc. v.*
6 *SciMed Life Sys., Inc.*, No. 94-cv-20775-RPA (EAI), 1995 WL 20470, at *2 (N.D. Cal. Jan. 13,
7 1995). As such, the IPR proceeding could eliminate the need for trial entirely, or, at the very
8 least, streamline the issues and ascertain the scope of 12 of the 14 asserted claims, including all
9 independent claims. *See also Robert Bosch*, 2014 WL 3107447 at *4 ("Stated another way, even
10 if the PTAB affirms the claims, its decision is strong evidence that the court must consider in
11 assessing whether the party asserting invalidity has met its burden of clear and convincing
12 evidence.") (citation omitted).

13 Moreover, although two asserted dependent claims are not subject to IPR, courts have
14 routinely granted stays where a substantial proportion of the asserted claims are subject to review
15 by the PTAB. *See Robert Bosch*, 2014 WL 3107447 at *4 (finding the plaintiff's argument that
16 not all asserted claims were subject to IPR as unpersuasive because a "substantial proportion of
17 the claims from the patents-in-suit asserted in this action have been found to warrant the scrutiny
18 of an IPR proceeding…as to those claims there is a reasonable possibility that the PTAB will
19 either cancel or modify some of the claims thus simplifying the scope of this case. If the PTAB
20 affirms the claims, the Court and the parties will have the benefit of the PTAB's expert
21 guidance."); *see also Pragmatus Telecom , LLC v. NETGEAR, Inc.*, 2013 WL 2051636, at *2
22 (N.D. Cal. May 14, 2013) ("a stay request is not contingent upon the reexamination proceeding
23 being coterminous and resolving every claim and issue in this action. Rather, the salient question
24 is whether the reexamination will aid the Court or otherwise streamline the litigation.");
25 *Evolutionary Intelligence, LLC v. Livingsocial, Inc.*, 2014 WL 2735185, at *2 (N.D. Cal. June 16,
26 2014) ("it is of no moment that not all of the asserted claims of the [asserted patent] are subject to
27 the IPR…"). Here, as to the 14 asserted claims, all but two dependent claims are subject to
28 review of an IPR proceeding.

1  Lastly, Apple will be estopped from asserting invalidity on any ground on which the IPR
2  was instituted and as to any prior art that it reasonably could have raised in the IPR petition that
3  was granted. 35 U.S.C. § 315(e); *Sprint Nextel*, 2014 WL 819277, at *4 ("[S]tatutory estoppel
4  simplifies the issues by preventing parties from relitigating the same validity issues before the
5  PTO and the Court."); *Brixham Solutions*, 2014 WL 1677991, at *1 (holding that the case will be
6  streamlined even if no claims are cancelled because of the estoppel provisions).  Thus, even in the
7  unlikely event that some of the asserted claims survive the IPR, the scope of the parties' dispute
8  will be significantly narrowed.

9  Before the Court and the parties unnecessarily expend valuable resources, the PTAB
10 should be allowed to complete its review, which will narrow the issues and possibly eliminate
11 them altogether as to 12 of the 14 asserted claims.  The simplification factor thus also supports
12 the grant of a stay.

13 **C.     Factor Three: Aylus Will Not Suffer Undue Prejudice Or Disadvantage.**

14 The final factor is "whether a stay would unduly prejudice or present a clear tactical
15 disadvantage to the non-moving party." *Asetek*, 2014 WL 1350813, at *4; *PersonalWeb*, 2014
16 WL 116340, at *5 (citing *Cygnus*, 385 F. Supp. 2d at 1023).  Aylus will not be prejudiced by a
17 stay pending the PTAB's *inter partes* review because "[d]elay alone does not usually constitute
18 undue prejudice, because 'parties having protection under the patent statutory framework may not
19 'complain of the rights afforded to others by that same statutory framework.''" *Asetek*, 2014 WL
20 1350813, at *4 (citations omitted); *Orinda Intellectual Prop. USA Holding Grp., Inc. v. Sony
21 Elecs. Corp.*, No. 09-cv-04920-EDL, 2010 WL 3184375, *4 (N.D. Cal. Aug. 11, 2010) ("The
22 delay inherent to the reexamination process does not constitute, by itself, undue prejudice."); *Ho
23 Keung Tse v. Apple, Inc.*, No. 06-cv-06573-SBA, 2007 WL 2904279, *4 (N.D. Cal. Oct. 4, 2007).
24 And, the potential delay associated with *inter partes* review is not "significant in comparison to
25 the post-grant review procedures that existed prior to the enactment of the America Invents Act;
26 in particular the procedures for *inter partes* review provide that the Patent Trial and Appeal Board
27 will issue a final written decision within a year of the institution decision." *Brixham Solutions*,
28 2014 WL 1677991, at **6-7.

1   Moreover, this is not a case where IPR is sought on the eve of trial or after an unfavorable
2   ruling. Discovery has not closed and no dispositive motions have been filed. Expert discovery
3   has not begun and trial is scheduled nearly a year away.

4   Apple also did not delay in filing its petitions for *inter partes* review. Indeed, Apple filed
5   its petitions within the one-year statutory deadline to do so and less than six months after Aylus
6   served its infringement contentions. In this regard, Courts in this district have granted stays
7   pending the PTAB's decision to institute IPRs even though the various defendants filed their
8   petitions for IPR on the last day permitted under the statute. *See, e.g.*, *Evolutionary Intelligence,*
9   *LLC*, 2014 WL 93954, at *4. Apple also timely filed for a stay – filing its initial motion for a stay
10  just one day after it submitted its two IPR petitions, and filing this motion one day after the
11  PTAB's institution of Apple's IPR petition.

12  Aylus can also be compensated monetarily for any delay resulting from the *inter partes*
13  review. Aylus did not seek a preliminary injunction, evidencing that money damages are
14  sufficient to compensate Aylus for any alleged infringement. *Laitram Corp. v. NEC Corp.*, 163
15  F.3d 1342, 1346 (Fed. Cir. 1998) ("A patentee of a reexamined patent is entitled to infringement
16  damages, *inter alia*, for the period between the date of issuance of the original claims and the date
17  of issuance of the reexamined claims if the original and reexamined claims are 'identical.'").

18  Lastly, Aylus will accrue the benefit of resources conserved by allowing the PTAB to
19  render its decision on the IPR proceeding prior to further adjudication of this case. Given the
20  high likelihood that at least some of the claims will be cancelled during the IPR proceeding,
21  Aylus (and Apple) will equally gain from the significant savings of time and resources that would
22  otherwise be spent litigating invalid claims. Further streamlining of the issues and simplifying or
23  possibly eliminating trial would not place Aylus at any tactical disadvantage and, if anything,
24  would only be to the advantage of Aylus, Apple and the Court.

25  Because there is no prejudice to Aylus and there is no clear tactical disadvantage to Aylus
26  if the Court were to grant the stay, the final factor also supports a stay of the case.

27  ## V. CONCLUSION

28  For the foregoing reasons, the case should be stayed in its entirety pending the final

1 | outcome of the IPR.

Dated: April 23, 2015                               DLA PIPER LLP (US)


By: */s/ Christine K. Corbett*
    MARK D. FOWLER
    CHRISTINE K. CORBETT
    ROBERT BUERGI
    ROBERT WILLIAMS
    ERIK R. FUEHRER
    JONATHAN HICKS
    Attorneys for Defendant
    Apple Inc.