QUINN EMANUEL URQUHART & SULLIVAN, LLP
Harold A. Barza (Bar No. 80888)
halbarza@quinnemanuel.com
Amar L. Thakur (Bar No. 194025)
amarthakur@quinnemanuel.com
Vincent Pollmeier (Bar No. 210684)
vincentpollmeier@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 4433000
Facsimile: (213) 4433100

William O. Cooper (Bar No. 279385)
willcooper@quinnemanuel.com
Joseph B. Martin (Bar No. 284156)
jobymartin@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Attorneys for Plaintiff,
Aylus Networks, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Aylus Networks, Inc., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>Apple, Inc., a California corporation<br><br>Defendant. | CASE NO. 3:13-cv-4700<br><br>**AYLUS NETWORKS, INC.'S OPPOSITION TO APPLE'S MOTION TO STAY**<br><br>ORAL ARGUMENT REQUESTED |

## I. INTRODUCTION

Apple took its best shot at invalidating the patent-in-suit at the PTAB and it did not succeed. Apple picked its strongest prior art references and filed two petitions for inter partes review—one of which was denied in its entirety, while the other was only granted in part. Apple's latest motion to stay asserts that its *partial* victory before the PTAB warrants staying the *entire* litigation.

Apple's motion to stay is entirely unsupported by the law. While Apple makes much of the PTAB's decision to institute IPR on a number of the asserted claims, the heart of Aylus's infringement case—claims 2 and 21, which read directly onto the accused products—remains intact, and ready for trial. In fact, Aylus is so confident in the merits of its infringement theories as to claims 2 and 21 that it offered to dismiss those claims that are subject to IPR if Apple withdrew its motion, but Apple refused.[1] Thus, while Apple pays lip service to judicial economy, Aylus is the only party offering the Court a truly streamlined and simplified case: if the stay is denied and Aylus proceeds with only claims 2 and 21, *none* of the claims asserted in this district court would be subject to IPR, eliminating any risk of duplicative results, wasted resources, or long and drawn-out final determinations of infringement and validity.

At this stage of the case where a claim construction order has already issued, fact discovery is all but complete, trial is set to take place in just over nine months, Apple cannot muster anything but the most superficial claims of prejudice if a stay is denied.

## II. BACKGROUND

Aylus infringement claim under claims 2 and 21 is strong. The '412 patent covers three distinct infringement scenarios:

**Scenario 1**: the iPhone interacts with the iTunes Store to negotiate delivery of video content from a media server, if either the media server or the Apple TV are not in communication with the iPhone via a local wireless network. *See, e.g.,* Ex. 1 Patent No. RE44,412 at Claim 1.

---

[1] Despite Apple's refusal to accept Aylus's proposal, Aylus remains willing to dismiss all but claims 2 and 21 if a stay is denied.

**Scenario 2**: the iPhone negotiates video content delivery between the media server and the Apple TV, if the media server and the Apple TV are both in communication with the iPhone via a local wireless network. *See, e.g., id.* at Claims 2 and 21.

**Scenario 3**: the iTunes Store negotiates media content delivery between the media server and the Apple TV if neither the media server nor the Apple TV are in communication with the iPhone via a local wireless network. *See, e.g.*, *id.* at Claims 4 and 23.

The instituted IPR covers Scenario 1, but expressly excludes Scenarios 2 and 3. Aylus' infringement theory based on Scenario 2—which is not subject to IPR—is clean and strong: the software (control point proxy) on the Apple iPhone (the UE) negotiates the delivery of video content with the media server (MS) (typically an Akamai server) and the Apple TV (the MR)—and both the media server and the Apple TV are both in communication with the iPhone via Wi-Fi (a local wireless network).

## III. <u>LEGAL STANDARD</u>

"Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination." *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) (citations omitted). But a "court is under no obligation to delay its own proceedings" because an IPR has been granted. *See Robert Bosch Healthcare Systems, Inc. v. Cardiocom, LLC*, C-14-1575 EMC, 2014 WL 3107447 at *2 (N.D. Cal. Jul. 3, 2014). In determining whether to stay the litigation, courts consider three factors: "(1) whether a stay would unduly prejudice the non-moving party; (2) whether a stay would simplify the issues; and (3) whether discovery is complete and a trial date set." *Telemac Corp. v. Teledigital, Inc.*, 450 F. Supp. 2d 1107, 1110-11 (N.D. Cal. 2006). Apple must show that exceptional circumstances justify a stay. *See Nken v. Holder*, 556 U.S. 418, 433-34 (2009); *Evolutionary Intelligence, LLC v. Millenial Media, Inc.*, Case No. 13-CV-04206-EJD, 2014 U.S. Dist. LEXIS 81090, at *8 (N.D. Cal. June 11, 2014); *see also Comcast Cable Comm'ns Corp., LLC v. Finisar Corp.*, No. C 06-04206 WHA, 2007 WL 1052883, at *1 (N.D. Cal. Apr 5, 2007) ("If litigation

were stayed every time a claim in suit undergoes reexamination, federal infringement actions would be dogged by fits and starts. Federal court calendars should not be hijacked in this manner.").

## IV. ARGUMENT

### A. This Case Is In Its Advanced Stages

This factor looks at the extent to which "discovery is complete and whether a trial date has been set." *Robert Bosch*, 2014 WL 3107447 at *3 (citation omitted). While a case "in [its] relatively nascent stages" is eligible to be stayed pending IPR, *see FreseniusMed. v. Baxter Int'l, Inc.*, No. C 03-1431, 2007 WL 1655625, at *3 (N.D. Cal. June 7, 2007), courts deny motions to stay even if "there is much more work ahead of the parties," including completion of fact and expert discovery, the filing of dispositive motions and trial. *Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, No. C 12-05501 SI, 2014 WL 121640, at *2 (N.D. Cal. Jan. 13, 2014); *Asetek Holdings, Inc v. Cooler Master Co.*, No. 13-CV-00457-JST, 2014 WL 1350813, at *4 (N.D. Cal. Apr. 3, 2014) (ruling that both the first and second factors weighed against a stay "because much, if any of the effort that could have been saved has already been expended: claim construction is complete, fact discovery is nearly complete, and only expert discovery, dispositive motions, and trial remain.")

In denying Apple's first motion to stay in November of last year—seven months ago—the Court found this factor to be "essentially neutral," stating that

> While no trial date is set and no dispositive motions have been scheduled, the parties have conducted considerable discovery and have briefed the claim construction. Moreover, the case has been pending since October 2013. Thus, while the case is not in its infancy, it is not in its adolescence either."

Dkt. No. 90 at 2. In the intervening seven months, this case has matured into adulthood. The parties have not only expended the time and effort to complete *Markman* briefing, the Court has issued a claim construction order—and both parties have served amended contentions based on the Court's constructions. Just four weeks remain in fact discovery—both parties have served all written discovery requests and responded to all but a handful of them; both parties have

-3- Case No. 3:13-cv-4700
AYLUS NETWORKS, INC.'S OPPOSITION TO
APPLE'S MOTION TO STAY

substantially completed document production; source code review is well underway; and depositions have begun in earnest. If the first factor was neutral in November 2014, it can only weigh strongly against a stay in May 2015.

Apple's cited authority (Mot. 7-8) does not support a stay. To the contrary, the court in *Verinata Health, Inc.* ruled that the first factor weighed "*against* staying the action" in a procedural posture identical to this case—where "a trial date has been set . . .[,] the Court has construed the disputed terms of the patents-in-suit, and discovery is well underway with the parties having exchanged initial disclosures, infringement and invalidity contentions, substantial document production, and conducted multiple depositions." 2015 WL 435457, at *2 (emphasis added). The other two cases cited by Apple addressed dramatically different procedural postures and are therefore inapposite. *See Appliance, Inc. v. Sun Microsystems Inc.*, No. C-07-06053 EDL, 2010 WL 545855, at *2 (N.D. Cal. Feb. 11, 2010) (the PTAB had already issued a final rejection of all asserted claims and the parties were only awaiting the outcome on appeal); *PersonalWeb Technologies, LLC v. Facebook, Inc.*, No. 5:13-CV-01356-EJD, 2014 WL 116340, at *4 (N.D. Cal. Jan. 13, 2014) (citing the "novel circumstances" and "particular procedural complexities presented in this case," finding that the first factor "weighs slightly in favor of a stay" that was potentially dispositive as to two defendants as well as 7 of the 8 patents asserted against the other two defendants).

### B. A Stay Will Not Simplify The Issues In This Case

Although the eventual outcome of the IPR proceedings is uncertain, one thing is clear—the IPR will not affect either claim 2 or 21, the claims Aylus proposes to assert at trial in this case if the stay is denied. Courts routinely deny motions to stay where not all of the asserted claims are subject to IPR. *See, e.g., Xilinx, Inc. v. Invention Inv. Fund I LP*, No. 11–cv–00671–EJD, 2012 WL 6003311, at *4 (N.D. Cal. Nov. 30, 2012); ); *Asetek Holdings, Inc v. Cooler Master Co., Ltd.*, 2014 WL 1350813, 3 (N.D.Cal. 2014) (where the litigation presents issues not before the PTO, a stay is less appropriate); *Procter & Gamble Co. v. Team Tech., Inc.*, No. 1:12-CV-552, 2014 WL 533494, at *4 (S.D. Ohio Feb. 11, 2014) ("[I]n addition to the 11 claims that Plaintiff has asserted in this case that are also at issue in the IPRs, the remaining 16 asserted claims are *not*

at issue in any IPR.   Thus, even if the PTO were to cancel every claim at issue in the IPRs, Plaintiff's suit to stop Defendants from allegedly infringing these additional 16 claims would be unaffected."); *Stryker Corp. v. Monster Media, Inc.*, No. 1:09-CV-1142, 2010 WL 2026692, at *2 (W.D. Mich. May 20, 2010) (denying a stay where PTO had issued initial office action rejecting 11 asserted claims while confirming 4 asserted claims); *Wonderland Nurserygoods Co. v. Thorley Indus., LLC*, 858 F. Supp. 2d 461, 464-65 (W.D. Pa. 2012) (denying a stay where "there are likely two claims—or, at least one . . . that are at issue here that are not subject to the reexamination."); *Invensys Sys., Inc. v. Emerson Elec. Co.*, No. 6:12-CV-00799, 2014 WL 4477393, at *3 (E.D. Tex. July 25, 2014) ("while the PTAB granted review of thirty-one claims spread across the four patents, the PTAB denied review of three claims of the '136 patent. These three claims will be litigated in this case."); *cf. Dane Tech., Inc. v. Gatekeeper Sys., Inc.*, No. 12-2730, 2013 WL 4483355, at *2 (D. Minn. Aug. 20, 2013) (denying stay defendant did not petition for review of all asserted patents).   This principle applies with considerably greater force in this case, as Aylus's offer to dismiss claims all claims that are now subject to an IPR guarantees that none of the claims remaining at issue in this case will be subject to an IPR.

      The cases cited by Apple (Mot. 9) are easily distinguishable, as each case addressed a partial institution decision handed down at the very beginning of a case, at a time when a stay potentially eliminated the need for any fact discovery or claim construction.   *See Robert Bosch*, 2014 WL 3107447, at *4 (discovery had "barely begun," and no dates set for an initial case management conference, claim construction or trial); *Pragmatus Telecom, LLC v. NETGEAR, Inc.*, No. C 12-6198 SBA, 2013 WL 2051636, at *2 (N.D. Cal. May 14, 2013) (case was "in its embryonic stage"); *Evolutionary Intelligence, LLC v. Livingsocial, Inc.*, No. 13-CV-04205-WHO, 2014 WL 2735185, at *2 (N.D. Cal. June 16, 2014) (refusing to lift stay in view of partial institution where "[o]nly limited discovery has occurred . . . [n]o pretrial dates ha[d] been scheduled and no claim construction or other substantive briefs have been filed or scheduled."). This case is in a very different posture—claim construction is complete, fact discovery is at its terminus, and Aylus has agreed to dismiss those claims impacted by the IPR.

Importantly, one of the primary ways in which IPR typically streamlines a litigation—by estopping accused infringers from prior art references or combinations that were raised or that reasonably could have been raised in during the IPR proceedings—will not apply to the reduced form of this case. Under 35 U.S.C. 315(e)(2), estoppel applies on a claim-by-claim basis, barring the petitioner from asserting in the district court "that *the claim* is invalid on any ground that the petitioner raised or reasonably could have raised during that *inter partes* review." (emphasis added). Because claims 2 and 21 are not subject to an IPR, there will be no estoppel effect as to those claims, leaving Apple free to rehash invalidity arguments that the PTAB rejected with respect to those claims for which reexamination was instituted. *Cf. Cooper Technologies Co. v. Thomas & Betts Corp.*, No. 2:06-CV-242, 2008 WL 906315, at *2 (E.D. Tex. Mar. 31, 2008) (denying stay where one patent was subject to IPR while a second, related patent was only subject to ex parte review because there would be no estoppel as to the patent in ex parte review); *Widevine Techs., Inc. v. Verimatrix, Inc.*, No. 2:07-CV-321-TJW-CE, 2008 WL 4426484, at *2 (E.D. Tex. Sept. 25, 2008) (similar).

Apple will likely argue that the PTAB's decision as to independent claims 1 and 20 will shed light on the validity of claims 2 and 21, which depend from claims 1 and 20. As court's have recognized, however, dependent claims are still presumed valid in the district court even if the PTAB has invalidated – let alone granted an IPR on - the independent claim. *See, e.g., Wonderland Nurserygoods,* 858 F. Supp. 2d at 464-65 (W.D. Pa. 2012) (citing 35 U.S.C. § 282 and denying a stay where "there are likely two claims—or, at least one . . . that are at issue here that are not subject to the reexamination."). Furthermore, the differing standards for claim construction applied by district courts and the PTAB seriously undermines whatever insight the IPR proceedings might indirectly provide on the scope of claims 2 and 21. *Invensys Systems,* 2014 WL 4477393 at *3 ("[W]hile the added prosecution history may prove useful to this Court in the event that claims are amended, the different standards of claim construction between the PTAB and this Court may discount that value.").[2]

---

[2] Indeed, Apple's IPR petitions included the following disclaimer, which emphasized the distinction between the competing standards:

Put simply, there will be no simplification of this case as a result of the stay, and there is no good legal basis to justify Apple's request to let this case sit without any progress on the Court's docket for as many as three years.   Accordingly, this factor weighs against granting a stay.

### C. A Stay Will Unduly Prejudice Aylus

The Court has previously recognized that Aylus would prejudice Aylus.   In denying to stay the litigation last November, the Court noted that "[o]n the one hand, Aylus might be spared a great deal of expense and effort if PTAB's review *resolved this dispute*," but agreed with Aylus that "staying these proceedings will cause *further expense and delay*, and *will prejudice them* regardless of whether the petition is granted or denied." Dkt. No. 90 at 2 (emphasis added).   As explained above, the PTAB's review necessarily will not "resolve this dispute," because claims 2 and 21 will remain regardless of the outcome of the IPR.   More importantly, the prejudice to Aylus from staying the case has now multiplied many times over.   Aylus would suffer substantial prejudice if all the work it has put into the case thus far—reviewing over 1 million pages of documents and emails (plus several thousand pages' worth of source code), settlement efforts, taking and defending depositions, retaining and disclosing expert witnesses—was suddenly put on ice for years (and much longer if Apple decides it is unhappy with the result of the IPR and appeals the decision).   Indeed, a stay under these circumstances would all but guarantee that fact discovery will need to be reopened, written discovery responses will need to be supplemented, financial information will need to be updated, new versions of the accused products will be

---

"Because the [broadest reasonable interpretation] standard is different from that used in district court litigation, *see In re Am. Acad. of Sci. Tech. Ctr.*, 367 F.3d 1359, 1364, 1369 (Fed. Cir. 2004), the interpretation of the claims presented either implicitly or explicitly herein should not be viewed as constituting Petitioner's own interpretation and/or construction of such claims for the purposes of the underlying litigation. Instead, such constructions in this proceeding should be viewed only as constituting an interpretation of the claims under the "broadest reasonable construction" standard and/or under the Patent Owner's infringement allegations in the underlying litigation. Indeed, Petitioner has presented in the underlying litigation a different interpretation of one or more of the '412 patent claim terms."

Dkt. No. 61-2, Apple IPR Petition at 15-16.

released, and employee witnesses may no longer be under the control of the parties (or possibly even within the Court's subpoena power).

Apple can makes no case of hardship or inequity about being required to go forward on claims that are not subject to IPR—but Aylus faces real prejudice as this case is approaching the two-year mark, fact discovery is essentially over, and the parties have expended enormous resources in developing and proving up their theories. Indeed, the PTAB has 12 months to issue a final written decision on the IPR. 35 U.S.C. § 316(a)(11) (2012). This time may be extended up to an additional six months. *Id.* This scenario would have the IPR conclude three years after the complaint was filed in October of 2016. And, furthermore, either party can appeal the decision of the PTAB to the Federal Circuit. 35 U.S.C. § 319 (2012); 35 U.S.C. § 141(c) (2012). The Federal Circuit can, moreover, remand back to the PTAB, if, for example, it disagrees with the PTAB's claim construction, still further delaying the vindication of Aylus's rights. *See Ultratec, Inc. v. Sorenson Commc'ns, Inc.*, No. 13-cv-346-bbc, 2013 WL 6044407, at *1 (W.D. Wisc. Nov. 14, 2013) ("Altogether, the *inter partes* review procedure may take two years and appeal to the Federal Circuit could extend the timeline further."). A stay in any of these scenarios would <u>severely</u> prejudice Aylus when the claims at issue in this litigation <u>will not</u> be at issue in any of PTAB or potential Federal Circuit proceedings.

## CONCLUSION

Aylus respectfully requests that the Court deny Apple's motion to stay and allow Aylus to proceed with this case solely on claims 2 and 21.

| | | |
|---|---|---|
| 1 | DATED: May 7, 2015 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| 2 | | |
| 3 | | |
| 4 | | By /s/ Amar L Thakur |
| 5 | | Amar L Thakur<br>Attorneys for Plaintiff, |
| 6 | | Aylus Networks, Inc. |

# **CERTIFICATE OF SERVICE**

I hereby certify that I caused a true and correct copy of the foregoing to be served by electronic mail upon the following:

MARK D. FOWLER, Bar No. 124235
mark.fowler@dlapiper.com
CHRISTINE K. CORBETT, Bar No. 209128
christine.corbett@dlapiper.com
ROBERT BUERGI, Bar No. 242910
robert.buergi@dlapiper.com
ERIK R. FUEHRER, Bar No. 252578
erik.fuehrer@dlapiper.com
JONATHAN HICKS, Bar No. 274634
jonathan.hicks@dlapiper.com
**DLA PIPER LLP (US)**
2000 University Avenue
East Palo Alto, CA 94303-2214
Telephone: 650.833.2000
Facsimile: 650.833.2001

ROBERT WILLIAMS, Bar No. 246990
robert.williams@dlapiper.com
**DLA PIPER LLP (US)**
401 B Street, Suite 1700
San Diego, CA 92101-4297
Telephone: (619) 699-2700
Facsimile: (619) 699-2701

Attorneys for Defendant
Apple, Inc.

I declare under penalty of perjury that the foregoing is true and correct. Executed on May 7, 2015, at Redwood Shores, California.

          */s/ Joseph B. Martin*
          Joseph B. Martin