1 MARK D. FOWLER, Bar No. 124235
mark.fowler@dlapiper.com
2 CHRISTINE K. CORBETT, Bar No. 209128
christine.corbett@dlapiper.com
3 ROBERT BUERGI, Bar No. 242910
robert.buergi@dlapiper.com
4 ERIK R. FUEHRER, Bar No. 252578
erik.fuehrer@dlapiper.com
5 JONATHAN HICKS, Bar No. 274634
jonathan.hicks@dlapiper.com
6 **DLA PIPER LLP (US)**
2000 University Avenue
7 East Palo Alto, CA 94303-2214
Telephone: 650.833.2000
8 Facsimile: 650.833.2001

9 ROBERT WILLIAMS, Bar No. 246990
robert.williams@dlapiper.com
10 **DLA PIPER LLP (US)**
401 B Street, Suite 1700
11 San Diego, CA 92101-4297
Telephone: 619.699.2700
12 Facsimile: 619.699.2701

13 Attorneys for Defendant
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AYLUS NETWORKS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>APPLE INC.,<br><br>Defendant. | CASE NO. 3:13-cv-04700-EMC<br><br>**DEFENDANT APPLE INC.'S REPLY BRIEF IN SUPPORT OF ITS RENEWED MOTION FOR STAY OF THE CASE PENDING *INTER PARTES* REVIEW OF U.S. PATENT NO. RE44,412**<br><br>DATE: May 28, 2015<br>TIME: 1:30pm<br>PLACE: Courtroom 5, 17th Floor<br>JUDGE: Honorable Edward M. Chen |

## I. INTRODUCTION

Regardless of how Aylus may attempt to spin the facts in its favor, the bottom line is that the Patent Trial and Appeal Board ("PTAB")'s decision to institute *inter partes* review ("IPR") as to all but two of the asserted claims of the '412 patent warrants staying the litigation. This is especially true because the two remaining claims are dependent claims. Contrary to Aylus's arguments, even if Aylus dismisses all claims except for claims 2 and 21 with prejudice, proceeding to trial as to the two dependent claims will result in a risk of duplicative results and wasted resources.

To that end, in order for Apple to prove invalidity of claims 2 and 21, Apple must prove invalidity as to all elements of independent claims 1 and 20, which are subject to IPR. There can be no dispute that a finding of invalidity as to claims 1 and 20 will significantly narrow the invalidity analysis, as it would be limited to the purported invention of dependent claims 2 and 21. A finding of invalidity as to claims 1 and 20 also will render claims 2 and 21 invalid as a matter of law because these claims add only a conditional limitation that rises and falls with the PTAB's final decision on the IPR. As such, expert reports, motions for summary judgment, pre-trial motions and trial will require analysis, explanation and evidence directed to invalidity of claims 1 and 20. If the PTAB finds claims 1 and 20 invalid, the parties, the Court and the jury will have unnecessarily expended resources on those elements. A better result would be to wait for the PTAB to reach its final decision regarding the claims subject to IPR.

Additionally, a finding of invalidity as to claims 1 and 20 will be critical to the scope of Aylus's alleged damages claim as Aylus's purported invention would then be limited to the narrow "invention" of claims 2 and 21. Moreover, regardless of whether the PTAB finds claims 1 and 20 invalid, Aylus's arguments and statements to the PTAB, and the PTAB's expert opinion, regarding the claims subject to IPR will be crucial to understanding at least the meaning and scope of claims 1 and 20, which are part of claims 2 and 21. This will help inform the Court in deciding issues of (non)infringement, (in)validity and damages.

Furthermore, additional significant work and expenses are yet to be incurred prior to trial, which is over ten months away. Fact discovery is not complete, expert discovery has not started,

and no dispositive motions have been filed. There also is no credible prejudice to Aylus by a stay of this action as Aylus does not contend that it competes with Apple and Aylus does not argue that it cannot be justifiably recompensed through money damages, if any are to be awarded. Therefore, for the reasons discussed in Apple's renewed motion to stay and as set forth below, judicial economy will still be served best by a stay in this case pending the PTAB's final decision on the IPR.

## II. ARGUMENT

### A. A Stay Will Simplify The Issues In This Case

Aylus's decision to assert only dependent claims 2 and 21 at trial and dismiss all other claims with prejudice does not warrant deviating from this Court's routine and prudent practice of staying litigation in light of an instituted IPR. The PTAB instituted IPR of independent claims 1 and 20, from which claims 2 and 21 depend, respectively. Supplemental Declaration of Christine Corbett in support of Apple's Reply in support of its Motion to Stay ("Suppl. Corbett Decl."), Ex. A ('412 patent). As such, discovery, expert reports, motions for summary judgment, pre-trial motions and trial will require an analysis of claims 1 and 20 in order to determine the (non)infringement, (in)validity and alleged damages of dependent claims 2 and 21. *See Pragmatus Telecom, LLC v. NETGEAR, Inc.*, No. C 12–6198 SBA, 2013 WL 2051636, *2 (N.D. Cal. May 14, 2013) ("a stay request is not contingent upon…resolving every claim and issue…. Rather, the salient question is whether the reexamination will aid the Court or otherwise streamline the litigation.").

First, in order to prove invalidity of dependent claims 2 and 21, Apple must prove that ***all*** of the elements of claims 1 and 20 are satisfied. Claims 2 and 21 recite only one limitation beyond their parent claims, as follows:

> The method of claim [1 or 20], wherein the CPP logic is invoked to negotiate media content delivery between the MS and the MR if the MS and MR are both in communication with the UE via a local wireless network.

As such, the parties (and the Court and jury) must analyze all of the elements of independent claims 1 and 20 to render claims 2 and 21 invalid. Such analysis is no small feat as claims 1 and

20 provide the vast majority of the limitations of claims 2 and 21. Specifically, claim 1 requires:

> 1. A method of controlling and delivering media content from the media server (MS) to a media rendered (MR) utilizing a wide area network for control, comprising the acts of:
> provisioning a serving node in the *wide area* network with control point (CP) logic that includes logic to negotiate media content delivery with at least one of the MS and the MR, wherein the CP logic, MS, and MR resides outside of a user endpoint (UE) and the CP logic resides in the signaling domain and serves as a first proxy;
> provisioning the UE of the *wide area* network with control point proxy (CPP) logic that includes (i) logic to negotiate media content delivery with at least one of the MS and the MR, (ii) logic to cooperate with CP logic to negotiate media content delivery between the MS and the MR, and (iii) video cassette recorder (VCR) controls to control a presentation of content provided by the MS and rendered by the MR, wherein the CPP logic resides in the UE and serves as a second proxy;
> in response to a media content delivery request, a determining a network context of the UE and a network connectivity of the MS and MR;
> invoking the CPP logic and the CP logic to cooperatively negotiate media content delivery between the MS and the MR if one of the MS and MR are not in communication with the UE via a local wireless network; and
> once media content delivery is negotiated, controlling a presentation of delivery via the VCR controls on the UE.

Supp. Corbett Decl., Ex. A ('412 patent) at 24:37-63. Put simply, if the case is not stayed, the parties will expend significant resources in expert reports and motions for summary judgment addressing claims 1 and 20, which are subject to IPR.[1] And, more importantly, the jury will be forced to analyze claims 1 and 20 for purposes of determining invalidity of claims 2 and 21. A stay as to the entirety of this action will allow the PTAB to reach its final decision regarding the invalidity of claims 1 and 20, which is expected one month after the start of the jury trial in this action.

<u>Second</u>, if the PTAB finds that claims 1 and 20 are invalid, claims 2 and 21 will be invalid

---

[1] The Court's May 7, 2015 Order Denying Defendant's Motion to Shorten Time stayed "all discovery related to" claims other than 2 and 21. However, because claims 2 and 21 are dependent claims, as a practical matter, all discovery is still proceeding.

as a matter of law.  Specifically, claims 2 and 21 are method claims that each recite the step "wherein the CPP logic is invoked to negotiate media content delivery between the MS and the MR <u>if</u> the MS and MR are both in communication with the UE via a local wireless network." Supp. Corbett Decl., Ex. A at 24:64-67, 26:15-18 (emphasis added).  This type of limitation—where the performance of an action (invoking the CPP logic to negotiate media content delivery between the MS and the MR) is conditioned upon an event (the MS and MR are both in communication with the UE via a local wireless network)—is referred to as a "conditional" limitation.  Where, as here, the conditional event may not occur, the conditional limitation is not entitled to patentable weight.  *Ex parte Llorente*, Appeal 2012-012674, 2015 WL 1325518 at *2 (PTAB Mar. 20, 2015) ("conditional steps … are entitled to no patentable weight"); *Ex parte de Vriendt*, Appeal 2012-007086, 2015 WL 294310 at *4 (PTAB Jan. 21, 2015) ("[T]he [limitation at issue] is a conditional limitation predicated on the private name server failing. … [B]ecause the [method step] is conditional on an event that may not occur … the conditional step is not entitled to patentable weight."); *Ex parte Fleming III*, Appeal 2014-002849, 2014 WL 7146104 at *1 (PTAB Dec. 12, 2014) ("because the performance of step (c) is conditional on an event that may not occur, step (c) is optional and is not entitled to patentable weight").  Accordingly, if the PTAB finds that claims 1 and 20 are invalid, claims 2 and 21 will be invalid as a matter of law because the additional limitation of each of claims 2 and 21 has no patentable weight.  The IPR therefore may result in claims 2 and 21 necessarily being found invalid, which can be efficiently addressed by the Court at that time through a concise motion for summary judgment of invalidity.

<u>Third</u>, a stay as to the entire action is still appropriate because the IPR proceeding will be instructive to the parties, the Court and the jury as to the scope of dependent claims 2 and 21. Indeed, (non)infringement of claims 2 and 21 will focus on independent claims 1 and 20. Moreover, regardless of whether claims 1 and 20 survive IPR, statements made both by Aylus and the PTAB regarding these claims will provide the Court and the jury with invaluable evidence regarding the scope of dependent claims 2 and 21.  *See Target Therapeutics, Inc. v. SciMed Life Sys., Inc.*, No. C-94-20775 RPA (EAI), 1995 WL 20470, at *2 (N.D. Cal. Jan. 13,

1995).

Fourth, the invalidity of claims 1 and 20 will be critical to the scope of damages in this case. As set forth above, dependent claims 2 and 21 offer a narrow additional limitation in addition to what is already claimed in claims 1 and 20. If the PTAB finds that either claims 1 and 20 are invalid, then the value of the contribution to the art that can be attributed to dependent claims 2 and 21 will be dramatically decreased, and the scope of damages in the case will narrow significantly. This is particularly important in this case wherein Aylus has sought financial information as to all accused iPhones, iPads, iPod Touches, Apple TVs and all of Apple's iTunes revenue related to video content – even though the accused functionality relates to one feature of Apple's iOS software and does not drive demand for any of Apple's sales of its iTunes video content or iOS devices. The PTAB's decision regarding the invalidity of independent claims 1 and 20 could thus significantly narrow the scope of alleged damages and Aylus will no longer be able to argue that it made a significant contribution to the technological field, and will be limited to contending a nuanced and slight addition to the state of the art.

It therefore would be a duplicative waste of the Court's resources (and potentially juror time) and would not make sense to continue litigating claims 2 and 21 while the IPR is pending. This factor weighs heavily in Apple's favor.

**B. There Is Still A Significant Amount Of Work Remaining In This Case**

While fact discovery is near complete, there is still a significant amount of work and expenses remaining in this case. The parties have not finished fact discovery, expert discovery is yet to start, and no dispositive motions have been filed. This case is not on the eve of trial, which still lies over ten months away. Although initial claim construction has been completed, there is a strong probability that the parties will need to engage in additional claim construction to resolve additional terms not covered in the Court's January 2015 claim construction order. As argued in Apple's motion, the significant amount of work remaining in the case does not warrant continuing the expense of litigation during the IPR proceeding. The parties will expend significant resources in expert discovery, dispositive motions, pre-trial motions, trial preparation, and the trial itself.

And, more importantly, substantial amounts of the Court's time and effort will be unnecessarily expended on hearings (for further claim construction, dispositive motions, motions *in limine*, *Daubert* motions, etc.), the pre-trial conference, and trial. *See PersonalWeb Tech. v. Facebook*, 2014 WL 116340, *3-4 (N.D. Cal. Jan. 13, 2014) (finding that although a claim construction order had been issued and the close of fact discovery was "fast approaching," a stay was granted because of the substantial portion of work that remained).

Importantly, as noted in Apple's motion, the Court should evaluate the stage of the case as of the time the defendant filed its motion to stay. *VirtualAgility, Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1316-17 (Fed. Cir. 2014). Aylus does not dispute that the proper measure of the stage of the litigation is at least when the renewed motion was first filed on April 23, 2015, at which time close of fact discovery was well more than a month away, no depositions had been taken, trial was nearly a year away, and written discovery was still ongoing.[2] The procedural posture at the properly measured stage of litigation weighs in favor of granting a stay of the case.

### C. A Stay Will Not Unduly Prejudice Aylus Or Present A Clear Tactical Disadvantage

Aylus would neither be unduly prejudiced nor tactically disadvantaged by a stay of the case. As discussed in Apple's motion, the "delay inherent to the reexamination process does not constitute, by itself, undue prejudice." *Orinda Intellectual Prop. USA Holding Grp., Inc. v. Sony Elecs. Corp.*, No. 09-cv-04920-EDL, 2010 WL 3184375, *4 (N.D. Cal. Oct. 4, 2007). Aside from this inherent delay, Aylus can point to nothing that would remotely qualify as undue prejudice to Aylus. To date, Aylus has never argued that Apple is a direct competitor in the marketplace, that Apple has taken any sales away from Aylus, or that Aylus has lost profits due to Apple's alleged infringement. Rather, Aylus admits that Apple is not a competitor and that it has not lost profits or sales due to Apple's alleged infringement. Suppl. Corbett Decl., Ex. B at 9-10. Aylus did not seek a preliminary injunction to prevent Apple from further sales of its allegedly infringing products. Aylus has thus indicated by its inaction that it can be justifiably

---

[2] Apple filed its original motion to stay on September 30, 2014. At that time, the parties and the Court had not yet expended significant resources regarding claim construction or fact discovery.

recompensed through money damages, if any are to be awarded. Aylus does not dispute this fact anywhere in its opposition. Moreover, Aylus's alleged prejudice by needing to supplement written discovery and update financial information can hardly be characterized as a "prejudice." Aylus has no financial information to update. It also is unclear what written discovery Aylus believes will require supplementation. Aylus's alleged prejudice regarding "new versions of the accused products" being released also is disingenuous. Aylus is no longer an operating company. As such, Apple's release of "new versions of the accused products" will have no impact on Aylus. And, finally, other than making a conclusory statement, Aylus does not identify any specific prejudice that would result out of "employee witnesses may no longer be under the control of the parties (or possibly even within the Court's subpoena power)." Because Aylus can point to no credible facts that would rise to the level of undue prejudice or a tactical advantage, this factor weighs in favor of a stay.

### III. CONCLUSION

For the foregoing reasons and the reasons stated in Apple's Renewed Motion to Stay, the case should be stayed in its entirety pending the final outcome of the IPR.

Dated: May 14, 2015    DLA PIPER LLP (US)


By: */s/ Christine K. Corbett*
    MARK D. FOWLER
    CHRISTINE K. CORBETT
    ROBERT BUERGI
    ROBERT WILLIAMS
    ERIK R. FUEHRER
    JONATHAN HICKS
    Attorneys for Defendant Apple Inc.