United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AYLUS NETWORKS, INC., <br><br>    Plaintiff, <br><br>  v. <br><br> APPLE INC., <br><br>    Defendant. <br> _____/ | No. C-13-4700 EMC <br><br> **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR LEAVE TO AMEND ITS INVALIDITY CONTENTIONS; AND DENYING DEFENDANT'S MOTION TO STAY** <br><br> **(Docket Nos. 119, 123)** |

For the reasons stated on the record on May 28, 2015, and as supplemented for the reasons stated herein, Defendant's motion to amend its invalidity contentions is **GRANTED** in part and **DENIED** in part; and Defendant's motion to stay is **DENIED** in its entirety.

A.    Motion to Amend

Patent Local Rule 3-6 provides that amendment of either infringement or invalidity contentions "may be made only by order of the Court upon a timely showing of good cause." To show good cause, Apple bears the burden of showing that it "acted with diligence in promptly moving to amend" after a circumstance supporting amendment occurs. *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1363 (Fed. Cir. 2006); *CBS Interactive, Inc. v. Etilize, Inc.*, 257 F.R.D. 195, 201 (N.D. Cal. 2009) ("The party seeking to amend its contentions bears the burden of establishing diligence"). When, as here, a court adopts the proposed construction of the non-moving party, the "diligence of the moving party is measured from the day the moving party received the proposed constructions, not the date of the issuance of the Court's claim construction

opinion." *France Telecom S.A.*, 2014 WL 1899616, at *4 (N.D. Cal. May 12, 2014) (citing *Cisco Sys., Inc. v. Teleconference Sys., LLC.*, 2012 WL 9337627, at *3 (N.D. Cal. June 11, 2012)).

Accordingly, Apple's diligence is assessed from when it received Aylus's proposed constructions[1] – *i.e.* July 24, 2014. That date is over eight months prior to when it filed its motion to amend – *i.e.* April 3, 2015. An eight month delay is not diligent. *See O2 Micro*, 467 F.3d at 1366 (finding three month delay not diligent); *see also Trans Video Electronics, Ltd. v. Sony Electronics, Inc.*, 278 F.R.D. 505, 508 (N.D. Cal. 2011) aff'd, 475 F. App'x 334 (Fed. Cir. 2012) (finding four month delay not diligent). Without diligence Apple cannot show good cause and cannot carry its Rule 3–6 burden. *O2 Micro Int'l Ltd.*, 467 F.3d at 1363. Therefore, the Court **DENIES** Apple's motion to amend as to its request to identify three new prior art products. Apple's other basis for leave – to clarify the relevance of their previously disclosed prior art references – is unopposed and **GRANTED**.

B.  Motion to Stay

The Court denies Apple's motion to stay for, *inter alia*, two reasons. First, this case is in an advanced stage. The parties have already exchanged infringement and invalidity contentions; the Court has already construed the disputed terms of the patent-in-suit; discovery is all but complete; and a trial date is set. In short, this case is no longer "in an early stage of proceedings," and thus a stay is disfavored. *Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, 2014 WL 121640, at *2 (N.D. Cal. Jan. 13, 2014) (explaining that a case in an earlier stage of proceedings was sufficiently advanced as to weigh against a stay) (citing *Telemac Corp. v. Teledigital, Inc.*, 450 F. Supp. 2d 1107, 1111 (N.D. Cal. 2006)).

---

[1] The Court notes that Apple's assertion that it could not have expected the Court might adopt Aylus's constructions is undermined by the fact that Apple itself adopted and presented Aylus's constructions when applying for *inter partes* review of the '412 patent. Even if the Court were persuaded (which it is not) that Apple acted diligently in ignoring the constructions set forth in Aylus's *Markman* brief; Apple would still need to show that it acted diligently after adopting and advocating Aylus's constructions themselves.

However, because Apple adopted these constructions in its September 29, 2014 application to the PTAB – nearly seven months before moving to amend – Apple cannot make this showing of diligence either.

Second, a stay will not necessarily simplify the litigation. Two of Aylus's infringement claims are predicated on claims of the '412 patent that are not under review; in fact, the PTAB declined to institute inter partes review of those specific claims. Regardless of the result of IPR, these claims will have to be addressed in this suit. Moreover, if the stay is denied, Aylus has agreed to dismiss – with *prejudice* – all of the claims upon which review was granted. Aylus's proposal would narrow the scope of the case, simplify proceedings, and substantially discount any benefit to granting the stay. *See generally Telemac*, 450 F.Supp.2d at 1111. Accordingly, the Court **DENIES** Apple's motion to stay pending IPR.

This order disposes of Docket Nos. 119 and 123.

IT IS SO ORDERED.

Dated: June 2, 2015

_____
EDWARD M. CHEN
United States District Judge