UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AYLUS NETWORKS, INC.,<br><br>    Plaintiff,<br><br>  v.<br><br>APPLE INC.,<br><br>    Defendant. | Case No.  13-cv-04700-EMC   (KAW)<br><br>**ORDER DENYING PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL**<br><br>(Dkt. No. 138) |

Plaintiff Aylus Networks, Inc. filed an Administrative Motion to File Documents Under Seal on June 11, 2015. (Dkt. No. 138.) Plaintiff seeks to seal those portions of the parties' "Joint Letter Brief Regarding Inadequate Rule 30(b)(6) Testimony." (Pl.'s Mot. at 1.) Plaintiff claims that the Joint Discovery Letter Brief contains material that Defendant Apple Inc. has designated as "HIGHLY CONFIDENTIAL - Attorney's Eyes Only" under the court's protective order issued on May 8, 2014, Dkt. No. 46. For the reasons set forth below, the Court DENIES Plaintiff's motion.

Plaintiff's motion fails to comply with several procedural requirements set forth under Civil Local Rule 79-5(d)(1), which requires that a party's administrative motion to seal be accompanied by the following attachments: (a) A declaration establishing that the document sought to be filed under seal, or portions, thereof, are sealable; (b) A proposed order that is narrowly tailored to seal only the sealable material, and which lists in table format each document or portion thereof that is sought to be sealed; (c) A redacted version of the document that is sought to be filed under seal, which shall prominently display the notation "REDACTED VERSION OF DOCUMENT(S) SOUGHT TO BE SEALED"; (d) An unredacted version of the document sought to be filed under seal, which must indicate, by highlighting or other clear method, the portions of

the document that have been omitted from the redacted version, and prominently display the notation "UNREDACTED VERSION OF DOCUMENT(S) SOUGHT TO BE SEALED."

Here, Plaintiff filed its Administrative Motion to File Documents Under Seal, attaching only a document titled "Joint Letter Brief Regarding Inadequate Rule 30(b)(6) Testimony", which includes an unredacted letter brief in which certain portions of text are highlighted.[1] (Dkt. No. 138.) Plaintiff's filing is deficient for several reasons.

First, although Civil Local Rule 79-5(d)(1)(A) does not apply in this instance since Plaintiff is seeking to file under seal a document designated as confidential by Defendant, Civil Local Rule 79-5(e) nevertheless governs Plaintiff's motion. Specifically, Civil Local Rule 79-5(e) provides that if Plaintiff is seeking to file under seal a document designated as confidential by Defendant pursuant to a protective order, Plaintiff's declaration in support of the Administrative Motion to File Under Seal must identify the document or portions thereof which contain the designated confidential material and identify the party that has designated the material as confidential. Here, Plaintiff's motion lacks such a declaration, and the declaration submitted by Defendant as required by Civil Local Rule 79-5(e)(1) does not satisfy Plaintiff's obligation under Civil Local Rule 79-5(e). Therefore, Plaintiff must submit a declaration that complies with Civil Local Rule 79-5(e).

Second, Plaintiff's proposed order fails to comply with Civil Local Rule 79-5(d)(1)(B), which requires that a proposed order be narrowly tailored to seal only sealable material, and lists in table format each document or portion thereof that is sought to be sealed. Here, in addition to the fact that Plaintiff filed its proposed order a day after filing its motion, the proposed order fails to list in table format each portion of the document sought to be sealed. Accordingly, Plaintiff must submit a proposed order that complies with the local rules.

Finally, Plaintiff failed to comply with Civil Local Rules 79-5(d)(1)(C) and 79-5(d)(1)(D), since it did not include a redacted and unredacted version of the document sought to be filed under

---

[1] The Court notes that the Joint Letter Brief was submitted in the "track changes" format in Microsoft Word. Upon refiling, the parties should submit the Joint Letter Brief without the "track changes" designation.

1  seal.  Plaintiff should submit these documents with its motion, clearly displaying the notation
2  "REDACTED/UNREDACTED VERSION OF THE DOCUMENT(S) SOUGHT TO BE
3  SEALED."
4      Accordingly, Plaintiff's Administrative Motion to File Documents Under Seal is DENIED
5  without prejudice.  Plaintiff shall correctly file the motion, including the appropriate attachments,
6  within four days of the date of this order.
7      IT IS SO ORDERED.
8  Dated: June 26, 2015

                                          _____
                                          KANDIS A. WESTMORE
                                          United States Magistrate Judge