UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

AYLUS NETWORKS, INC.,

    Plaintiff,

v.

APPLE INC.,

    Defendant.

Case No.  13-cv-04700-EMC   (KAW)

**ORDER TERMINATING JOINT DISCOVERY LETTER BRIEF**

Re: Dkt. No. 143

    The parties to the above-captioned case have filed a joint discovery letter brief.  (Joint Ltr., Dkt. No. 143.)  They dispute whether Apple's Rule 30(b)(6) deponents were adequately prepared to testify on Topic No. 11, which concerns "[t]he design, development, function, operation and use of AirPlay."  (*Id.* at 2.)

    Aylus specifically requests that Apple be compelled to designate a witness who is prepared to give competent testimony or to provide a complete response to Interrogatory No. 13.  (*Id.* at 5.)  Apple asserts that Aylus has waived its right to request further deposition testimony, or alternatively, that Aylus' request should be denied because it is impossible to provide the requested testimony.  (*Id.* at 9.)

    The parties' filing, however, does not conform to this Court's General Standing Order.  As the Court has previously explained, the parties must address disputes concerning different discovery devices in separate joint letters.  (*See* Feb. 25, 2015 Order at 1 n.1 ("To avoid any confusion in the future, the parties are on notice that disputes concerning distinct discovery devices should be briefed in separate joint letters.") (citing Judge Westmore's General Standing Order ¶ 13 ("The parties shall file a separate joint letter for each discovery dispute (i.e. if the parties have disputes regarding specific interrogatories and requests for production, they must file

two letters.")).)  Additionally, neither party cites any legal authority for its respective position. (*See* Judge Westmore's General Standing Order ¶ 13(c) ("With respect to each issue relating to the unresolved dispute, a detailed summary of each party's final substantive position and their final proposed compromise on each issue, including relevant legal authority.").)  Aylus also does not propose a compromise[1] or substantively respond to Apple's proposed compromise, which is to provide supplemental interrogatory responses to identify certain exemplary scenarios.  (*See* Joint Letter.)  Accordingly, the parties' joint letter is TERMINATED.

If Aylus seeks responses in addition to those which Apple has agreed to provide in their above-referenced compromise, the parties shall address the issues noted above in a further joint letter, and only after **lead trial counsel** have met and conferred on Apple's proposed compromise. (*See* Judge Westmore's General Standing Order ¶ 12.)  Apple shall also consider whether the individual who will provide the supplemental interrogatory responses should be made available for deposition.

The parties are reminded that any filing must conform to the Court's General Standing Order.  It shall also include a copy of the deposition notice at issue and a copy of the stipulation which purportedly limited the scope of one of the Rule 30(b)(6) depositions.

IT IS SO ORDERED.

Dated: 07/08/2015

*[signature]*

KANDIS A. WESTMORE
United States Magistrate Judge

---

[1] This is not the first time Aylus has failed to include a proposed compromise in a discovery letter. *See* March 12, 2015 Order at 2, Dkt. No. 114.