UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AYLUS NETWORKS, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>APPLE INC.,<br><br>    Defendant. | Case No. 13-cv-04700-EMC   (KAW)<br><br>**ORDER REGARDING DISCOVERY LETTER BRIEF**<br><br>Re: Dkt. No. 177 |

## I.  BACKGROUND

On February 13, 2015, the presiding judge issued a case management and pretrial order in this patent infringement case. (Case Mgmt. & Pretrial Order, Dkt. No. 108.) Pursuant to the order, expert reports were due on August 7, 2015, and rebuttal expert reports were due on September 9, 2015. (*Id.* at 2.) The expert discovery cut-off was set for September 29, 2015. (*Id.*) The day after that deadline, the parties stipulated to extend the expert discovery cut-off, and the presiding judge extended the deadline to October 16, 2015.[1] (Stip. & Order, Dkt. No. 175.) Trial is set for March 28, 2016. (Case Mgmt. and Pretrial Order at 1.)

Aylus timely served the report of its technical expert, Daniel Schonfeld, on August 7, 2015. (Joint Ltr. at 1.) Apple deposed Dr. Schonfeld on September 23, 2015. (*Id.*) On September 28, 2015, one day prior to the original expert discovery cut-off but before the extended deadline for expert discovery, Aylus served a "First Supplemental Expert Report of Dan Schonfeld Regarding the Infringement of the Asserted Claims of U.S. Patent No. RE44, 412" (the

---

[1] In their stipulation, the parties indicated that they had agreed to depose Dr. Schonfeld on October 16, 2015. Stip. & Order at 1. In the instant joint letter, the parties confirmed that the second day of Dr. Schonfeld's deposition was scheduled to proceed on that date. Joint Ltr. at 1, 8.

1  "Supplemental Report"). (*Id.*) Apple now asks that the Supplemental Report be stricken. (*Id.*)

## II.   LEGAL STANDARD

Under Rule 26(e)(2), "[f]or an expert whose report must be disclosed under Rule 26(a)(2)(B), the party's duty to supplement extends both to information included in the report and to information given during the expert's deposition. Any additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due." Rule 26(a)(3)(B) requires that pretrial disclosures be made at least 30 days before trial unless the presiding judge orders otherwise.

"Rule 37(c)(1) gives teeth to these requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed." *Hoffman v. Constr. Protective Servs.*, 541 F.3d 1175, 1179 (9th Cir. 2008) (internal quotations and citation omitted). Rule 37(c)(1) provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

## III.   DISCUSSION

Apple argues that the Supplemental Report should be stricken on the grounds that (1) it is untimely because it contains new opinions regarding joint infringement that could have, and should have, been raised in Dr. Schonfeld's opening report, which was filed by the August 7th deadline, (2) that Aylus has no justifiable excuse for the delayed disclosure, and (3) that it is prejudiced by the Supplemental Report. (Joint Ltr. at 2.) These arguments are unpersuasive.

Apple's first argument fails because it concedes that the Federal Circuit's en banc opinion in *Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020 (Fed. Cir. 2015), which Aylus claims provides the basis for the Supplemental Report, "modified one aspect of" the control or direction standard for joint infringement. (Joint Ltr. at 4.) "On a claim for direct infringement of a method patent, the court will hold an entity responsible for others' performance of method steps under two circumstances: (1) where that entity directs or controls others' performance, and (2) where the actors form a joint enterprise." *Id.* at 1022 (footnote omitted). The Federal Circuit held

that in cases turning on the former, "liability under § 271(a) can also be found when an alleged infringer conditions participation in an activity or receipt of a benefit upon performance of a step or steps of a patented method and establishes the manner or timing of that performance." *Id.* at 1023. In such cases, "the third party's actions are attributed to the alleged infringer such that the alleged infringer becomes the single actor chargeable with direct infringement." *Id.* In light of Apple's concession and the timing of the *Akamai* decision, Apple's argument that Dr. Schonfeld's Supplemental Report is untimely is unpersuasive. He could not have included opinions based on an August 13, 2015 decision in a report that was due on August 7, 2015.

For this reason, Apple's reliance on *Medtronic Vascular, Inc. v. Abbott Cardiovascular Systems, Inc.*, No. C-06-1066 PHJ (EMC), 2009 WL 1463426, at * 1 (N.D. Cal. May 29, 2009) is misplaced. The supplemental report at issue in that case was not preceded by a change in "one aspect" of the relevant law. *See id.* Rather, the supplemental report was offered because the expert had made the deliberate decision to use a simplified model. *Id.* It is difficult to see how Dr. Schonfeld could have made a deliberate decision not to base his opinions on a court decision that was not issued until August 13, 2015, after the deadline for his opening report. In any event, the Supplemental Report was served prior to the original deadline for expert discovery, September 29, 2015, and well before the extended deadline of October 16, 2015, which coincides with the date the parties were scheduled to continue day two of Dr. Schonfeld's deposition.[2]

Apple's second argument also fails. It contends that Aylus has no justifiable excuse for the timing of the Supplemental Report because even if characterized as a rebuttal to the non-infringement opinions of Apple's expert, Dr. Polish,[3] Dr. Schonfeld's opinions should have been raised in his opening report, as Aylus bears the burden of proof on the issue of infringement. (Joint Ltr. at 4.) Again, this argument ignores the timing of the *Akamai* decision.

Apple's third argument also lacks merit. Apple claims that it is prejudiced by the

---

[2] Even if the Supplemental Report were untimely under the presiding judge's scheduling order, Aylus could seek leave to modify it under Rule 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.").

[3] The Court notes that Dr. Polish had the benefit of the *Akamai* decision prior to serving his expert report. *See* Corbett Decl., Ex. D, Polish Report ¶ 290, Dkt. No. 192.

3

Supplemental Report because Aylus is effectively circumventing the presiding judge's scheduling order and will not have an opportunity to respond.[4] (*Id.* at 4-5.) Here, however, Dr. Schonfeld's Supplemental Report is harmless. Apple has indicated that it was scheduled to continue the second day of Dr. Schonfeld's deposition on October 16, 2015, and it has not argued that it would not have an adequate opportunity to question Dr. Schonfeld about his Supplemental Report, or any questions he did not adequately answer during his September 23 deposition, on that day.

Additionally, Aylus represents that Dr. Polish may serve a sur-rebuttal report, that it waives the right to depose him about any such report, and it will not file a *Daubert* motion with respect to it so as not to disturb the pre-trial schedule. (Joint Ltr. at 8.) All of this mitigates any possible prejudice to Apple.

To the extent Apple wishes to prepare a new rebuttal report to respond to Dr. Schonfeld's Supplemental Report, the parties may, as they have previously, prepare a stipulation requesting a brief extension of the expert discovery deadline for that limited purpose. (*See, e.g.*, Stip. & Order, Dkt. No. 175.) If necessary, Aylus shall make Dr. Schonfeld available for a continued deposition on a date mutually agreeable to the parties. If Apple elects to depose Dr. Schonfeld once more, that should be included in any stipulation presented to the presiding judge.

### IV.   CONCLUSION

For the reasons set forth above, Apple's request to strike Dr. Schonfeld's supplemental report is DENIED.

IT IS SO ORDERED.

Dated: 10/30/2015

_____
KANDIS A. WESTMORE
United States Magistrate Judge

---

[4] On October 19, 2015, the parties filed summary judgment motions and *Daubert* motions, which are set to be heard by the presiding judge on December 10, 2015. The Court notes that Apple does not argue it has suffered prejudice in connection with these motions due to the Supplemental Report.