UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AYLUS NETWORKS, INC., <br>     Plaintiff, <br> v. <br> APPLE INC., <br>     Defendant. | Case No. 13-cv-04700-EMC (KAW) <br><br> **ORDER REGARDING DISCOVERY LETTER BRIEF** <br><br> Re: Dkt. No. 178 |

The parties to the above-captioned case have filed a joint discovery letter brief in which Aylus seeks to strike the design alternatives section of the report prepared by Apple's technical expert, Dr. Nathaniel Polish. For the reasons set forth below, the request is DENIED.

## I. BACKGROUND

On February 13, 2015, the presiding judge issued a case management and pretrial order in this patent infringement case. (Case Mgmt. & Pretrial Order, Dkt. No. 108.) Pursuant to the order, fact discovery was set to close on June 4, 2015.[1] (*Id.* at 1.) Expert reports were due on August 7, 2015, and rebuttal expert reports were due on September 9, 2015. (*Id.* at 2.) The expert discovery cut-off was set for September 29, 2015. (*Id.*) On that day, the parties stipulated to extend the expert discovery cut-off, and the presiding judge extended the deadline to October 16, 2015. (Stip. & Order, Dkt. No. 175.) Trial is set for March 28, 2016. (Case Mgmt. and Pretrial Order at 1.)

On September 9, 2015, Dr. Polish served a non-infringement report in this case. (Joint Ltr. at 1, Dkt. No. 178.) Section XII of the report addresses "design alternatives to the accused

---

[1] On June 1, 2015, the parties stipulated to extend that deadline in order to conduct certain limited discovery, which the presiding judge approved on June 2, 2015. Stip. & Order at 4, Dkt. No. 136.

products that would not infringe the asserted claims if Apple is found to infringe any of the asserted claims." (*Id.* at 1, Ex. D, Polish Report ¶¶ 295-301.) In this section, Dr. Polish identifies "at least one design alternative to the accused products that would not infringe the asserted claims and would preserve all of the accused functionality." (Polish Report ¶ 295.) Aylus now asks that Section XII of the report be stricken. (Joint Ltr. at 1.)

## II.     LEGAL STANDARD

Rule 26(e) of the Federal Rules of Civil Procedure requires all parties to supplement or correct their initial disclosures, expert disclosures, pretrial disclosures, and responses to discovery requests "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e).

"Rule 37(c)(1) gives teeth to these requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed." *Hoffman v. Constr. Protective Servs.*, 541 F.3d 1175, 1179 (9th Cir. 2008) (internal quotations and citation omitted). Rule 37(c)(1) provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

## III.    DISCUSSION

Aylus argues that Section XII of Dr. Polish's report should stricken pursuant to Federal Rule of Civil Procedure 37(c)(1) because Apple did not provide information on any design alternatives in response to Aylus' Interrogatory No. 8 and or produce a 30(b)(6) witness on the topic. (Joint Ltr. at 1.) Aylus asserts that it did not pursue the issue further "as Apple had responded to Interrogatory No. 8 that it had not designed or implemented any design-around to the '412 patent." (*Id.* at 1-2.) Aylus contends that in light of Apple's refusal to provide information on any design alternatives in response to the interrogatory or to produce a witness in response to the 30(b)(6) notice, Apple cannot now offer a design alternative "on the eve of trial." (*Id.* at 2.) Aylus

claims that allowing Section XII of Dr. Polish's report at this stage of the case would require a fact deposition of Colin Meldrum, a second deposition of Dr. Polish, a rebuttal report from Dr. Schonfeld, a potential rebuttal report from Aylus' damages expert, and re-setting the *Daubert* and summary judgment deadlines, which will jeopardize the parties' trial date.  (*Id.* at 4.)

Interrogatory No. 8 reads:

> For the Patent-In-Suit, identify and explain in detail each design-around and/or alleged alternative technology or method that can be used as an alternative to the patented technology, including but not limited to: (1) a description of the alleged design-around; (2) a description of when and how the alleged design-around was developed; (3) the identity of individuals involved in developing the alleged design-around, including their titles and departments if they are or were Apple employees; (4) dates when the alleged design-around was incorporated into Apple's products; and (5) each product available on the market simultaneously with the Accused Instrumentalities that would have been an acceptable non-infringing alternative for customers who purchased the Accused Instrumentalities.

(Joint Ltr., Ex. A at 5.) [2]

Apple asserts that "[t]here is no dispute that the parties agreed to forego contention interrogatories during fact discovery."  (Joint Ltr. at 5.)  It construed Interrogatory No. 8 as "contain[ing] two different requests—one relating to design-arounds and one relating to products available in the market that 'would have been acceptable non-infringing alternatives.'"  (Joint Ltr. at 3, Ex. E.)  Apple agreed to supplement its responses to the first request on February 27, and it indicated it would respond to the second request during expert discovery.  (*Id.*)  Apple's fifth supplemental response to the interrogatory, served on May 18, 2015, was:

> The parties have agreed not to seek non-burden contentions, including discovery regarding alleged alternative technology or method that can be used as an alternative to the patented technology, during fact discovery and agreed to seek such contentions only during expert discovery.
> Regarding alleged design-arounds, Apple has not designed or implemented any design-around to the '412 patent because no Apple products infringe any valid claim of the '412 patent.  All other responsive information regarding alleged design-arounds is subject to attorney-client privilege or work product protection.

(Joint Ltr., Ex. A at 6.)

The relevant topic in Aylus' 30(b)(6) deposition notice concerned "[a]ll information

---

[2] In Exhibit A to the parties' joint letter, Interrogatory No. 8 is mis-numbered as Interrogatory No. 1, but it is immediately followed by Apple's "Response to Interrogatory No. 8" and its "First Supplemental Response to Interrogatory No. 8."

3

relating to considered and/or implemented non-infringement alternatives to the patent-and-suit [*sic*]." (Joint Ltr., Ex. B at 54.) Apple's response to the topic was:

> Apple specifically incorporates its General Objections herein as if fully set forth in response to this Topic. Apple objects to this Topic to the extent it calls for a legal conclusion or expert testimony. Apple objects to this Topic to the extent that it requests information regarding products or services outside of the scope of this case. Apple objects to this Topic on the ground that it is vague, overly broad as to subject matter and unduly burdensome to the extent that it requests "all" information. Apple objects to the terms "patent-and-suit" (sic) and "all information" as vague and ambiguous, and overly broad. Apple objects to this Topic on the ground that it is overly broad as to time. Apple objects to this Topic to the extent that it seeks information that is neither relevant to nor reasonably calculated to lead to the discovery of admissible evidence and/or extends beyond the subject matter of this case. Apple objects to this Topic to the extent that it seeks disclosure of confidential information from third parties that Apple is under an obligation not to disclose. Apple objects to this Topic to the extent it requests information that is not in Apple's possession, custody or control. Apple objects to this Topic on the ground that it seeks information protected by the attorney-client privilege, work product doctrine, common interest doctrine, or any other applicable privilege or immunity.

(Joint Ltr., Ex. B at 54-55.)

Apple contends that its responses were accurate at the time they were made, as the design-around at issue here was not conceived by Apple until its damages expert, James Malackowski, requested information regarding any design alternatives for the purposes of his damages analysis. (Joint Ltr. at 5, 6.) In response to that request, Dr. Polish, Apple, and its counsel identified the design-around that Dr. Polish presented in Section XII. (*Id.* at 7.) Aylus notes that at his deposition, Mr. Malackowski testified that he spoke to Dr. Polish about design-arounds "maybe a month or so before [his] report." (*Id.* at 2, Ex. C, Malackowski Dep. 208:17-209:17.) Mr. Malackowski's report is dated September 9, 2015, and based on that date and his deposition testimony, Apple's duty to supplement was triggered on or about August 10, 2015.[3] *See Responsive Innovations, LLC v. Hotlzbrinck Publishers, LLC*, 4:08CV1184, 2014 WL 1237737, at * 2 (N.D. Ohio Mar. 25, 2014) ("Once Defendants did in fact create a design around or, at the

---

[3] This undermines Aylus' argument that its 30(b)(6) notice, and Interrogatory No. 8, nonetheless required Apple to disclose any design-arounds, irrespective of whether they existed at the time. Thus, Apple could not have disclosed any design-arounds during fact discovery. For this reason, the Court need not address the parties' arguments regarding their agreement as to when they expected to exchange such information.

4

latest offered for sale the design-around, then their duty to supplement was triggered."). Disclosure of that information one month later in Dr. Polish's report, well before expert discovery was originally set to close on September 29, 2015 and well in advance of the parties' March 28, 2016 trial date, seems timely. *Cf. Responsive Innovations, LLC*, 2014 WL 1237737, at * 2 ("By admitting the design-around was offered for sale at the beginning of 2011 and admitting that they waited until the end of 2012 to disclose this information to Plaintiffs, Defendants did not supplement in a timely manner.").

Even if Apple's disclosure were untimely, however, the Court nonetheless finds that Apple has met its burden of demonstrating harmlessness. As Apple notes, Dr. Polish's report was served on September 9, 2015, leaving Aylus plenty of time address it by the October 19, 2015 deadline for *Daubert* and summary judgment motions.[4] If Aylus has elected to ignore the report in its briefing, it cannot now complain that its decision necessitates a change in the trial schedule. Moreover, Apple states, and Aylus does not dispute, that Aylus had the opportunity to depose Dr. Polish regarding the design-around. Nonetheless, in case Aylus requires additional time to depose him on the topic, Apple will make Dr. Polish available for a limited deposition. Apple has also proposed to make Colin Meldrum, the employee who confirmed the feasibility of Dr. Polish's proposed design-around, available for a limited deposition, and to that end, the parties may, as they have done before, prepare a stipulation requesting leave to conduct these two depositions outside the applicable discovery cut-offs. *See, e.g.*, Dkt. Nos. 136, 175.

Apple also highlights that Dr. Schonfeld already gave deposition testimony regarding the design-around in Dr. Polish's report. Joint Ltr., Ex. G, Schonfeld Dep. Having reviewed the deposition testimony, it appears Dr. Schonfeld is adequately familiar with the relevant section of Dr. Polish's report. Given that Dr. Schonfeld had an understanding of the design-around at the time of his September 23, 2015 deposition, the additional rebuttal report that Aylus claims will have to be prepared can be completed well in advance of the parties' March 28, 2016 trial. The same can be said of the rebuttal report that Aylus' damages expert may need to prepare, as Apple's

---

[4] The October 19, 2015 deadline was stipulated to by the parties and approved by the presiding judge on July 24, 2015. Stip & Order at 4, Dkt. No. 160.

damages expert report is dated, and was presumably served, on September 9, 2015. *See* Joint Ltr., Ex. F, Malackowski Report. Accordingly, whatever additional discovery the parties may have to complete in light of Section XII of Dr. Polish's report can be completed well in advance of the scheduled trial date, mitigating any possible prejudice to Aylus.

In light of the above, Apple shall make Colin Meldrum available for a limited deposition of no more than 4 hours. On Aylus' request, Apple shall also make Dr. Polish available for a limited deposition of no more than 2 hours. The parties shall prepare a stipulation to the presiding judge seeking leave to conduct these additional depositions, and if applicable, to exchange any necessary rebuttal reports.

### IV.   CONCLUSION

For the reasons set forth above, Aylus' request to strike Section XII of Dr. Polish's report is DENIED.

IT IS SO ORDERED.

Dated: 11/02/2015

_____
KANDIS A. WESTMORE
United States Magistrate Judge