UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AYLUS NETWORKS, INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>APPLE INC.,<br><br>　　　　Defendant. | Case No. 13-cv-04700-EMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO SEAL**<br><br>Docket No. 256 |

## I.   INTRODUCTION

On February 4, 2016, Defendant Apple, Inc. filed its motion for an exceptional case finding and an award of attorney's fees and costs. Docket No. 257. Apple also filed an administrative motion to seal certain portions of the motion and attached exhibits. Docket No. 256. Having reviewed Apple's filings, the Court **GRANTS** in part and **DENIES** in part Apple's motion to file under seal.

## II.   DISCUSSION

A.   Applicable Legal Standard

In determining whether to grant a motion to file under seal, the Court "must conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (citation and internal modifications omitted). Where the records pertain to a dispositive motion, sealing must be justified by a compelling reason and supported by an articulated factual basis. *Id.* "Compelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate

libelous statements, or release trade secrets." *Id.*

The presumption of the public's right of access is rebutted when at issue is a non-dispositive motion. *Id.* at 1179. The rationale is that "the public has less of a need for access to court records attached only to non-dispositive motions because these documents are often unrelated, or only tangentially related, to the underlying cause of action." *Id.* Thus, "[t]he public policies that support the right of access to dispositive motions, and related materials, do not apply with equal force to non-dispositive materials." *Id.* However, even a party seeking to seal materials related to non-dispositive motions must still show good cause by making a "particularized showing" that "*specific* prejudice or harm" will result should the information be disclosed. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1131 (9th Cir. 2003); *see also Kamakana*, 447 F.3d at 1186.

B.   Application of the Good Cause Standard

The Court now applies the good cause standard to the materials sought to be sealed in Apple's administrative motion, because no dispositive motion is at issue.

1.   Motion for Attorney's Fees (Page 8)

The Court grants the motion to seal with respect to page 8 of Apple's motion for attorney's fees. The redacted information pertains to Apple's proprietary information, and the Court previously permitted such information to be sealed with respect to Apple's motion for summary judgment.

2.   Motion for Attorney's Fees (Page 10)

The Court denies the motion to seal with respect to page 10 of Apple's motion for attorney's fees. Apple seeks to redact the number of hours spent on litigating the case. As explained by numerous courts in this district, attorney rates and hours are generally not considered privileged information that is sealable. *See Linex Techs., Inc. v. Hewlett-Packard Co.*, No. C-13-159, 2014 WL 6901744, at *1 (N.D. Cal. Dec. 8, 2014) (denying motion to seal hours and billing rates as to non-dispositive motion for attorney's fees); *Ferrington v. McAfee, Inc.*, Nos. 10-cv-1455-LHK, 11-cv-721-LHK, 2013 WL 3814474, at *2 (same); *Travelers Prop. Cas. Co. of Am. v. Centex Homes*, No. 11-cv-3638-SC, 2013 WL 707918, at *2 (N.D. Cal. Feb. 26, 2013) (noting

1  that billing rates and number of hours billed was non-privileged information); *Real v. Cont'l Grp.,*
2  *Inc.*, 116 F.R.D. 211, 214 (N.D. Cal. 1986) ("simply the number of hours billed, the parties' fee
3  arrangement, costs and total fees paid do not constitute privileged information."). Instead, "[i]t is
4  commonplace for the number of hours billed and the hourly rate of attorneys to be openly filed on
5  court dockets; without this information the final fees award appears to be drawn from thin air."
6  *Linex Techs., Inc.*, 2014 WL 6901744, at *1. Furthermore, Apple provides no particularized
7  showing of a specific harm that will result from the disclosure of the number of hours spent on this
8  case since May 2015. For these reasons, the Court denies Apple's motion to seal page 10, and will
9  require that this page be filed on the public docket with no redactions.

        3.      <u>Corbett Declaration</u>

The Court denies the motion to seal with respect to the Corbett Declaration. Apple seeks to redact the number of hours spent on litigating the case, the billing rates, and generalized descriptions of tasks. In support of its request to seal, Apple contends that the information is "confidential and proprietary business information that could be used by DLA Piper's competitors to its disadvantage, as disclosure of the redacted information will reveal confidential rate and business information." Docket No. 256-1 (Corbett Dec. ISO Mot. to Seal) at ¶ 3. Apple also argues that such information "could be used by Apple's competitors to its disadvantage." Docket No. 258 (Moore Dec. ISO Mot. to Seal) at ¶ 4.

As discussed above, the number of hours spent litigating a case and billing rates are not considered proprietary information. Furthermore, in *Muench Photography, Inc. v. Pearson Education, Inc.*, the court rejected similar arguments in a motion for fees and costs. Case No. 12-cv-1927-WHO, 2013 U.S. Dist. LEXIS 178495 (N.D. Cal. Dec. 18, 2013). For example, the court rejected the defendant's argument that disclosure of negotiated billing rates would be prejudicial, stating that the defendant "does not adequately explain why disclosure of Pearson's 'negotiated billing structures' would prejudice it or how 'competitors could imitate or exploit their knowledge of this information for their own financial gain and, accordingly, to the detriment of Pearson and its attorneys." *Id.* at *5. The court also was "unclear [on] how disclosure of mundane descriptions of typical attorney tasks, such as '[r]eview and revise documents and reports' or 'confer with

[attorney] re: same and collection and production of documents,' even taken as a whole, reveals sensitive information or confidential litigation strategy." *Id.* In short, absent a particularized showing of harm, the court was not persuaded that sealing was necessary.

Here, Apple provides no specific information on how disclosure of negotiated billing rates will be used by its competitors to Apple's disadvantage. Further, the task descriptions that Apple seeks to have sealed are generalized descriptions of typical attorney tasks, *i.e.*, "Draft and revise updated case management statements," "continue to research Aylus's factual allegations," "Prepare position statements for the following joint letter briefs," and "Draft and oppose motions for summary judgment." Corbett Dec. at ¶ 7. Like the court in *Muench Photography, Inc.*, this Court is unclear on how disclosure of such information will reveal sensitive information or confidential litigation strategy. It is also unclear how a general description of what area each attorney focused on, *i.e.*, Mr. Fowler "overseeing" all aspects of the litigation and Ms. Corbett managing the development of case strategy, would reveal sensitive information or confidential litigation strategy. Corbett Dec. at ¶¶ 11-18. The summary of the work performed per month is equally general, *i.e.*, "case management," "Technical expert discovery disclosures," "Review motion briefs," and "Legal research." *Id.* at ¶ 25. Absent a particularized showing of specific prejudice or harm that Apple or its attorneys will suffer from disclosure of such generalized information, the Court will deny Apple's motion to seal. The Corbett Declaration must be filed on the public docket with no redactions.

4. <u>Corbett Declaration, Exhibits A and B</u>

The Court grants the motion to seal the Corbett Declaration, Exhibits A and B. The redacted information pertains to Apple's proprietary information, and the Court previously permitted such information to be sealed with respect to Apple's motion for summary judgment.

///
///
///
///
///

4

### III. CONCLUSION

As the *Muench Photography, Inc.* court observed, "[the defendant] is not allowed to petition the Court for fees but hide from the public the basis for its request." 2013 U.S. Dist. LEXIS 178495, at *7. For the reasons stated above, the Court **GRANTS** in part and **DENIES** in part Apple's motion to seal.

This order disposes of Docket No. 256.

**IT IS SO ORDERED**.

Dated: March 30, 2016

_____
EDWARD M. CHEN
United States District Judge